Reed R. Kathrein (139304)
Peter E. Borkon (212596)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
peterb@hbsslaw.com

Steve W. Berman (admitted *Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 8th Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

*Counsel for Plaintiffs and Proposed Lead Counsel for the Class*

[Additional counsel appear on signature page.]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRUCE MACDONALD, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DYNAMIC LEDGER SOLUTIONS, INC., a Delaware corporation, TEZOS STIFTUNG, a Swiss Foundation, KATHLEEN BREITMAN, an Individual, ARTHUR BREITMAN, an Individual, TIMOTHY COOK DRAPER, an individual, DRAPER ASSOCIATES, JOHANN GEVERS, DIEGO PONZ, GUIDO SCHMITZ-KRUMMACHER, BITCOIN SUISSE AG, NIKLAS NIKOLAJSEN  and DOES 1-100, INCLUSIVE,<br><br>Defendants. | Case No. 3:17-cv-07095-RS<br><br>**CERTIFICATION REGARDING NOTICE** |

Where a plaintiff seeks a temporary restraining order without notice, the movant's attorney must, *inter alia*, "certif[y] in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. Proc. 65(b)(1)(B).

ND Cal Civ Local R 65–1(b) further states:

> "Unless relieved by order of a Judge for good cause shown, on or before the day of an ex parte motion for a temporary restraining order, counsel applying for the temporary restraining order must deliver notice of such motion to opposing counsel or party."

I, Reed Kathrein, counsel to movant Bruce MacDonald hereby certify as follows:

**A.  Plaintiff Has Made Best Efforts To Give Actual Notice of This Application**

Plaintiff has given notice or attempted to give notice to each of the Defendants of the date and substance of this Application by sending a copy of the complaint and this Application at approximately 3:15 p.m. PST on Wednesday, December 13, 2017 and by following up with a phone call or voicemail to counsel (if known) to each of the Defendants as follows. Each notice sent to Defendants additionally informed the party or counsel of all substantive information known to Plaintiffs regarding this Application, namely: the intention to seek a TRO, the date and approximate time known to Plaintiffs (morning of December 14, 2017), and the nature of the relief to be requested. Plaintiffs made extensive efforts to obtain all available contact information for each of the Defendants in the short time frame necessitated by the relief requested by reviewing counsel appearances in the related actions, and publicly available information regarding Defendants and/or their representation by counsel.

- **DYNAMIC LEDGER SOLUTIONS, INC.**: Notice of this Application was sent via email to counsel representing Defendant Dynamic Ledger Solutions, Inc. in the related action as follows:

  Daniel Louis Sachs
  COOLEY LLP
  1299 Pennsylvania Ave NW

CERTIFICATION REGARDING NOTICE - 1
Case No.: 3:17-cv-07095-JSC

Suite 700
Washington, DC 20004
Telephone: (202) 728-7114
Facsimile:  (202) 842-7899
Email: dsachs@cooley.com

Jeffrey Michael Kaban
Patrick Edward Gibbs
Samantha Anne Kirby
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 843-5000
Facsimile:  (650) 849-7400
Email: kabanjm@cooley.com
   pgibbs@cooley.com
   skirby@cooley.com

On December 13, 2017, Patrick Gibbs, counsel for Dynamic Ledger Solutions replied by email stating that Dynamic Ledger Solutions "will oppose any application for a temporary restraining order, and we wish to be heard in opposition to any such application." A copy of Mr. Gibbs' email is attached hereto as Exhibit A.

- **KATHLEEN BREITMAN**: Notice of this Application was sent via email, as well as with a follow-up voicemail, to counsel representing Defendant KATHLEEN BREITMAN as follows:

    Brian E. Klein (258486)
    Scott M. Malzahn (229204)
    BAKER MARQUART LLP
    2029 Century Park East, Suite 1600
    Los Angeles, CA 90067
    Telephone: (424) 652-7814
    Facsimile:  (424) 652-7850
    Email: bklein@bakermarquart.com
       smalzahn@bakermarquart.com

- **ARTHUR BREITMAN**: Notice of this Application was sent via email, as well as with a follow-up voicemail, to counsel representing Defendant ARTHUR BREITMAN as follows:

    Brian E. Klein (258486)

CERTIFICATION REGARDING NOTICE - 2
Case No.: 3:17-cv-07095-JSC

Scott M. Malzahn (229204)
BAKER MARQUART LLP
2029 Century Park East, Suite 1600
Los Angeles, CA 90067
Telephone: (424) 652-7814
Facsimile:  (424) 652-7850
Email: bklein@bakermarquart.com
        smalzahn@bakermarquart.com

- **TIMOTHY COOK DRAPER**: Notice of this Application was sent via email to all known email addresses of Defendant TIMOTHY COOK DRAPER as follows:

    plans@draper.vc; timothy@dfj.com; mail@drapervc.com; timothy.draper@msn.com; tim@drapervc.com; tdraper@prosper.com; and tim@prosper.com.

- **DRAPER ASSOCIATES**: Notice of this Application was sent via email to all known email addresses of Defendant DRAPER ASSOCIATES as follows:

    plans@draper.vc; timothy@dfj.com; mail@drapervc.com; timothy.draper@msn.com; tim@drapervc.com; tdraper@prosper.com; and tim@prosper.com.

- **TEZOS STIFTUNG (aka TEZOS FOUNDATION)**:  Notice of this Application was sent via email to all known email addresses and contact information of Defendant TEZOS STIFTUNG as follows:

    Contact@tezos.ch; support@tezos.ch.

