UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE MACDONALD, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DYNAMIC LEDGER SOLUTIONS, INC., a Delaware corporation, TEZOS STIFTUNG, a Swiss Foundation, KATHLEEN BREITMAN, an Individual, ARTHUR BREITMAN, an Individual, TIMOTHY COOK DRAPER, an individual, DRAPER ASSOCIATES, JOHANN GEVERS, DIEGO PONZ, GUIDO SCHMITZ-KRUMMACHER, BITCOIN SUISSE AG, NIKLAS NIKOLAJSEN and DOES 1-100, INCLUSIVE,<br><br>Defendants. | Case No. 3:17-cv-07095-RS<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S** *EX PARTE* **APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE** |

This matter comes before the Court on the application of Plaintiff Bruce MacDonald ("Plaintiff") for a temporary restraining order (the "Application"). Plaintiff asks the Court to enter an order freezing all assets of Defendants[1] collected via or derived from the Tezos Initial Coin Offering (the "Tezos ICO" and the "ICO Proceeds," respectively) and restraining and enjoining Defendants from selling, transferring, converting, encumbering, or otherwise disposing of any of the ICO Proceeds or taking any action to authorize anyone else to sell, transfer, convert, encumber, or otherwise dispose of any of the ICO Proceeds until Plaintiff has had sufficient time to conduct appropriate discovery in preparation for a preliminary injunction hearing and this Court issues a ruling on its Order to Show Cause Why a Preliminary Injunction Should Not Issue.

Having reviewed the materials submitted and being fully advised, the Court GRANTS Plaintiff's application as follows:

1. The Court GRANTS the Application, finding that Plaintiff has shown (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in Plaintiff's favor, and (4) an injunction is in the public interest.

2. This Order is granted pursuant to Federal Rule of Civil Procedure 65 and the Court's general equitable power.

3. The Court hereby FREEZES all assets of Defendants that are ICO Proceeds and RESTRAINS AND ENJOINS Defendants and any persons or entities acting on their behalf from selling, transferring, converting, encumbering, or otherwise disposing of any of the ICO Proceeds or taking any action to authorize anyone else to sell, transfer, convert, encumber or otherwise dispose of any of the ICO Proceeds.

---

[1] Defendants are Dynamic Ledger Solutions, Inc. ("DLS"), Tezos Stiftung (the "Tezos Foundation"), Kathleen Breitman, Arthur Breitman, Timothy Cook Draper, Draper Associates, Johann Gevers, Diego Ponz, Guido Schmitz-Krummacher, Bitcoin Suisse AG, and Niklas Nikolajsen.

4. This Order shall take effect immediately and shall remain in effect pending the Show Cause Hearing in Paragraph 6 or further order of this Court. Defendants may apply to the Court for dissolution or modification of this Order on three court days' notice to Plaintiff.

5. Plaintiff is directed to file proof of bond in the amount of $1,000 no later than 5:00 p.m. on _____. The bond shall serve as security for all claims with respect to this Order.

6. Defendants are ordered to appear in the United States District Court for the Northern District of California, San Francisco Courthouse, Courtroom 3 – 17th Floor, 450 Golden Gate Avenue, San Francisco, CA on _____ at _____ _.m. Pacific Time and show cause why the Court should not enter a preliminary injunction imposing the terms set forth in Paragraph 3 above pending trial in this action.

7. Defendants shall serve and file any papers in opposition to the continued restraint not later than _____ _.m. Pacific Time on _____. Plaintiff shall file any reply not later than _____ _.m. Pacific Time on _____.

8. Plaintiff shall serve all Defendants with this Order no later than _____. If service on any Defendant is impossible within that timeframe, notwithstanding good-faith efforts, Plaintiff shall make best efforts to ensure constructive notice to such Defendant(s) and shall file a motion for leave to attempt substituted service by electronic or other means as soon as possible.

**DATED:**                                         _____
                                                   The Hon. Richard Seeborg
                                                   United States District Judge

Presented by:

DATED: December 14, 2017  **HAGENS BERMAN SOBOL SHAPIRO LLP**

By: /s/ *Reed R. Kathrein*
Reed R. Kathrein (139304)
Peter E. Borkon (212596)
Danielle Charles (291237)
715 Hearst Ave., Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
Email: reed@hbsslaw.com
         peterb@hbsslaw.com
         daniellec@hbsslaw.com

Steve W. Berman
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
Email: steve@hbsslaw.com

Jason M. Leviton (*pro hac vice to be submitted*)
Joel A. Fleming (281264)
Jacob A. Walker (271217)
**BLOCK & LEVITON LLP**
155 Federal Street, Suite 400
Boston, MA 02110
Telephone: (617) 398-5600
Facsimile:  (617) 507-6020
Email: jason@blockesq.com
         joel@blockesq.com
         jake@blockesq.com

*Attorneys for Plaintiffs*