1 | Reed R. Kathrein (139304)
2 | Peter E. Borkon (212596)
  | HAGENS BERMAN SOBOL SHAPIRO LLP
  | 715 Hearst Avenue, Suite 202
3 | Berkeley, CA 94710
  | Telephone: (510) 725-3000
4 | Facsimile:  (510) 725-3001
  | reed@hbsslaw.com
5 | peterb@hbsslaw.com

6 | Steve W. Berman (admitted *Pro Hac Vice*)
  | HAGENS BERMAN SOBOL SHAPIRO LLP
7 | 1918 8th Avenue, Suite 3300
  | Seattle, WA 98101
8 | Telephone: (206) 623-7292
  | Facsimile:  (206) 623-0594
9 | steve@hbsslaw.com

*Counsel for Plaintiffs and Proposed Lead Counsel for the Class*

[Additional counsel appear on signature page.]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE MACDONALD, Individually and on Behalf of All Others Similarly Situated,<br><br>                                    Plaintiff,<br><br>   v.<br><br>DYNAMIC LEDGER SOLUTIONS, INC., a Delaware corporation, TEZOS STIFTUNG, a Swiss Foundation, KATHLEEN BREITMAN, an Individual, ARTHUR BREITMAN, an Individual, TIMOTHY COOK DRAPER, an individual, DRAPER ASSOCIATES, JOHANN GEVERS, DIEGO PONZ, GUIDO SCHMITZ-KRUMMACHER, BITCOIN SUISSE AG, NIKLAS NIKOLAJSEN  and DOES 1-100, INCLUSIVE,<br><br>                                    Defendants. | Case No. 3:17-cv-07095-RS<br><br>***EX PARTE* APPLICATION FOR LEAVE TO EFFECT ELECTRONIC SERVICE ON DEFENDANTS RESIDENT OUTSIDE THE UNITED STATES; MEMORANDUM OF POINTS AND AUTHORITIES** |

|   |   |
|---|---|
| 1 | **MOTION** |
| 2 | TO ALL PARTIES AND THEIR COUNSEL OF RECORD: |
| 3 | Plaintiff Bruce MacDonald ("Plaintiff") moves this Court pursuant to Rules 4(f)(3) and |
| 4 | 4(h)(2) of the Federal Rules of Civil Procedure and Local Rule 7-10 for an order permitting Plaintiff |
| 5 | to effect electronic service on non-U.S.-resident defendants: Tezos Stiftung, Johann Gevers, Diego |
| 6 | Ponz, Guido Schmitz-Krummacher, Bitcoin Suisse AG and Niklas Nikolajsen (collectively, the |
| 7 | "Swiss Defendants"). |
| 8 | This Application is based on this Application, the Memorandum of Points and Authorities |
| 9 | filed concurrently herewith, all of the pleadings, files, and records in this proceeding, all other |
| 10 | matters of which the Court may take judicial notice and any additional argument or evidence that |
| 11 | may be presented to or considered by the Court prior to its ruling. |

DATED: December 15, 2017

HAGENS BERMAN SOBOL SHAPIRO LLP

By:   /s/ *Reed R. Kathrein*
Reed R. Kathrein (139304)
Peter E. Borkon (212596)
Danielle Charles (291237)
715 Hearst Ave., Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
Email:  reed@hbsslaw.com
            peterb@hbsslaw.com
            daniellec@hbsslaw.com

Jason M. Leviton, *pro hac vice to be submitted*
Joel A. Fleming (281264)
Jacob A. Walker (271217)
BLOCK & LEVITON LLP
155 Federal Street, Suite 400
Boston, MA 02110
Telephone: (617) 398-5600
Email:  jason@blockesq.com
            joel@blockesq.com
            jake@blockesq.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

