CHRISTOPHER L. WANGER (Bar No. CA 164751)
cwanger@manatt.com
ANA G. GUARDADO (Bar No. CA 286732)
AGuardado@manatt.com
MANATT, PHELPS & PHILLIPS, LLP
One Embarcadero Center
30th Floor
San Francisco, CA  94111
Telephone:  (415) 291-7400
Facsimile:   (415) 291-7474

Attorneys for Defendants
TIMOTHY C. DRAPER and DRAPER ASSOCIATES V
CRYPTO LLC, a Delaware limited liability company

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BRUCE MACDONALD, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>DYNAMIC LEDGER SOLUTIONS, INC., a Delaware corporation, TEZOS STIFTUNG, a Swiss Foundation, KATHLEEN BREITMAN, an Individual, ARTHUR BREITMAN, an Individual, TIMOTHY COOK DRAPER, an Individual, DRAPER ASSOCIATES, JOHANN GEVERS, DIEGO PONZ, GUIDO SCHMITZ-KRUMMACHER, BITCOIN SUISSE AG, NIKLAS NIKOLAJSEN and DOES 1-100, INCLUSIVE,<br><br>Defendants. | Case No. 3:17-cv-07095-RS<br><br>**OPPOSITION OF TIMOTHY C. DRAPER AND DRAPER ASSOCIATES V CRYPTO LLC TO EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE**<br><br>**Date:**      December 19, 2017<br>**Time:**      10:00 am<br>**Courtroom:** 3, 17th Floor<br>**Judge:**     Hon. Richard Seeborg |

Defendants Timothy C. Draper and Draper Associates V Crypto LLC ("DAVC")[1] oppose Plaintiff's *ex parte* Application for a Temporary Restraining Order. This suit arises out of the Tezos Crowd Contribution (the "TCC") that was run by the Tezos Foundation (the "Foundation"), a Swiss Foundation, between July 1, 2017 and July 14, 2017. In the TCC, the Plaintiff alleges that the Foundation raised approximately $232 million in Bitcoin and Ethereum contributions from persons all over the world who supported the development of the Tezos blockchain – a self-amending cryptographic ledger.

Plaintiff contends that the TCC represented the unqualified and unregistered sale of securities. Based on these allegations, Plaintiff asserts two California statutory claims against all defendants, including Draper, DAVC, the Foundation and Dynamic Ledger Solutions, Inc. ("DLS") - the entity that Plaintiff alleges developed and owns the source code and other intellectual property related to the Tezos blockchain. Specifically, Plaintiff alleges that in connection with the TCC all defendants violated California Corporations Code section 25110 and California Business & Professions Code sections 17200 et seq. Based on a TCC contribution of approximately $5,000, Plaintiff asks the Court to freeze and impose a constructive trust on all TCC funds contributed to the Foundation, which are now allegedly worth $1.2 billion.

Plaintiff's application should be denied for the reasons stated by the Foundation and DLS in their respective oppositions. Plaintiff's application should further be denied as it relates to Draper and DAVC because Plaintiff has not and cannot establish that (1) Plaintiff had any contact or dealings whatsoever with either Draper or DAVC, let alone that they participated in the offer or sale of a security to Plaintiff; (2) Draper or DAVC received or has any control over funds contributed by Plaintiff to the Foundation; or (3) either Draper or DAVC has any liability to Plaintiff. Draper is simply one of thousands of people worldwide who support development of blockchain technology, including the Tezos blockchain. DAVC is a minority (10% ) shareholder of DLS and made a contribution to the Foundation in the TCC. Neither Draper's status as a blockchain supporter nor DAVC's status as a small shareholder in DLS and contributor to the

---

[1] DAVC is erroneously named in this action as "Draper Associates".

1  TCC gives rise to any liability to or right to relief of Plaintiff.

2        Any suggestion by Plaintiff that either Draper or DAVC participated in the offer or sale of a security to Plaintiff is baseless.  Plaintiff's application is based entirely on a verified complaint that his attorneys cobbled together from hearsay sources, including blogs, podcasts and other unreliable internet posts.  Plaintiff submits no competent evidence, nor could he, that he had any contact, dealings or communications whatsoever with Draper or DAVC.  Plaintiff also submits no competent evidence that Draper or DAVC received or has any control over any funds contributed to the Foundation in the TCC by the Plaintiff.  In short, Plaintiff had no legitimate basis to name either Draper or DAVC as defendants to his claims and Plaintiff should be denied any relief against Draper or DAVC.  *Winter v. Natural Resources Defense Council, Inc.* (2008) 555 US 7, 20, 129 S.Ct. 365, 374; *Garcia v. Google, Inc.* (9th Cir. 2015) 786 F.3d 733, 740 (injunctive relief should be denied absent a showing of likelihood of success on claims).

Dated:  December 18, 2017        MANATT, PHELPS & PHILLIPS, LLP

        By: /s/ Christopher L. Wanger
            Christopher L. Wanger
            Attorneys for Defendants TIMOTHY DRAPER and DRAPER ASSOCIATES V CRYPTO LLC