Reed R. Kathrein (State Bar No. 139304)
Peter E. Borkon (State Bar No. 212596)
Danielle Charles (State Bar No. 291237)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
peterb@hbsslaw.com
daniellec@hbsslaw.com

*Attorneys for Plaintiffs*
*[Additional counsel listed on signature page]*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE MACDONALD, Individually and on Behalf of All Others Similarly Situated,<br><br>                               Plaintiff,<br><br>        v.<br><br>DYNAMIC LEDGER SOLUTIONS, INC., a Delaware corporation, TEZOS STIFTUNG, a Swiss Foundation, KATHLEEN BREITMAN, an Individual, ARTHUR BREITMAN, an Individual, TIMOTHY COOK DRAPER, an individual, DRAPER ASSOCIATES, JOHANN GEVERS, DIEGO PONZ, GUIDO SCHMITZ-KRUMMACHER, BITCOIN SUISSE AG, NIKLAS NIKOLAJSEN  and DOES 1-100, INCLUSIVE,<br><br>                               Defendants. | Case No.  17-cv-07095-RS<br><br>**NOTICE OF MOTION AND MOTION FOR EXPEDITED DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: February 15, 2018<br>Time: 1:30 p.m.<br>Courtroom: 3<br>Judge: The Hon. Richard Seeborg |

1    TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

2    Please take notice that on February 15, 2018 at 1:30 p.m., or as soon thereafter as the matter

3    may be heard, before the Honorable Richard Seeborg of the United States District Court for the

4    Northern District of California, located in Courtroom 3, 17th Floor at 450 Golden Gate Avenue, San

5    Francisco, CA 94102, Plaintiff Bruce MacDonald ("Plaintiff") will and hereby does move this Court

6    pursuant to Rule 26(d)(1) of the Federal Rules of Civil Procedure for an order permitting Plaintiff to

7    take expedited discovery from Dynamic Ledger Solutions, Tezos Stiftung, and Bitcoin Suisse AG

8    before the parties' Rule 26 conference.[1]

9    This Motion is based on this Motion, the Memorandum of Points and Authorities filed

10   concurrently herewith, all of the pleadings, files, and records in this proceeding, all other matters of

11   which the Court may take judicial notice and any additional argument or evidence that may be

12   presented to or considered by the Court prior to its ruling.

13   DATED: January 10, 2018                    **HAGENS BERMAN SOBOL SHAPIRO LLP**

14                                               By:____/s/  *Reed R. Kathrein*____
                                                 Reed R. Kathrein (139304)
15   Jason M. Leviton, *pro hac vice to be submitted*   Peter E. Borkon (212596)
     Joel A. Fleming (281264)                   Danielle Charles (291237)
16   Jacob A. Walker (271217)                    715 Hearst Ave., Suite 202
     **BLOCK & LEVITON LLP**                      Berkeley, CA 94710
17   155 Federal Street, Suite 400               Telephone: (510) 725-3000
     Boston, MA 02110                            Facsimile: (510) 725-3001
18   Telephone: (617) 398-5600                   Email: reed@hbsslaw.com
     Email: jason@blockesq.com                          peterb@hbsslaw.com
19          joel@blockesq.com                           daniellec@hbsslaw.com
            jake@blockesq.com
20

21                                               Steve W. Berman
                                                 HAGENS BERMAN SOBOL SHAPIRO LLP
22                                               1918 Eighth Avenue, Suite 3300
                                                 Seattle, WA 98101
23                                               Telephone: (206) 623-7292
                                                 Facsimile:  (206) 623-0594
24                                               steve@hbsslaw.com

25                                    *Attorneys for Plaintiff*

26   _____
        [1] Pursuant to Local Rule 37-1(a), counsel for Plaintiff, Dynamic Ledger Solutions, Tezos Stiftung
27   (the "Tezos Foundation") and Bitcoin Suisse engaged in meet and confer discussions about the relief
     sought by this motion but were unable to reach agreement.
28   MOTION FOR EXPEDITED DISCOVERY - 1
     Case No.: 17-cv-07095-RS

