# Exhibit A

Reed R. Kathrein (139304)
Peter E. Borkon (212596)
Danielle Charles (291237)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
peterb@hbsslaw.com
daniellec@hbsslaw.com

*Attorneys for Plaintiffs*
*[Additional counsel listed on signature page]*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRUCE MACDONALD, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DYNAMIC LEDGER SOLUTIONS, INC., a Delaware corporation, TEZOS STIFTUNG, a Swiss Foundation, KATHLEEN BREITMAN, an Individual, ARTHUR BREITMAN, an Individual, TIMOTHY COOK DRAPER, an individual, DRAPER ASSOCIATES, JOHANN GEVERS, DIEGO PONZ, GUIDO SCHMITZ-KRUMMACHER, BITCOIN SUISSE AG, NIKLAS NIKOLAJSEN  and DOES 1-100, INCLUSIVE,<br><br>Defendants. | Case No. 3:17-cv-07095-RS<br><br><u>CLASS ACTION</u><br><br>**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS DYNAMIC LEDGER SOLUTIONS, INC., TEZOS STIFTUNG, AND BITCOIN SUISSE AG** |

**TO: ALL PARTIES AND THEIR COUNSEL OF RECORD**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs, by their counsel, hereby request that you produce and permit Plaintiffs' counsel to inspect and to copy all documents in your possession, custody or control that are responsive to the requests herein, within 30 days to the offices of Hagens Berman Sobol Shapiro LLP, 715 Hearst Avenue, Suite 202, Berkeley, California 94710, or at such other place, which shall be agreed upon by counsel for the parties. The documents shall be produced as they are kept in the usual course of business and shall be organized and labeled to correspond to the categories in these requests. The responding party is further required to supplement the responses.

These requests are being made on an expedited basis, and Plaintiff reserves all rights to supplement these requests in the ordinary course.

**I.      DEFINITIONS**

Unless otherwise stated, the terms set forth below are defined as follows:

1.      "Communication" or "communications" refers to every manner or means of disclosure, transfer or exchange of information (in the form of facts, ideas, inquiries or otherwise), whether orally, electronically, by document, telecopier, mail, personal delivery or otherwise.

2.      "Complaint" refers to Plaintiffs' Class Action Complaint for Violations of California Corporations Code § 25110 and California's Unfair Competition Laws (Dkt. No. 1) in the above-captioned case. All paragraph references herein are to the Complaint.

3.      "Concerning" means relating to, referring to, describing, discussing, evidencing, regarding or constituting.

4.      "Defendants," "you" or "your" refers to Dynamic Ledger Solutions, Inc., Tezos Stiftung, Kathleen Breiman, Arthur Breiman, Timothy Cook Draper, Draper Associates, Johann Gevers, Diego Ponz, Guido Schmitz-Krummacher, Bitcoin Suisse AG, and Niklas Nikolajsen. All references to the "Breimans" (plural) refer to both Defendant Kathleen Breiman and Defendant Arthur Breiman.

PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS
17-cv-07095-RS                                                                                    - 1 -

5.     "DLS," or "Dynamic Ledger Solutions" refers to defendant Dynamic Ledger Solutions, Inc. and its parents, subsidiaries, predecessors, successors, divisions, affiliates, operating units, controlling persons, controlled persons, officers, directors, employees, representatives or agents.

6.     "Document" or "documents" has the same meaning as in Fed. R. Civ. P. 34(a) and Federal Rule of Evidence 1001, including, but not limited to, writings, drawings, graphs, charts, photographs, sound recordings, images and other data or data compilations stored in any medium from which information can be translated, if necessary, by the respondent into reasonably usable form, to inspect, copy, test or sample any designated tangible things, which constitute or contain matters within the scope of Fed. R. Civ. P. 26(b).  This definition includes copies or duplicates of documents contemporaneously or subsequently created that have any notes or other markings. Without limiting the generality of the foregoing, document (or documents) includes, but is not limited to, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports and/or summaries of investigations, trade letters, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, diagrams, instructions, notes or minutes of meetings or other communications of any type, including inter- and intra-office communications, questionnaires, surveys, photographic recordings, films, tapes, disks, data cells, print-outs of information stored or maintained by electronic data processing or word processing equipment, including e-mail, and all other electronically stored information and any preliminary versions, drafts, or revisions of the foregoing.

7.     "ICO Proceeds" refers to all funds collected via or derived from the Tezos Initial Coin Offering (the "ICO" or "Tezos ICO").

8.     "Identify" or "identifying":

(a)     when used to refer to a document, "identify" or "identifying" means to provide: (i) the date of each document; (ii) the type of each document (e.g., letters, memos, etc.); (iii) the name

PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS
17-cv-07095-RS                                                                                          - 2 -

of the author(s) of each document; and (iv) the present location of each such document or copies thereof;

(b)      when used in reference to a communication, "identify" or "identifying" means to state the date and participants in the communication and, if the communication is written, to identify the documents containing the communication or, if the communication is oral, to identify the date and participants in and identify all documents describing or memorializing or, if no such documents are available, to briefly describe the contents and subject matter of the communication;

(c)      when used to refer to a natural person, "identify" or "identifying" means to set forth that person's: (i) full name and title, if any; and (ii) present or last known address and telephone number(s);

(d)      when used in any other context, "identify" or "identifying" means to define or describe completely the requested item or information, including sufficient detail such that the item or information: (i) is distinguishable from any other items or information or any parent-category of items or information; and (ii) includes a sufficiently detailed description of any sub-categories of items or information.

