# Exhibit C

Reed R. Kathrein (139304)
Peter E. Borkon (212596)
Danielle Charles (291237)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
peterb@hbsslaw.com
daniellec@hbsslaw.com

*Attorneys for Plaintiffs*
*[Additional counsel listed on signature page]*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE MACDONALD, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>DYNAMIC LEDGER SOLUTIONS, INC., a Delaware corporation, TEZOS STIFTUNG, a Swiss Foundation, KATHLEEN BREITMAN, an Individual, ARTHUR BREITMAN, an Individual, TIMOTHY COOK DRAPER, an individual, DRAPER ASSOCIATES, JOHANN GEVERS, DIEGO PONZ, GUIDO SCHMITZ-KRUMMACHER, BITCOIN SUISSE AG, NIKLAS NIKOLAJSEN  and DOES 1-100, INCLUSIVE,<br><br>　　　　　　　　　　　　Defendants. | Case No. 3:17-cv-07095-RS<br><br>CLASS ACTION<br><br>**PLAINTIFFS' NOTICE OF DEPOSITION OF DEFENDANT TEZOS STIFTUNG PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)** |

10650.11 961797v1

1   PLEASE TAKE NOTICE that, pursuant to Rules 30 and 45 of the Federal Rules of Civil

2   Procedure, Plaintiffs in the above-captioned action, by its counsel, will take the oral deposition of

3   Defendant Tezos Stiftung regarding the subject matters set forth in the attached Schedule B, which

4   shall be interpreted in accordance with the definitions and instructions set forth in Schedule A.

5   The deposition shall commence at 10:00 a.m. on March 7, 2018 at the Berkeley offices of

6   Hagens Berman Sobol Shapiro LLP, or at such other time and location as agreed upon by counsel,

7   and continuing thereafter until completed.  The deposition will be recorded by stenographic means.

8   By March 2, 2018, Defendant Tezos Stiftung shall provide a written designation of the

9   name(s) and position(s) of the one or more officers, directors, or managing agents, or other persons

10  who will be produced to testify on Tezos Stiftung's behalf concerning the matters set forth in

11  Schedule B.  Pursuant to Federal Rule of Civil Procedure 30(b)(6), the person(s) designated by Tezos

12  Stiftung should be prepared to testify to such matters known or reasonably available to Tezos

13  Stiftung  The person testifying shall bring to the deposition, or produce beforehand, all documents

14  reviewed, relied upon or considered in preparation of the deposition.

DATED: January 10, 2018                  Respectfully submitted,

**HAGENS BERMAN SOBOL SHAPIRO LLP**

By: */s/ Reed R. Kathrein*
Reed R. Kathrein (139304)
Peter E. Borkon (212596)
Danielle Charles (291237)
715 Hearst Ave., Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
Email: reed@hbsslaw.com
          peterb@hbsslaw.com
          daniellec@hbsslaw.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
Email: steve@hbsslaw.com

Jason M. Leviton, (*Pro Hac Vice* to be submitted)
Joel A. Fleming (281264))
Jacob A. Walker (271217)
BLOCK & LEVITON LLP
155 Federal Street, Suite 400
Boston, MA 02110
Telephone: (617) 398-5600
Email: jason@blockesq.com
          joel@blockesq.com
          jake@blockesq.com

*Attorneys for Plaintiff*

# SCHEDULE A

# DEFINITIONS AND INSTRUCTIONS

1. "Defendants" "you" or "your" refers to Dynamic Ledger Solutions, Inc., Tezos Stiftung, Kathleen Breitman, Arthur Breitman, Timothy Cook Draper, Draper Associates, Johann Gevers, Diego Ponz, Guido Schmitz-Krummacher, Bitcoin Suisse AG, and Niklas Nikolajsen. All references to the "Breitmans" (plural) refer to both Defendant Kathleen Breitman and Defendant Arthur Breitman.

2. "Communication" or "communications" refers to every manner or means of disclosure, transfer or exchange of information (in the form of facts, ideas, inquiries or otherwise), whether orally, electronically, by document, telecopier, mail, personal delivery or otherwise.

3. The "Complaint" refers to Plaintiffs' Class Action Complaint for Violations of California Corporations Code § 25110 and California's Unfair Competition Laws (Dkt. No. 1) in the above-captioned case. All paragraph references herein are to the Complaint.

4. "DLS," or "Dynamic Ledger Solutions" refers to defendant Dynamic Ledger Solutions, Inc. and its parents, subsidiaries, predecessors, successors, divisions, affiliates, operating units, controlling persons, controlled persons, officers, directors, employees, representatives or agents.

5. "ICO Proceeds" refers to all funds collected via or derived from the Tezos Initial Coin Offering (the "ICO" or "Tezos ICO").

6. "Putative Class," "Member of Putative Class," or "Putative Class Member," as defined in ¶1 of the Complaint, refers to:
> [A]ll persons who purchased Tezos tokens (aka "XTZ", "Tezzies" or "tez") by contributing fiat currency (e.g., U.S. Dollars) or other consideration (including the blockchain-based digital currencies bitcoin (BTC) and/or Ethereum ("ETC" or "ether")) to the Tezos "Initial Coin Offering" ("ICO") in July 2017.

7. "Tezos Stiftung", "Tezos Foundation", or the "Foundation" refers to Defendant Tezos Stiftung and its parents, subsidiaries, predecessors, successors, divisions, affiliates, operating units, controlling persons, controlled persons, officers, directors, employees, representatives or agents.

8. These requests are being made on an expedited basis, and Plaintiff reserves all rights to supplement these requests in the ordinary course.

## SCHEDULE B

## TOPICS FOR DEPOSITION

1. ICO Proceeds (including how and in what form those proceeds were obtained, where those proceeds exist, how and for what purpose they have been transferred since they were obtained, the process by which they may be transferred or exchanged, the processes and procedures for safekeeping those proceeds, and recordkeeping related to those proceeds).

2. Regulatory intervention or oversight by Swiss authorities over Tezos Stiftung.

3. Any documents relating to the results of any audits of Tezos Stiftung.

4. The resignation of Defendant Schmitz-Krummacher and his replacement and/or efforts to select his replacement.

5. The termination of the Foundation's auditor.

6. The formation and governance of the Foundation.

7. The selection of the directors of the Foundation.

8. The basis of, the allegations by the Breitmans against Johann Gevers as alleged in ¶¶ 102-103 of the Complaint.

9. The 46-page letter referenced in ¶ 103 of the Complaint, as well as the allegations of self-dealing by Johann Gevers.

10. Johann Gevers' request for the Foundation to pay him a bonus.

11. The removal of, or attempts to remove, Johann Gevers from the Foundation board.

12. The suspension of Johann Gevers's operational role in the Foundation.

13. Any investigation or audits of the Foundation and the ICO Proceeds.

14. Gevers' allegations that the "Breitmans have been trying to control the foundation as if it were their own private entity by bypassing the foundation's legal structure and interfering with management and operations" and of the Breitmans "illegal coup" as alleged in ¶ 104 of the Complaint.

PLAINTIFFS' NOTICE OF DEPOSITION - No. 3:17-cv-07095-RS   - 4 -

10721.11 961797v1

15. Communications between the Breitmans and/or DLS and the Foundation since the ICO.

16. Any agreements between DLS and the Foundation.

17. The Foundation's involvement in the promotion of the ICO, or the solicitation of ICO proceeds, or the creation of websites to promote or facilitate the ICO.

18. Activities undertaken by the Foundation, its officers, or agents, in the United States.