- **JOHANN GEVERS**: Notice of this Application was sent via email to all known email addresses and contact information of Defendant JOHANN GEVERS as follows:

    johann@gevers.net; johann@monetas.net; jgevers@monetas.net; johann.gevers@monetas.net; johanngevers@monetas.net.

- **DIEGO PONZ:** Notice of this Application was sent via email to all known email addresses and contact information of Defendant DIEGO PONZ as follows:

    Contact@tezos.ch; support@tezos.ch

- **GUIDO SCHMITZ-KRUMMACHER**: Notice of this Application was sent via email to all known email addresses and contact information of Defendant GUIDO SCHMITZ-KRUMMACHER as follows:

    guido.schmitz-krummacher@krummacher.com; guido.schmitz-

CERTIFICATION REGARDING NOTICE - 3
Case No.: 3:17-cv-07095-JSC

krummacher@talentory.com; guido@addcon.nl; guidoschmitzkrummacher@addcon.nl;

gschmitzkrummacher@addcon.nl; guidos@addcon.nl;

guido.schmitzkrummacher@addcon.nl.

- **BITCOIN SUISSE AG**: Notice of this Application was sent via email to all known email addresses and contact information of Defendant BITCOIN SUISSE AG as follows: inquiry@bitcoinsuisse.ch.

- **NIKLAS NIKOLAJSEN**:   Notice of this Application was sent via email to all known email addresses and means of contact information of Defendant NIKLAS NIKOLAJSEN as follows: inquiry@bitcoinsuisse.ch; via Twitter message at @nikolajsen_btcs; via LinkedIn https://www.linkedin.com/in/niklas-nikolajsen-0a452848/; and via Facebook message https://www.facebook.com/nnikolajsen

Aside from Mr. Gibbs (counsel for DLS), no other Defendant or counsel for Defendant has responded or indicated their opposition to this TRO Application.

### B.  Notice Should Not Be Required

Notwithstanding Plaintiffs' best efforts (described above) to provide notice to the opposing counsel or parties in this action, good cause exists to relieve Plaintiffs of any duty to provide notice. Notice should not be required for all the reasons set forth in the accompanying Application, which are incorporated by reference as though fully set forth herein.[1] In particular, it is necessary for this Court to take immediate action without notice to Defendants because:

- Given the nature of the cryptocurrency assets held by Defendants, Defendants could, in a matter of minutes, abscond with the entirety of the ICO proceeds by transferring, converting or selling the assets to unidentifiable and untraceable third parties. This is a very real possibility should Defendants feel that their ill-gotten gains are threatened.

- Many of the named Defendants are resident in Switzerland and appear to have chosen that location specifically as an (ultimately unsuccessful) means of attempting to evade U.S.

---

[1] Capitalized terms below have the same meaning as in the Application.

CERTIFICATION REGARDING NOTICE - 4
Case No.: 3:17-cv-07095-JSC

securities regulations. Plaintiff intends to move expeditiously to effect service but there will likely be delays in serving some or all of the foreign Defendants.[2]

- Plaintiff and the putative class cannot afford to wait. The remedy they seek is a rescission of the Bitcoin, Ethereum and other cryptocurrency asserts paid in the Tezos ICO. And those assets are being dissipated already. Defendants Arthur and Kathleen have accused Defendant Gevers of "self-dealing, self-promotion, and conflicts of interest." The Breitmans suggested further that Gevers was "enriching" himself through an unjustified seven-figure "bonus." Gevers has fired back—accusing the Breitmans of "character assassination," "misleading statements and outright lies" and accusing his fellow board members, Ponz, and Schmitz-Krummacher of an "illegal coup." The Foundation appears to have fired its auditors and has provided no explanation why.

- Moreover, Defendants have also stated their intent to spend at least $50 million on "investments" into Tezos-related companies, and to spend additional Tezos foundation assets obtained from the ICO on personal legal fees related to this and other actions.

- Most critically: two days ago—December 12, 2017—Reuters reported that Defendant Schmitz-Krummacher had resigned from the three-member board of the Tezos Foundation—the entity that currently holds the investor funds at issue. Schmitz-Krummacher's replacement will be handpicked by Defendant Gevers. By choosing a compliant director, Gevers can gain effective majority control of the Tezos Foundation's board—creating a significant risk to the assets that rightfully belong to Plaintiff and other class members.

Accordingly, for the reasons outlined above, notice should not be required. Nonetheless, Plaintiffs have made every possible effort to provide all the notice feasible without unnecessarily delaying the request for relief. Any further attempts to give notice to Defendants will inevitably be objected to as insufficient, meanwhile Defendants will have more time to engage in the exact same looting and dissipation of ICO proceeds complained of in the accompanying TRO Application. Without immediate judicial intervention, Defendants may completely consume or dissipate the illegally obtained ICO proceeds, leaving Plaintiff and the Class with no remedy.

Dated: December 14, 2017                          /s/ Reed Kathrein
                                                  Reed Kathrein

---

[2] Pursuant to Rules 4(f)(3) and 4(h)(2) of the Federal Rules of Civil Procedure, Plaintiff intends to seek leave of Court to serve foreign defendants through electronic service rather than the Hague Convention process. *See generally Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007 (9th Cir. 2002)."

CERTIFICATION REGARDING NOTICE - 5
Case No.: 3:17-cv-07095-JSC