*Attorneys for Plaintiff*

APPLICATION FOR LEAVE TO EFFECT ELECTRONIC SERVICE - 1
Case No.: 17-cv-07095-RS
010721-11 1005010 V1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On December 14, 2017, the Court set a hearing on Plaintiff's *ex parte* application for a temporary restraining order ("TRO") for Tuesday, December 19, 2017. ECF No. 10.  Plaintiff has provided email notice to all Defendants of the application and the Court's order.  He is diligently attempting to serve all U.S. resident defendants, including Dynamic Ledger Solutions, Inc. (whose counsel has confirmed receipt of the email notice), Arthur Breitman and Kathleen Breitman (whose counsel have not responded), and Timothy Cook Draper and Draper Associates (whose counsel are unknown and who have not responded).  The remaining defendants— Defendants Tezos Stiftung, Johann Gevers, Diego Ponz, Guido Schmitz-Krummacher, Bitcoin Suisse AG and Niklas Nikolajsen (collectively, the "Swiss Defendants")—are believed to be resident in Switzerland.

The fastest, constitutionally adequate method of serving the Swiss Defendants is for the Court to order that Plaintiff may serve the Swiss Defendants electronically (*i.e.*, by email and, in the case of certain Defendants, LinkedIn and Twitter).  This procedure is authorized for non-U.S.-resident defendants by Rules 4(f)(3) and Rule 4(h)(2) of the Federal Rules of Civil Procedure[1] and the Ninth Circuit[2] and has been approved as a method of serving Swiss-based defendants by multiple courts in this district and elsewhere. *See* cases cited *infra*.

Finally, it is appropriate to grant this application on an ex parte basis and the Court should do so, in order that the Swiss Defendants can be served before the December 19 hearing. *See, e.g.*, *Chanel, Inc. v. Lin*, No. C-09-04996 JCS, 2010 WL 2557503, at *3 (N.D. Cal. May 7, 2010) ("Plaintiff filed its Ex Parte Application for Order Authorizing Alternate Service of Process on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3) on November 24, 2009.  In the Application, Plaintiff requested an order allowing service of process via electronic mail pursuant to

---

[1] Rule 4(f)(3) of the Federal Rules of Civil Procedure provides that "an individual . . . may be served at a place not within any judicial district of the United States . . . by other means not prohibited by international agreement, **as the court orders**."  Similarly, Rule 4(h)(2) permits service of a corporation "at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)."

[2] *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002).

Rule 4(f)(3) . . . On December 2, 2009, this Court issued an Order Authorizing Alternate Service of Process on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3)."); *Bank Julius Baer & Co. Ltd v. Wikileaks*, No. C 08-00824 JSW, 2008 WL 413737, at *2 (N.D. Cal. Feb. 13, 2008) ("Plaintiffs' ex parte application re service is GRANTED to the extent it seeks to effectuate service via email without requirement of return receipt.").

**II.    ARGUMENT**

**A.    Rule 4(f)(3) Authorizes Court-Ordered Service On Foreign Defendants By Any Means Not Prohibited By International Agreement**

Rule 4(f)(3) of the Federal Rules of Civil Procedure provides that "an individual . . . may be served at a place not within any judicial district of the United States . . . by other means not prohibited by international agreement, as the court orders." Similarly, Rule 4(h)(2) permits service of a corporation "at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)."

Service under Rule 4(f)(3) is "neither a last resort nor extraordinary relief." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). To the contrary, "court-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2)" and "the advisory notes indicate the availability of alternate service of process under Rule 4(f)(3) without first attempting service by other means." *Id.* Of particular relevance here, "the advisory notes suggest that in cases of 'urgency,' Rule 4(f)(3) may allow the district court to order a 'special method of service,' even if other methods of service remain incomplete or unattempted." *Id.*; *see also Brown v. China Integrated Energy, Inc.*, 285 F.R.D. 560, 563 (C.D. Cal. 2012) ("A plaintiff need not pursue other methods of service before requesting that the court authorize an alternative method under Rule 4(f)(3)."); *Williams-Sonoma Inc. v. Friendfinder Inc.*, No. C06-06572 JSW, 2007 WL 1140639, at *2 (N.D. Cal. Apr. 17, 2007) ("Although . . . a plaintiff must obtain court approval before attempting to effect service Rule 4(f)(3) before service will be considered effective, a plaintiff is not first required to attempt service under Rule 4(f)(1) or Rule 4(f)(2).").