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Immediately upon filing his complaint, Plaintiff filed an application for a temporary restraining order. Following notice to Defendants and a hearing, the Court denied the application, finding that although Plaintiff had identified a number of "worrisome" facts—including a "lack of updates regarding the project, the infighting amongst Tezos leadership, the firing of an auditor, and the delayed launch of the project"—the record did not contain sufficient evidence of irreparable harm to warrant injunctive relief. ECF No. 35 at 6.[2]

Plaintiff now moves, pursuant to Rule 26(d)(1), for an order permitting discovery to begin before the Rule 26(f) conference.[3] Plaintiff seeks targeted expedited discovery from the entity defendants (Dynamic Ledger Solutions, the Tezos Foundation, and Bitcoin Suisse) to (1) further investigate the worrisome issues identified by the Court and determine whether to move for a preliminary injunction on a more complete record; (2) monitor the safety of the ICO Proceeds and ensure that Defendants' representations regarding the rate of spending and the controls imposed on the funds are and remain accurate; and (3) further investigate the facts relevant to the Swiss Defendants'[4] personal jurisdiction defenses.

Plaintiff proposes narrow discovery requests directly targeted at these key issues, including circumscribed document requests seeking information about (1) the ICO Proceeds (their origin,

---

[2] Critical jurisdictional issues also require clarification, and a number of undisputed troubling circumstances with respect to the status of investor funds remain, which justify the need for expedited discovery. Moreover, recent news has indicated that there are additional ongoing concerns with the Tezos project, as well as new worrisome information regarding Gevers's financial circumstances, including a recent bankruptcy of his previous company. See Declaration of Reed R. Kathrein in Support of Motion for Expedited Discovery, Exhibits A-E.

[3] The Rule 26(f) conference is currently scheduled to take place no later than February 22, 2018. ECF No. 44.

[4] The Swiss Defendants are Defendants Tezos Stiftung (the "Tezos Foundation"), Bitcoin Suisse AG, Johann Gevers, Diego Ponz (aka Diego Olivier Fernandez), Guido Schmitz-Krummacher, and Niklas Nikolajsen.

status, and the safeguards in place to protect them), (2) the infighting/governance concerns flagged by the Court's order; and (3) jurisdictional discovery, including information about the formation of the Foundation and its activities directed at the United States.[5] Plaintiff also seeks Rule 30(b)(6) depositions of the Tezos Foundation and Dynamic Ledger Solutions with a similarly circumscribed list of topics.[6]

Plaintiff recognizes that, by the time briefing on this motion is completed, the Rule 26(f) conference will be, at most, a couple of weeks away. Nonetheless, it appears likely that some or all Defendants will resist producing discovery even after the Rule 26(f) conference occurs. This would delay the true start of discovery several more months until the Court could rule on a motion to compel or a motion to stay.[7] By deciding these issues now, the Court can materially advance the litigation.

## II.   FACTS

The facts relevant to this motion are set out in this Court's Order Denying Application for Temporary Restraining Order. ECF No. 35.

## III.   ARGUMENT

### A.  Standard Of Review

"A court may authorize early discovery before the Rule 26(f) conference for the parties' and witnesses' convenience and in the interests of justice. Courts within the Ninth Circuit generally consider whether a plaintiff has shown 'good cause' for early discovery." *Uber Techs., Inc. v. Doe*, No. C 15-00908 LB, 2015 WL 1205167, at *2 (N.D. Cal. Mar. 16, 2015) (citing Fed. R. Civ. P.

---

[5] The proposed requests for production of documents are attached hereto as Exhibit A. The proposed notices of deposition are attached hereto as Exhibits B and C.

[6] Capitalized terms have the same meaning as those used in Plaintiff's Application for a Temporary Restraining Order.

[7] The parties would not be able to begin the meet-and-confer process until late March. A motion to stay or compel would likely be filed in early April. The Court might not be able to resolve the issue until mid-May.

MOTION FOR EXPEDITED DISCOVERY - 3
Case No.: 17-cv-07095-RS

26(d)); *see also Music v. Radionomy, Inc.*, No. 16-CV-00951-RS, 2016 WL 3181308, at *2 (N.D. Cal. June 8, 2016) (Seeborg, J.) ("District courts may grant requests for expedited discovery on a showing of "good cause.") (quoting *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002)). "Good cause exists when the need for expedited discovery outweighs prejudice to the responding party." *Music*, 2016 WL 3181308, at *2.