9.      "Person" or "persons" refers to any natural person, proprietorship, public or private corporation, partnership, joint venture, trust, association, company, firm, government or governmental entity (including any government agency, board, authority, commission or political subdivision or department thereof), or any other form of business or legal entity, organization or arrangement.

10.      "Refer" or "relate" or "referring" or "relating" means all documents that explicitly or implicitly, in whole or in part, reflect, record, memorialize, discuss, describe, compare, consider, concern, constitute, embody, evaluate, analyze, review, report on, comment on, impinge upon or impact the subject matter of the request.

11.      "Tezos Stiftung", "Tezos Foundation", or the "Foundation" refers to Defendant Tezos Stiftung and its parents, subsidiaries, predecessors, successors, divisions, affiliates,

operating units, controlling persons, controlled persons, officers, directors, employees, representatives or agents.

12.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to give the request the broadest possible application.

13.     The term "any" means any and all.  The term "all" has the same meaning.

14.     The use of the singular shall be deemed to include the plural, and the use of one gender shall include all others, as appropriate in the context.

## II.     INSTRUCTIONS

1.     Pursuant to the Federal Rules of Civil Procedure, you are to produce for inspection and copying original documents as they are kept in the usual course of business, and you shall organize and label them to correspond with the categories in these requests.

2.     If production of items or documents responsive to these requests is withheld under a claim of privilege or upon any other ground, as to each such item or document, state the following information in sufficient detail to permit the Court to rule on your claim:

(a)     Which privilege is claimed;

(b)     A precise statement of the facts upon which said claim of privilege is based; and

(c)     If a document is privileged, include the following information describing each purportedly privileged document:

(i)     Its nature, *e.g.*, agreement, letter, memorandum, tape, etc.;

(ii)     The date it was prepared;

(iii)     The date it bears;

(iv)     The date it was sent;

(v)     The date it was received;

(vi)     The number of pages or Bates numbers of the document;

(vii)     The identity of the person preparing it;

1    (viii)    The identity of the person sending it;

2        (ix)    The identity of each person to whom it was sent or was to have been

3  sent, including all addresses and all recipients of copies;

4        (x)    A statement as to whom each identified person represented or

5  purported to represent at all relevant times; and

6        (xi)    A precise description of the place where each item, or a copy of that

7  document, is kept, including the title or description of the file in which said item or document may

8  be found and the location of such.

9    3.    If an item or document responsive to these requests was at any time in your

10  possession, custody or control but is no longer available for production, as to each such document

11  state the following information:

12        (a)    Whether the item or document is missing or lost;

13        (b)    Whether the item or document has been destroyed;

14        (c)    Whether the item or document has been transferred or delivered to another

15  person and, if so, at whose request;

16        (d)    Whether the item or document has been otherwise disposed of; and

17        (e)    A precise statement of the circumstances surrounding the disposition of the

18  item or document and the date of disposition.

19    4.    With respect to any items or documents, the production of which you contend is in

20  some way "burdensome" or "oppressive," please state the specific reasons for that objection.

21    5.    Do not redact any information from any document you produce in response to these

22  requests unless you are asserting a privilege with respect to the redacted portion.  If any document

23  is produced in redacted form, prepare a log identifying all portions of the document that have been

24  withheld and the reason why they are being withheld, including information sufficient to comply

25  with the requirements of Fed. R. Civ. P. 26(b)(5).

26    6.    Whenever a document is not produced in full or is produced in redacted form, so

27  indicate on the document and state with particularity the reason or reasons why it is not being

28

PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS
17-cv-07095-RS                                                          - 5 -

produced in full and describe to the best of your knowledge, information and belief, and with as much particularity as possible, those portions of the document that are not being produced.

## III.     DOCUMENTS TO BE PRODUCED

<u>REQUEST NO. 1:</u>

Any documents concerning where all ICO Proceeds actually exist.

<u>REQUEST NO. 2:</u>

Any documents concerning how the ICO Proceeds were received, where, and in what form.

<u>REQUEST NO. 3:</u>

Any documents concerning who has control to convert or transfer the ICO Proceeds.

<u>REQUEST NO. 4:</u>

Any documents concerning what ICO Proceeds have been transferred or converted, by whom and into what.

<u>REQUEST NO. 5:</u>

Any documents concerning what safeguards are currently in place to protect the ICO Proceeds.

<u>REQUEST NO. 6:</u>

Any documents concerning regulatory intervention or oversight by Swiss authorities over Tezos Stiftung.