APPLICATION FOR LEAVE TO EFFECT ELECTRONIC SERVICE - 2
Case No.: 17-cv-07095-RS
010721-11 1005010 V1

**B.     Service By Email On Swiss Defendants Is Not Prohibited By International Agreement and Comports With Due Process**

"Service by email alone comports with due process where," as here, "a plaintiff demonstrates that the email is likely to reach the defendant." *F.T.C. v. PCCare247 Inc.*, No. 12 CIV. 7189 PAE, 2013 WL 841037, at *4 (S.D.N.Y. Mar. 7, 2013) (collecting cases); *Rio Properties*, 284 F.3d at 1017 ("Considering the facts presented by this case, we conclude not only that service of process by email was proper—that is, reasonably calculated to apprise RII of the pendency of the action and afford it an opportunity to respond—but in this case, it was the method of service most likely to reach RII.").

Email service is also not prohibited by international agreement.  The Swiss Defendants are all residents in Switzerland, which is a signatory to the Hague Convention and has objected to service by "postal channels."  *See* United States Department of State, Judicial Assistance Country Information: Switzerland (last updated Nov. 15, 2013) ("In its Declarations and Reservations on the Hague Service Convention, Switzerland formally objected to service under Article 10, and does not permit service via postal channels."), available at: https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Switzerland.html.

But as multiple courts have recognized—in this district and elsewhere—email is not a postal channel.[3]  *See, e.g.*, *Sulzer Mixpac AG v. Medenstar Indus. Co.*, 312 F.R.D. 329, 331 (S.D.N.Y. 2015) (adopting "the reasoning of several courts that have declined to extend countries' objections to specific forms of service permitted by Article 10 of the Hague Convention, such as postal mail, to service by other alternative means, including email."); *AMTO, LLC v. Bedford Asset Mgmt., LLC*, No. 14-CV-9913, 2015 WL 3457452, at *7 (S.D.N.Y. June 1, 2015) (permitting service by email on Russian defendant despite Russia's objection to service by postal channels); *F.T.C. v. Pecon Software Ltd.*, No. 12 CIV. 7186 PAE, 2013 WL 4016272, at *5 (S.D.N.Y. Aug. 7, 2013) ("Service by email and Facebook are not among the means listed in Article 10, and India has not specifically objected to them.  Numerous courts have held that service by email does not violate any international

---

[3] Nor is a message sent via Twitter or LinkedIn—the additional methods by which Plaintiff proposes to serve Defendants Johann Gevers, Guido Schmitz-Krummacher, and Niklas Nikolajsen.

APPLICATION FOR LEAVE TO EFFECT ELECTRONIC SERVICE - 3
Case No.: 17-cv-07095-RS
010721-11 1005010 V1

1    agreement where the objections of the recipient nation are limited to those means enumerated in
2    Article 10."; permitting email service on Indian defendant where India had objected to service by
3    postal channels) (collecting cases); *Gurung v. Malhotra*, 279 F.R.D. 215, 220 (S.D.N.Y. 2011) ("the
4    [Government of India's] objection to service through postal channels does not amount to an express
5    rejection of service via electronic mail.  Several other courts have found service by electronic mail
6    appropriate where a signatory nation has not objected to that specific means of service.");
7    *Friendfinder*, 2007 WL 1140639, at *2  (permitting service by email on defendants in India,
8    Switzerland, notwithstanding those countries' objections to service by postal channels).