### B.  The Court Has Personal Jurisdiction Over The Tezos Foundation and Bitcoin Suisse

As a threshold question, based on the parties' meet-and-confer discussions, it appears that one of the primary bases of the Tezos Foundation's and Bitcoin Suisse's opposition to expedited discovery is their assertion that the Court lacks personal jurisdiction over them.

Defendants are incorrect. The Tezos Foundation and Bitcoin Suisse participated in a securities issuance by a California issuer (Dynamic Ledger Solutions) that purposefully targeted investors in California and the United States. In the context of traditional initial public offerings ("IPOs"), courts have not hesitated to find jurisdiction over foreign defendants who participated in an IPO by a domestic issuer. *See, e.g.*, *Davis v. Metro Productions, Inc.*, 885 F.2d 515, 523 (9th Cir. 1989) (Due Process clause permitted exercise of personal jurisdiction over out-of-state officers and directors of issuer who had "fair warning" that they could be haled into district court in Arizona where statute created "personal[] liab[ility] for securities violations" and defendants knew that issuer was soliciting investors in Arizona); *In re LDK Solar Sec. Litig.*, No. C0705182WHA, 2008 WL 4369987, at *6 (N.D. Cal. Sept. 24, 2008) ("Plaintiffs base their jurisdictional claim predominantly on defendants' role in their company's 2007 initial public offering. In mid–2007, LDK sold shares on the New York Stock Exchange in order to raise badly needed funding. Defendants signed the prospectus for the offering and caused it to be filed with the SEC. … Plaintiffs have satisfied their burden of establishing personal jurisdiction based on these well-pled allegations, subject to proof at trial."); *In re Royal Ahold N.V. Sec. & ERISA Litig.*, 351 F Supp 2d 334, 351–52 (D. Md. 2004)

1
2
3
4
5
6
7

("courts frequently have asserted personal jurisdiction over individual defendants who sign or, as control persons, approve the filing or disseminating of, particular forms required by the SEC which they knew or should have known would be relied on by U.S. investors.") (collecting cases); *In re CINAR Corp. Sec. Litig.*, 186 F Supp 2d 279, 305–06 (E.D.N.Y. 2002) ("The Court finds that it is perfectly reasonable to exercise jurisdiction over Corbeil based solely on her signing the 1999 Registration Statement.").

8
9
10
11
12
13
14
15
16
17
18
19
20

The same result should hold true for the Tezos ICO. In its opposition to the TRO Application, the Tezos Foundation argued that these cases "are inapposite; the ones that even concern foreign entities involve those entities having actually made filings with the U.S. Securities and Exchange Commission, voluntarily subjecting themselves to U.S. jurisdiction." ECF No. 22 at 5. But it cannot possibly be true that this Court's jurisdiction can be defeated by the simple expedient of declining to file legally required registration statements. *See, e.g.*, *Sec. & Exch. Comm'n v. PlexCorps*, No. 17 CIV. 7007 (CBA), 2017 WL 6398722, at *2 (E.D.N.Y. Dec. 14, 2017) (holding that court "likely ha[d] … personal jurisdiction over" Canadian entity that "participated in a scheme to obtain more than $15 million in proceeds from unlawful activities related to 'PlexCoin Tokens,'"); *Berd v. De Bastos*, No. 1:16-CV-339, 2017 WL 5075249, at *4 (D.N.D. Nov. 2, 2017) (court could exercise personal jurisdiction over defendant that "solicited for sale and sold unregistered, fraudulent North Dakota securities, related to North Dakota real estate.").

21

### C.  There Is A Significant Need For Expedited Discovery

22
23
24
25
26
27
28

"[E]xpedited discovery may be justified to allow a plaintiff to determine whether to seek an early injunction." *NobelBiz, Inc. v. Wesson*, No. 14CV0832 W JLB, 2014 WL 1588715, at *1 (S.D. Cal. Apr. 18, 2014); *Interserve, Inc. v. Fusion Garage PTE, Ltd.*, 2010 WL 143665, at *2 (N.D.Cal.2010) ("Expedited discovery will allow plaintiff to determine whether to seek an early injunction."). This is true even where a Plaintiff has not yet demonstrated irreparable injury.