<u>REQUEST NO. 7:</u>

Any agreements or other documents concerning control of the ICO Proceeds.

<u>REQUEST NO. 8:</u>

Any documents relating to the results of any audits of Defendants DLS and Tezos Stiftung.

<u>REQUEST NO. 9:</u>

Any documents sufficient to identify the identities, physical addresses and titles of all persons associated with Bitcoin Suisse AG, the Foundation and DLS as counsel, officers, directors, and employees.

1  REQUEST NO. 10:

2  All documents sufficient to identify details regarding the "multi-signature" protocol being used for

3  the ICO Proceeds, including documents concerning Bitcoin Suisse AG's role in the protocol.

4  REQUEST NO. 11:

5  All documents sufficient to show the capital structure of Dynamic Ledger Solutions.

6  REQUEST NO. 12:

7  All documents sufficient to identify all shareholders and to demonstrate Draper/Draper Associates'

8  interest in and control over Dynamic Ledger Solutions.

9  REQUEST NO. 13:

10  All documents and communications concerning the resignation of Defendant Schmitz-

11  Krummacher and his replacement and/or efforts to select his replacement.

12  REQUEST NO. 14:

13  All documents concerning the termination of the Foundation's auditor.

14  REQUEST NO. 15:

15  All documents and communications relating to the formation and governance of DLS and the

16  Foundation.

17  REQUEST NO. 16:

18  All documents and communications relating to, and sufficient to demonstrate the basis of, the

19  allegations by the Breitmans against Johann Gevers as alleged in ¶¶ 102-103 of the Complaint.

20  REQUEST NO. 17:

21  The 46-page letter referenced in ¶ 103 of the Complaint, as well as any other documents and

22  communications relating to the allegations contained in the letter.

23  REQUEST NO. 18:

24  All documents and communications concerning Johann Gevers' request for the Foundation to pay

25  him a bonus.

26

27

28

PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS
17-cv-07095-RS                                                                          - 7 -

<u>REQUEST NO. 19:</u>

All documents and communications relating to the removal of, or attempts to remove, Johann Gevers from the Foundation board.

<u>REQUEST NO. 20:</u>

All documents and communications relating to the suspension of Johann Gevers's operational role in the Foundation.

<u>REQUEST NO. 21:</u>

All documents and communications related to any agreements between and among DLS and the Foundation.

<u>REQUEST NO. 22:</u>

All documents and communications relating to Gevers' allegations that the "Breitmans have been trying to control the foundation as if it were their own private entity by bypassing the foundation's legal structure and interfering with management and operations" and of the Breitmans "illegal coup" as alleged in ¶ 104 of the Complaint.

<u>REQUEST NO. 23:</u>

All documents and communications concerning the Foundation's involvement in the promotion of the ICO, or the solicitation of ICO proceeds, or the creation of websites to promote or facilitate the ICO.

<u>REQUEST NO. 24:</u>

All documents and communications concerning any activities undertaken by the Foundation, its officers, or agents, in the United States.

<u>REQUEST NO. 25:</u>

All communications between the Breitmans and/or DLS and the Foundation since the ICO.

///

///

///

///

PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS
17-cv-07095-RS                                                                - 8 -

1  REQUEST NO. 26:

2  All documents sufficient to itemize the expenses and any other payments by the Foundation paid

3  for by proceeds from the ICO, including attorneys' fees, salaries, bonuses or other payments to the

4  Foundation directors or others.

5                                        Respectfully submitted,

6  DATED: January 10, 2018              **HAGENS BERMAN SOBOL SHAPIRO LLP**

7                                        By:____/s/  *Reed R. Kathrein*_____
8                                        Reed R. Kathrein (139304)
                                         Peter E. Borkon (212596)
9                                        Danielle Charles (291237)
                                         715 Hearst Ave., Suite 202
10                                       Berkeley, CA 94710
                                         Telephone: (510) 725-3000
11                                       Facsimile: (510) 725-3001
                                         Email: reed@hbsslaw.com
12                                              peterb@hbsslaw.com
13                                              daniellec@hbsslaw.com

14                                       Steve W. Berman
15                                       HAGENS BERMAN SOBOL SHAPIRO LLP
                                         1918 Eighth Avenue, Suite 3300
16                                       Seattle, WA 98101
                                         Telephone: (206) 623-7292
17                                       Facsimile:  (206) 623-0594
                                         Email: steve@hbsslaw.com
18
                                         Jason M. Leviton, (*Pro Hac Vice* to be submitted)
19                                       Joel A. Fleming (281264))
                                         Jacob A. Walker (271217)
20                                       BLOCK & LEVITON LLP
                                         155 Federal Street, Suite 400
21                                       Boston, MA 02110
                                         Telephone: (617) 398-5600
22                                       Email: jason@blockesq.com
                                                joel@blockesq.com
23                                              jake@blockesq.com

24                                       *Attorneys for Plaintiff*

25

26

27

28

010650-
11 1005167 V1
PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS
17-cv-07095-RS                                                                          - 9 -