9          Multiple courts have specifically approved email service on Swiss defendants. *See, e.g.*, *Sec.*
10   *& Exch. Comm'n v. Craven*, No. 1:15-MC-0004-GNS, 2015 WL 9275741, at *1 (W.D. Ky. Dec. 18,
11   2015) (recognizing that "[p]ursuant to Article 10 of the Hague Convention, Switzerland has objected
12   to the SEC's service of legal documents by mail," yet permitting service by email); *Marchex Sales,*
13   *Inc. v. Tecnologia Bancaria, S.A.*, No. 1:14-CV-1306, 2015 WL 3793731, at *5 (E.D. Va. June 15,
14   2015) ("Following a hearing before the undersigned magistrate judge on February 20, 2015, the court
15   granted the motion in part and authorized plaintiff to effect service in the following manner: (1)
16   plaintiff shall serve the attorney and authorized representative identified in the WIPO complaint by
17   e-mail at: c.weinmann@weinmann-zimmerli.ch and by Federal Express at: Weinmann Zimmerli,
18   Apollostrasse2, Postfach 1021 CH–8032 Zurich, Switzerland"); *UBS Fin. Servs., Inc. v. Martin*, No.
19   13-CV-1498-MMA-DHB, 2014 WL 2159280, at *3 (S.D. Cal. May 23, 2014) (email "service of
20   process was proper" on Swiss defendant); *Friendfinder*, 2007 WL 1140639, at *2 (permitting email
21   service on Swiss defendant).

22   **C.**     **Electronic Service Is Likely To Reach Each Of The Swiss Defendants**

23         Finally, electronic service[4] is likely to reach each of the Swiss Defendants:

---

[4] Courts have approved service by LinkedIn and Twitter as well as service by email. *St. Francis Assisi v. Kuwait Fin. House*, No. 3:16-CV-3240-LB, 2016 WL 5725002, at *2 (N.D. Cal. Sept. 30, 2016) ("The court grants St. Francis's motion to serve of process by Twitter. St. Francis may use Twitter to serve process on al-Ajmi."); *United States v. The Pub. Warehousing Co.*, No. 1:05-CV-2968-TWT, 2017 WL 661580, at *4 (N.D. Ga. Feb. 17, 2017) ("The Court previously authorized the Relator to serve the Defendant Al-Saleh through his LinkedIn account, his counsel and at his address in Kuwait, and by publication in two Kuwaiti newspapers."); *WhosHere, Inc. v. Orun*, No. 1:13-CV-00526-AJT, 2014 WL 670817, at *1 (E.D. Va. Feb. 20, 2014) ("In accordance with Fed.R.Civ.P.

      **Tezos Stiftung and Diego Ponz**: Tezos Stiftung (the "Tezos Foundation") maintains a website at https://www.tezos.ch.[5] Defendant Arthur Breitman has directed investors hoping to contact the Foundation to use the email address contact@tezos.ch.[6] Other members of the "Tezos team" have directed investors to email support@tezos.ch.[7] Mr. Ponz is one of three directors of the Foundation, which does not appear to have any operational staff. Despite best efforts, undersigned counsel have been unable to locate an individual email address for Mr. Ponz. Plaintiff proposes to serve Tezos Stiftung and Diego Ponz by email to contact@tezos.ch and support@tezos.ch.

      **Johann Gevers**: Johann Gevers is the CEO and Founder of Monetas. Online posts by Gevers identify his email address as johann@monetas.net.[8] So do fundraising materials prepared by Monetas.[9] Gevers' personal website also directs people to contact him via Twitter: https://twitter.com/johanngevers.[10] Plaintiff proposes to serve Mr. Gevers by email to johann@monetas.net and by messages sent to his Twitter account, https://twitter.com/johanngevers, giving notice of the lawsuit and directing him to a link containing copies of the complaint, summons, and all other materials required to be served.