MOTION FOR EXPEDITED DISCOVERY - 5
Case No.: 17-cv-07095-RS

*Semitool*, 208 F.R.D. at 276. As is undisputed by Defendants, the entire Tezos project is plagued by disputes amongst the leadership. At the hearing on Plaintiff's TRO Application, the Court correctly noted that the infighting—both within the Tezos Foundation's board of directors and between the Foundation itself and the Breitmans and/or DLS—is cause for concern. With the recent resignation of Defendant Schmitz-Krummacher (one of the Tezos Foundation directors), at least $78 million worth of the ICO Proceeds, which have been converted into fiat currency, is now effectively controlled solely by Johann Gevers—the same director accused of self-dealing—who is now just "floating out there".[8] These facts are undisputed by the Tezos Foundation itself.[9] There also remains uncertainty over whether Gevers has the authority to replace the director who resigned.

In denying Plaintiff's TRO Application, the Court held that "MacDonald's allegations of looting simply do not have enough behind them. The lack of updates regarding the project, the infighting amongst Tezos leadership, the firing of an auditor, and the delayed launch of the project are all worrisome. None of them, however, are strong evidence of looting." *Id.* at 6. Expedited discovery would allow Plaintiff to explore these worrisome issues, fill the evidentiary gaps that the Court identified, clarify jurisdictional concerns, and determine whether to move for a preliminary injunction on a more complete record.[10]

In particular, Plaintiff proposes to issue targeted document requests and Rule 30(b)(6) notices seeking documents and testimony about the ICO Proceeds (their origin, status and the safeguards in place to protect them) and the infighting/governance concerns flagged by the Court's order.

---

[8] ECF No. 45 (Transcript of December 19, 2017 TRO Hearing), at 35:16

[9] *Id.* at 35:21-22.

[10] Even if injunctive relief is not appropriate now, as the Court recognized at the TRO hearing, the Tezos project is in turmoil and the situation remains extraordinarily fluid. Expedited discovery would aid Plaintiff (and the Court) in monitoring the ICO Proceeds and ensuring that they are not dissipated or diverted during the pendency of the litigation.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Moreover, it is appropriate for a court to order expedited discovery where, as here, discovery will aid in resolving disputes about the Court's personal jurisdiction. *See* Advisory Committee Notes for Fed. R. Civ. Proc. 26(d) (1993 amendments) ("Discovery can begin earlier [than the Rule 26(f) conference] … by local rule, order, or stipulation. This will be appropriate in some cases, such as those involving requests for a preliminary injunction or motions challenging personal jurisdiction."); *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578 (N.D. Cal. 1999) ("a district court does have jurisdiction to determine the facts relevant to whether or not it has *in personam* jurisdiction in a given case. A district court's decision to grant discovery to determine jurisdictional facts is a matter of discretion.") (internal citation omitted); *Addventure Prod., Inc. v. Weinberg*, No. 07CV2024 BTM(AJB), 2008 WL 11337849, at *4 (S.D. Cal. May 5, 2008) ("jurisdictional discovery is appropriate given questions regarding Purple G's sales activity in California and the uncertainty regarding Whitson Wells' and Weinberg's relationships to Purple G"); *CD Listening Bar, Inc. v. Caiman Holdings, Inc.*, No. SACV 08-150 AG (ANX), 2008 WL 11336948, at *1 (C.D. Cal. June 11, 2008) ("On April 11, 2008, the Court authorized the parties to engage in expedited discovery relating to issues of jurisdiction"); *see also Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir.1977).

Here, the Tezos Foundation and Bitcoin Suisse have made clear that they intend to contest the Court's personal jurisdiction. *See* ECF No. 22 at 5. Presumably the other Swiss Defendants will do so as well. Plaintiff should have the opportunity to investigate the facts surrounding the Swiss Defendants' role in the Tezos ICO so that they may allege particularized facts about those Defendants' connection to the United States and California (*i.e.*, above and beyond their participation in an ICO with a California issuer (Dynamic Ledger Solutions) and California buyers (Plaintiff MacDonald and the other California residents in the putative class)).