---

4(f)(3), plaintiff proposed to serve process on defendant by email and through two social networking sites, Facebook and LinkedIn. The court granted plaintiff's motion and ordered that plaintiff serve process on defendant by transmitting copies of the summons and complaint along with the order (no. 16) by: 1) email to gokhan@whonear.me; 2) email to gokhanorun @gmail.com; 3) Facebook at https://www.facebook.com/OrunGokhan; and 4) LinkedIn at http://www.linkedin/in/gokhanorum. This opinion explains the basis for that order."); *UBS Fin. Servs. Inc. v. Berger*, No. C 13-03770 LB, 2014 WL 12643321, at *3 (N.D. Cal. Apr. 24, 2014), report and recommendation adopted, No. 13-CV-03770-JST, 2014 WL 12644013 (N.D. Cal. May 13, 2014) ("the court . . . directed UBS to serve Mr. Berger with a copy of the court's order by e-mail and by LinkedIn's InMail.").

[5] Reuters' reporting confirms this is an accurate address. *See* Anna Irrera, Steve Stecklow and Brenna Hughes Neghaiwi, *Backroom battle imperils $230 million cryptocurrency venture*, Reuters (Oct. 18, 2017), available at https://www.reuters.com/investigates/special-report/bitcoin-funding-tezos/

[6] *See* https://medium.com/@arthurb/did-you-contact-support-contact-tezos-ch-4dbad841f736

[7] https://steemit.com/bitcoin/@cryptovoice/tezos-august-update

[8] https://bitcointalk.org/index.php?topic=112492.0

[9] https://www.slideshare.net/monetasnet/johann-gevers-monetas-the-worlds-universal-transaction-system

[10] http://johanngevers.com/connect/

APPLICATION FOR LEAVE TO EFFECT ELECTRONIC SERVICE - 5
Case No.: 17-cv-07095-RS
010721-11 1005010 V1

**Guido Schmitz-Krummacher:** Guido Schmitz-Krummacher is the managing director of Sielva Management SA, a Zug-based company that "manag[es] and administrat[es] Swiss businesses, subsidiaries, branch offices and domiciles."[11]  Beside a picture of Mr. Schmitz-Krummacher, the website lists a contact email of info@sielva-management.com.  Mr. Schmitz-Krummacher also maintains a LinkedIn profile at: https://www.linkedin.com/in/guidos1/.  Plaintiff proposes to serve Mr. Schmitz-Krumaccher by email to info@sielva-management.com and by a message sent to his LinkedIn account, https://www.linkedin.com/in/guidos1/, giving notice of the lawsuit and directing him to a link containing copies of the complaint, summons, and all other materials required to be served.

**Bitcoin Suisse AG and Niklas Nikolajsen:** Bitcoin Suisse AG maintains a website at https://www.bitcoinsuisse.ch.  The "Contact" section of that site lists an email address of inquiry@bitcoinsuisse.ch.  Niklas Nikolajsen is listed as the "Founding Partner and Co-CEO" of Bitcoin Suisse AG.[12]  Mr. Nikolajsen also maintains a LinkedIn profile at: https://www.linkedin.com/in/niklas-nikolajsen-0a452848/.  Plaintiff proposes to serve Bitcoin Suisse AG by email to inquiry@bitcoinsuisse.ch and by a message sent to Mr. Nikolajsen's LinkedIn account, https://www.linkedin.com/in/niklas-nikolajsen-0a452848/, giving notice of the lawsuit and directing him to a link containing copies of the complaint, summons, and all other materials required to be served.

### III.  CONCLUSION

For all the foregoing reasons, the Court should enter an order permitting electronic service on the Swiss Defendants.