MOTION FOR EXPEDITED DISCOVERY - 7
Case No.: 17-cv-07095-RS

Specifically, Plaintiff proposes to issue document requests seeking information about the formation of the Foundation, Bitcoin Suisse and their activities directed at the United States.

## D.  There Is Minimal Prejudice To The Responding Party

The Court must balance the need for the discovery sought against the burdens on Defendants. Where, as here, the discovery sought is narrowly tailored to the needs of a preliminary injunction, the Court should permit expedited discovery to go forward. *See, e.g.*, *Palermo v. Underground Sols., Inc.*, No. 12CV1223-WQH BLM, 2012 WL 2106228, at *2 (S.D. Cal. June 11, 2012) ("In cases where preliminary injunction motions are pending, courts often permit expedited discovery designed to obtain information required for the preliminary injunction"); *Arista Records LLC v. Does 1-43*, No. 07CV2357 LABPOR, 2007 WL 4538697, at *1 (S.D. Cal. Dec. 20, 2007)  (finding good cause for expedited discovery based upon, among other things, "the narrow tailoring of the discovery request so as not to exceed the minimum information required to advance this lawsuit without prejudicing the Defendants"); *Semitool*, 208 F.R.D. at 277 ("Plaintiff has made a clear showing that the narrow categories of documents and physical inspection of the device not otherwise accessible will substantially contribute to moving this case forward … The request directed to Defendants is narrowly tailored to this benefit."). In evaluating the burden on Defendants, the Court should also consider "how far in advance of the typical discovery process the request was made." *Apple Inc. v. Samsung Elecs. Co.*, 768 F. Supp. 2d 1040, 1044 (N.D. Cal. 2011) (quoting *American LegalNet, Inc. v. Davis*, 673 F.Supp.2d 1063, 1067 (C.D.Cal.2009)).

Here, the burdens on Defendants should be relatively minimal. The Rule 26(f) conference is scheduled to take place no later than February 22, 2018. So Plaintiff is only seeking to advance the start of formal discovery by a short amount of time. And Plaintiff's document requests and deposition notices are narrowly circumscribed and limited to information relevant to the

MOTION FOR EXPEDITED DISCOVERY - 8
Case No.: 17-cv-07095-RS

1  jurisdictional inquiry or necessary to investigate whether a motion for a preliminary injunction is

2  warranted.

3  **IV.    CONCLUSION**

4      For all the foregoing reasons, the Court should grant this motion and permit Plaintiff to take

5  expedited discovery in advance of the Rule 26 conference.

6

7

8

9  DATED: January 10, 2018                    **HAGENS BERMAN SOBOL SHAPIRO LLP**

10                                             By:____/s/ *Reed R. Kathrein*_____
                                               Reed R. Kathrein (139304)
11                                             Peter E. Borkon (212596)
                                               Danielle Charles (291237)
12                                             715 Hearst Ave., Suite 202
                                               Berkeley, CA 94710
13                                             Telephone: (510) 725-3000
                                               Facsimile: (510) 725-3001
14                                             Email: reed@hbsslaw.com
15                                                    peterb@hbsslaw.com
                                                      daniellec@hbsslaw.com
16

17                                             Steve W. Berman
                                               HAGENS BERMAN SOBOL SHAPIRO LLP
18                                             1918 Eighth Avenue, Suite 3300
                                               Seattle, WA 98101
19                                             Telephone: (206) 623-7292
                                               Facsimile:  (206) 623-0594
20                                             steve@hbsslaw.com

21                                             Jason M. Leviton, *pro hac vice to be submitted*
22                                             Joel A. Fleming (281264)
                                               Jacob A. Walker (271217)
23                                             **BLOCK & LEVITON LLP**
                                               155 Federal Street, Suite 400
24                                             Boston, MA 02110
                                               Telephone: (617) 398-5600
25                                             Email: jason@blockesq.com
                                                      joel@blockesq.com
26                                                    jake@blockesq.com

27                                             *Attorneys for Plaintiff*

28  MOTION FOR EXPEDITED DISCOVERY - 9
    Case No.: 17-cv-07095-RS

# CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses, registered, as denoted on the attached Electronic Mail Notice List.  I hereby certify that I have caused the foregoing document or paper to be mailed via United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.


*/s/ Reed R. Kathrein*
REED R. KATHREIN