DATED: December 14, 2017                     **HAGENS BERMAN SOBOL SHAPIRO LLP**

By:   /s/ *Reed R. Kathrein*
Reed R. Kathrein (139304)
Peter E. Borkon (212596)
Danielle Charles (291237)

---

[11] http://www.sielva-management.com/en

[12] https://www.bitcoinsuisse.ch/team/

APPLICATION FOR LEAVE TO EFFECT ELECTRONIC SERVICE - 6
Case No.: 17-cv-07095-RS
010721-11 1005010 V1

715 Hearst Ave., Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
Email: reed@hbsslaw.com
          peterb@hbsslaw.com
          daniellec@hbsslaw.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

Jason M. Leviton, *pro hac vice to be submitted*
Joel A. Fleming (281264)
Jacob A. Walker (271217)
**BLOCK & LEVITON LLP**
155 Federal Street, Suite 400
Boston, MA 02110
Telephone: (617) 398-5600
Email: jason@blockesq.com
          joel@blockesq.com
          jake@blockesq.com

*Attorneys for Plaintiff*

APPLICATION FOR LEAVE TO EFFECT ELECTRONIC SERVICE - 7
Case No.: 17-cv-07095-RS
010721-11 1005010 V1

# CERTIFICATE OF SERVICE

Pursuant to L.R. 5-5, I certify that on December 14, 2017, I caused to be served copies of the foregoing EX PARTE APPLICATION FOR LEAVE TO EFFECT ELECTRONIC SERVICE ON DEFENDANTS RESIDENT OUTSIDE THE UNITED STATES; MEMORANDUM OF POINTS AND AUTHORITIES on the persons listed below at the addresses listed below.

Daniel Louis Sachs
COOLEY LLP
1299 Pennsylvania Ave NW
Suite 700
Washington, DC 20004
Telephone: (202) 728-7114
Facsimile:  (202) 842-7899
dsachs@cooley.com

Jeffrey Michael Kaban
Patrick Edward Gibbs
Samantha Anne Kirby
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 843-5000
Facsimile:  (650) 849-7400
kabanjm@cooley.com
pgibbs@cooley.com
skirby@cooley.com

*Counsel for Distributed Ledger Solutions, Inc.*

Tezos Stiftung
Alpenstrasse 9
6300 Zug, Switzerland
Contact@tezos.ch
support@tezos.ch

Diego Ponz
c/o Tezos Stiftung
Alpenstrasse 9
6300 Zug
Switzerland
Contact@tezos.ch; support@tezos.ch

Niklas Nikolajsen
Bitcoin Suisse AG
Park Résidence
Industriestrasse 16

Brian E. Klein (258486)
Scott M. Malzahn (229204)
BAKER MARQUART LLP
2029 Century Park East, Suite 1600
Los Angeles, CA 90067
Telephone: (424) 652-7814
Facsimile:  (424) 652-7850
bklein@bakermarquart.com
smalzahn@bakermarquart.com

*Counsel for Arthur Breitman and Kathleen Breitman*

Timothy Cook Draper
Draper Associates
55 E. 3rd Avenue
San Mateo, CA 94401
plans@draper.vc
timothy@dfj.com
mail@drapervc.com
timothy.draper@msn.com
tim@drapervc.com
tdraper@prosper.com
tim@prosper.com

Johann Gevers
c/o Tezos Stiftung
Alpenstrasse 9
6300 Zug
Switzerland
johann@gevers.net; johann@monetas.net;
jgevers@monetas.net;
johann.gevers@monetas.net;
johanngevers@monetas.net.

Guido Schmitz-Krummacher
c/o Tezos Stiftung
Alpenstrasse 9
6300 Zug
Switzerland

CERTIFICATE OF SERVICE - 1
Case No.: 17-cv-07095-RS
010721-11 1005010 V1

| | |
|---|---|
| CH-6300 Zug<br>Switzerland<br>inquiry@bitcoinsuisse.ch | guido.schmitz-krummacher@krummacher.com<br>guido.schmitz-krummacher@talentory.com<br>guido@addcon.nl<br>guidoschmitzkrummacher@addcon.nl<br>gschmitzkrummacher@addcon.nl<br>guidos@addcon.nl<br>guido.schmitzkrummacher@addcon.nl |

Dated: December 14, 2017               /s/ Danielle Charles
                                                            Danielle Charles

CERTIFICATE OF SERVICE - 2
Case No.: 17-cv-07095-RS
010721-11 1005010 V1