BAKER MARQUART LLP
BRIAN E. KLEIN (258486) (bklein@bakermarquart.com)
SCOTT M. MALZAHN (229204) (smalzahn@bakermarquart.com)
CARTER L. GEORGE (308775) (cgeorge@bakermarquart.com)
2029 Century Park East, Suite 1600
Los Angeles, CA 90067
Telephone: (424) 652-7814
Facsimile: (424) 652-7850

COOLEY LLP
PATRICK E. GIBBS (183174) (pgibbs@cooley.com)
JEFFREY M. KABAN (235743) (jkaban@cooley.com)
3175 Hanover Street
Palo Alto, CA  94304-1130
Telephone:   (650) 843-5000
Facsimile:     (650) 849-7400

COOLEY LLP
DANIEL L. SACHS (294478) (dsachs@cooley.com)
1299 Pennsylvania Ave. NW Suite 700
Washington, DC 20004
Telephone: (202) 728-7114
Facsimile: (202) 842-7899

Attorneys for Defendant
DYNAMIC LEDGER SOLUTIONS, INC., a Delaware Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BRUCE MACDONALD, individually and on behalf of all others similarly situated, | Case No: 3:17-cv07095-RS |
| Plaintiff, | **DEFENDANT DYNAMIC LEDGER SOLUTION, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY** |
| v. | |
| DYNAMIC LEDGER SOLUTIONS, INC., a Delaware corporation, TEZOS STIFTUNG, a Swiss foundation, KATHLEEN BREITMAN, an individual, ARTHUR BREITMAN, an individual, TIMOTHY COOK DRAPER, an individual, DRAPER ASSOCIATES, JOHANN GEVERS, an individual, DIEGO PONZ, GUIDO SCHMITZ-KRUMMACHER, BITCOIN SUISSE AG, NIKLAS NIKOLAJSEN and DOES 1 through 100, inclusive, | Court:   3
Judge:   Hon. Richard Seeborg |
| Defendants. | |

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION……………………………………………………………………..1

II.     ARGUMENT……………………………………………………………………..3

     A.      MacDonald Fails To Show That His Discovery Requests Are Permissible Under The PSLRA……………………………………………………………………..3

         1.      The PSLRA's Automatic Discovery Stay Applies To This Action…………3

         2.      MacDonald Fails To Show That The Proposed Discovery Is "Particularized" And "Necessary" To Preserve Evidence Or To Prevent Undue Prejudice…………………………………………………………...7

     B.      MacDonald Has Not Established Good Cause For Expedited Discovery…………..8

         1.      MacDonald Has Not Demonstrated A Need for Expedited Discovery That Outweighs The Severe Prejudice DLS Would Suffer from MacDonald's Broad and Unduly Burdensome Discovery Requests………………………..8

         2.      MacDonald's Own Distinguishable Cases Demonstrate Expedited Discovery Is Not Warranted In This Case…………………………………11

III.    CONCLUSION……………………………………………………………………13

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*In re Am. Funds Sec. Litig.*,
   493 F. Supp. 2d 1103 (C.D. Cal. 2007) ..............................................................3, 7, 8

5

6

*Am. LegalNet, Inc. v. Davis*,
   673 F.Supp.2d 1063 (C.D. Cal. 2009) ...................................................................11

7

8

*Arista Records LLC v. Does 1-43*,
   2007 WL 4538697 (S.D. Cal. Dec. 20, 2007)........................................................12

9

*Baker v. Dynamic Ledger Solutions, Inc.*,
   No. 3:17-cv-06860 (N.D. Cal. Nov. 29, 2017)......................................................1, 5

10

11

*Cheng v. AIM Sports, Inc.*,
   2011 WL 13196557 (C.D. Cal. Mar. 30, 2011) ....................................................10

12

13

*In re Dot Hill Sys. Corp. Sec. Litig.*,
   594 F. Supp. 2d 1150 (S.D. Cal. 2008)..................................................................6, 7

14

*Facebook, Inc. v. Various, Inc.*,
   2011 WL 2437433 (N.D. Cal. 2011) ........................................................................9

15

16

*In re Fannie Mae Sec. Litig.*,
   362 F. Supp. 2d 37 (D.D.C. 2005) ............................................................................7

17

*Faulkner v. Verizon Communications Inc.*,
   156 F. Supp. 2d 384 (S.D.N.Y. 2001).......................................................................7

18

19

*Gardner v. Major Automotive Co.*,
   2012 WL 1230135 (E.D.N.Y. April 12, 2012) .........................................................5

20

*Gaviria v. Dynamic Ledger Solutions, Inc.*,
   No. 6:17-cv-01959 (M.D. Florida Nov. 13, 2017)..................................................1, 3

21

22

*GGCC, LLC v. Dynamic Ledger Solutions, Inc.*,
   No. 3:17-cv-06779 (N.D. Cal. Nov. 26, 2017) ......................................................3, 5

23

24

*Gucci America, Inc. v. Daffy's, Inc.*,
   2000 WL 1770738 (D.N.J. 2000) .............................................................................9

25

*In re JDS Uniphase Corp. Sec. Litig.*,
   238 F. Supp. 2d 1127 (N.D. Cal. 2002) ....................................................................3

26

27

*Lilith Games (Shanghai) Co. Ltd. v. uCool, Inc.*,
   2015 WL 3523405 (N.D. Cal. June 4, 2015) .....................................................10, 11

28

*MacDonald v. Dynamic Ledger Solutions, Inc.*,
  No. 3:17-cv-7095 (N.D. Cal. Dec. 13, 2017) ............................................................3, 4

*Magellan Grp. Inv., LLC v. First Indigenous Depository Co., LLC*,
  2005 WL 1629940 (N.D. Cal. July 8, 2005) ..................................................................10

*Okusko v. Dynamic Ledger Solutions, Inc.*,
  No. 3:17-cv-06829 (N.D. Cal. Nov. 28, 2017) ........................................................3, 5, 9

*Palermo v. Underground Sols., Inc.*,
  2012 WL 2106228 (S.D. Cal. June 11, 2012) ................................................................11

*Rovio Entm't Ltd. v. Royal Plush Toys, Inc.*,
  907 F. Supp. 2d 1086 (N.D. Cal. 2012) ...........................................................................9

*Salameh v. Tarsadia Hotels*,
  2012 WL 12941995 (S.D. Cal. July 2, 2012) ...................................................................6

*Semitool, Inc. v. Tokyo Electron Am., Inc.*,
  208 F.R.D. 273 (N.D. Cal. 2002) ...............................................................................10, 12

*SG Cowen Sec. Corp. v. U.S. Dist. Court for N. Dist. of CA*,
  189 F.3d 909 (9th Cir. 1999) .....................................................................................5, 8

**Statutes**

15 U.S.C. §§ 77, *et seq.* ..............................................................................1, 3, 5, 6, 7

**Other Authorities**

H.R. Rep. No. 104-369 (1995) ...........................................................................................3

H.R. Rep. No. 105–640 (1998) ...........................................................................................6

S. Rep. No. 104–98 (1998). ................................................................................................3

# I.     INTRODUCTION

Plaintiff Bruce MacDonald's ("MacDonald") motion for expedited discovery (the "Motion") (ECF No. 57), seeks premature discovery that is disproportional to the needs of the case, and violates federal law and the federal rules.  Defendant Dynamic Ledger Solutions, Inc. ("DLS") agrees and joins in the arguments set forth in Defendant Tezos Stiftung's (the "Foundation's") opposition. In addition to those arguments, MacDonald's Motion must be denied because the discovery he seeks  (1) violates the automatic discovery stay imposed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (2) his overbroad and burdensome discovery requests as to DLS are not permitted under the federal rules.

First, MacDonald's Motion ignores the automatic discovery stay imposed by the PSLRA; as a result, he misstates the applicable legal standard.  Under established Ninth Circuit authority, the PSLRA authorizes staying all discovery in securities class actions until such time as the Court has sustained the legal sufficiency of the operative complaint.  The automatic stay of discovery can be lifted if "the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party."  15 U.S.C. §§ 77z–1(b)(1) & 78u–4(b)(3)(B).  MacDonald cannot meet that heavy burden.  In fact, he has not even attempted to make any showing that the sought-after discovery is "particularized" or "necessary to preserve evidence or to prevent undue prejudice."

MacDonald should not be permitted to circumvent the automatic discovery stay by seeking discovery before heeding this Court's instructions that the parties consolidate the related actions. At the December 19, 2017 hearing on MacDonald's application for a temporary restraining order, this Court stated that it intends to "consolidate" this action with the three other related class actions currently pending before it and instructed counsel to coordinate with each other.[1]  (*See* Hearing

---

[1] As this Court is aware, this action filed by MacDonald is the last of five nearly identical securities class actions asserting claims in connection with the Foundation's fundraiser that sought contribution to promote and develop the Tezos protocol and blockchain.  *See Baker v. Dynamic Ledger Solutions, Inc.*, Case No. 3:17-cv-06860, United States District Court, Northern District of California (filed October 25, 2017) ("*Baker*"); *Gaviria v. Dynamic Ledger Solutions, Inc.,* Case No. 6:17-cv-01959, United States District Court, Middle District of Florida (filed November 13, 2017)

DLS' OPPOSITION TO MOTION FOR EXPEDITED DISCOVERY 3:17-cv-07095-RS

Transcript dated December 19, 2017 (hereinafter, "Tr."), at 59-60.) MacDonald's Motion provides no evidence that his counsel has heeded the Court's directive and suggests instead that MacDonald prefers to delay the Court's requested consolidation for strategic advantage. Plaintiffs' consolidated complaint will undoubtedly assert federal claims under the Securities Act of 1933 – such claims were alleged in all the other related actions before this Court and the MacDonald Complaint alleges that "Tezos tokens are securities under...federal law." Compl. ¶ 69. Accordingly, once a consolidated complaint is filed, all discovery will be automatically stayed under the PSLRA until the legal sufficiency of the consolidated complaint has been sustained. MacDonald should not be permitted to make an end run around this stay by seeking discovery while delaying compliance with this Court's order.

Second, even if the good cause standard for conducting expedited discovery before the Rule 26(f) conference governs this Motion, MacDonald still has failed to uphold his burden of proof. MacDonald offers three purported justifications for expedited discovery. (Mot. at 3.) The first two justifications – *i.e.*, the Swiss defendants' personal jurisdiction defenses and the safety of the fundraiser proceeds – do not apply to DLS. DLS does not dispute it is subject to personal jurisdiction in California. Additionally, DLS does not hold or otherwise control the assets of the fundraiser. Nor has MacDonald presented any evidence to the contrary. The sole remaining justification offered for expedited discovery is a desire to "investigate" certain allegedly "'worrisome' facts identified by the Court" in its order denying the application for a temporary restraining order, in order to "determine whether to move for a preliminary injunction on a more complete record[.]" (*Id.*) However, this Court already has found, based on the exact same record presented by this Motion, that there is "not sufficient [evidence] to support a finding of irreparable harm[.]" (*Id.* at 6-7.)

---

("*Gaviria*"); *GGCC, LLC v. Dynamic Ledger Solutions, Inc.*, Case No. 3:17-cv-06779, United States District Court, Northern District of California (filed November 26, 2017) ("*GGCC*"); *Okusko v. Dynamic Ledger Solutions, Inc.*, Case No. 3:17-cv-06829, United States District Court, Northern District of California (filed November 28, 2017) ("*Okusko*"); and *MacDonald v. Dynamic Ledger Solutions, Inc.*, Case No. 3:17-cv-7095, United States District Court, Northern District of California (filed December 13, 2017) ("*MacDonald*"). At this time, with the exception of *Gaviria*, all of those complaints are pending before this Court.

DLS' OPPOSITION TO MOTION FOR EXPEDITED DISCOVERY 3:17-cv-07095-RS

1      Finally, MacDonald's proposed discovery requests to DLS are not "targeted" and "narrow."

2  He seeks to propound 26 document requests and conduct a Rule 30(b)(6) deposition of DLS on 10

3  topics covering documents and testimony relating to DLS's formation, governance, capital

4  structure, audits, and relationship with the Foundation, in addition to all communications between

5  Arthur Breitman, Kathleen Breitman, DLS and the Foundation since the fundraiser and a plethora

6  of other topics.  This discovery is a pretext to conduct a fishing expedition into every possible issue

7  related to this case and is designed to increase costs and pressure on defendants.  The discovery

8  requests are unduly burdensome and violate the principles of Rule 26 that discovery should be

9  conducted after the Rule 26(f) conference."

10     For these reasons this Court should deny the Motion in its entirety.

11 **II.     ARGUMENT**

12     A.    ***MacDonald* Fails To Show That His Discovery Requests Are Permissible Under
             The PSLRA.**

13           **1.      The PSLRA's Automatic Discovery Stay Applies To This Action.**

14     Congress passed the PSLRA to curb "abusive practices committed in private securities

15 litigation."  H.R. Rep. No. 104-369 at 31 (1995) (Conf. Rep.).  Among its other reforms, the

16 PSLRA states that "all discovery and other proceedings shall be stayed during the pendency of any

17 motion to dismiss."  15 U.S.C. § 77z-1(b)(1).  Recognizing that the "cost of discovery often forces

18 innocent parties to settle frivolous securities class actions," H.R. Conf. Rep. No. 104–369, at 37,

19 1995 U.S.C.C.A.N. at 730, 736, Congress enacted the mandatory stay of discovery, in part, to

20 prevent plaintiffs from filing frivolous lawsuits and using it as a vehicle "in order to conduct

21 discovery in the hopes of finding a sustainable claim not alleged in the complaint."  S. Rep. No.

22 104–98, at 14 (1998), 1995 U.S.C.C.A.N. at 679, 693.

23     "The Ninth Circuit has interpreted the automatic stay on all discovery under the PSLRA as

24 applying not only when a motion to dismiss is pending, but from the filing of the case until such

25 time that 'the court has sustained the legal sufficiency of the complaint.'"  *In re Am. Funds Sec.*

26 *Litig.*, 493 F. Supp. 2d 1103, 1105 (C.D. Cal. 2007) (quoting *SG Cowen Sec. Corp. v. U.S. Dist.*

27 *Court for N. Dist. of CA*, 189 F.3d 909, 911 (9th Cir. 1999)); *see also In re JDS Uniphase Corp.*

28

DLS' OPPOSITION TO MOTION FOR EXPEDITED
DISCOVERY 3:17-cv-07095-RS

*Sec. Litig.,* 238 F. Supp. 2d 1127, 1133 (N.D. Cal. 2002) (PSLRA discovery stay applies because Court had not had the opportunity to sustain the legal sufficiency of the complaint).

As a threshold matter, it is indisputable that this Court has not sustained the legal sufficiency of any of the four related complaints in this action.[2]  For this reason alone MacDonald's Motion should be denied.  *Id.*

MacDonald's Motion should also be denied because it reflects a manipulative attempt to evade the Court's clear direction.  In this case, this Court directed the parties to "consolidate" this action with three other nearly identical putative class actions pending before this Court.  (ECF No. 35 at 6-7.)  It also directed counsel "to work together and give me a proposed plan of some kind as to how you want this to be litigated."  (Tr. at 59-60.)  Plaintiffs' counsel have informed Defendants' counsel that they have discussed issues regarding consolidation, but a month later no plan has been proposed to Defendants' counsel or to the Court.  Much like with his TRO, MacDonald has not been appointed lead plaintiff and does not represent the proposed class.  Yet, he is once again attempting to make unilateral decisions for how this case should be litigated as opposed to heeding the Court's advice and presenting a proposed plan in conjunction with the other plaintiffs.  MacDonald is no doubt proceeding this way in an attempt to avoid the PSLRA's discovery stay.  The Court should reject this tactic and deny MacDonald's motion for expedited discovery.

In a transparent attempt to circumvent the protections of the PSLRA, MacDonald alleged state-law causes of action instead of claims based on federal law.  Plaintiff has all but acknowledged that he asserted state law claims instead of federal securities law claims in order to avoid the PSLRA.  (*See* ECF No. 8 at 2; Tr. at 6:9-12.))[3]  MacDonald's state-law claims are not factually distinct from federal claims for which discovery is stayed (*see MacDonald* Compl. ¶ 69), and at least one claim expressly relies on an alleged underlying violation of federal securities law.

---

[2]It is worth noting that MacDonald's Complaint asserts only two claims, one of which is a claim under California's Unfair Competition Law ("UCL") (Business & Professions Code section 17200 *et. seq.*)  MacDonald's UCL claim, however, is obviously not viable.  This Court has followed the holding of B*owen v. Ziasun Tech. Inc.*, 116 Cal. App. 4th 777, 789-90, 11 Cal. Rptr. 3d 522 & n.9 (2004) that the UCL's protections do not extend to securities transactions. See *Siegal v. Gamble*, 2016 U.S. Dist. LEXIS 36346, *22-23 (N.D. Cal 2016).

[3] Recognizing the weakness of this position, MacDonald fails to address the PSLRA discovery stay in any form in his Motion.

4

In the first cause of action for violation of California's Corporate Securities Law of 1968, MacDonald alleges "Defendants offered and sold, or otherwise participated in the offer and sale of over 600 million unregistered non-exempt securities[.]"  (*Id.*, ¶ 126.)  The second cause of action for violation of California's UCL (which as noted above fails to state a claim), alleges Defendants "engaged in unlawful business practices" because they failed "to register Tezos tokens as a security with the SEC prior to offering them to the public" in violation of state law and "Sections 5(a) and 5(c) of the Securities Act[.]"  (*Id.*, ¶ 135(a).)  Indeed, MacDonald's counsel has admitted:  "I don't think there's a meaningful difference in terms of success on the merits [between the federal and state claims.]  I think both the California Securities Act and the Federal Securities Act both prohibit the unregistered sale of securities."  (Tr. at 20.)

        This Court should not permit MacDonald to circumvent the PSLRA discovery stay.  "First, the PSLRA stay provision expressly applies to federal securities *actions* (not claims) arising under the [Securities] Act [and . . .] the automatic stay provisions of the PSLRA extend to state securities claims and non-securities claims brought in actions involving federal securities claims."  *Gardner v. Major Automotive Co.,* 2012 WL 1230135 at *3-5 (E.D.N.Y. April 12, 2012) (staying discovery on federal and state law claims and collecting cases); 15 U.S.C. § 77z-1(b)(1) (staying discovery "in any private action arising under this subchapter.").  Every other related complaint pending before this Court regarding Tezos tokens includes Securities Act claims.[4]  Therefore this action, once consolidated, and the consolidated complaint, once filed, will inevitably include federal claims under the Securities Act for which discovery must be stayed under the PSLRA.  *Id.*  MacDonald's gamesmanship should not be rewarded by permitting pre-motion to dismiss discovery that would be precluded once the cases are consolidated.  *See SG Cowen,* 189 F.3d at 913 n.1 (granting writ to vacate order for limited discovery on state and federal law claims filed in federal court in part

---

[4] *See Baker* Compl., ¶¶ 84-88 (alleging that the "Tezos Defendants" unlawfully offered to sell or sold "securities" without properly registering those securities in violation of the Securities Act of 1933); *GGCC* Compl., ¶¶ 84-90 (alleging that "Defendants . . . promoted, offered and/or sold securities through the Tezos ICO", without properly registering those securities in violation of the Securities Act of 1933); *Okusko* Compl., ¶¶ 57-60 (asserting a claim for violation of Section 12 of the Securities Act of 1933 for unlawfully "offering, selling, or delivering unregistered securities").

DLS' OPPOSITION TO MOTION FOR EXPEDITED DISCOVERY 3:17-cv-07095-RS

because "Congress' attempt to address concerns of discovery abuse would be rendered meaningless if securities plaintiffs could circumvent the stay [by creatively pleading around them.]".

Further, staying discovery on the MacDonald complaint even if it had been filed alone is consistent with congressional intent. The Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), added a provision to the PSLRA entitled "Circumvention of Stay of Discovery," which provides that "[u]pon a proper showing, a court may stay discovery proceedings in any private action in a State court, as necessary in aid of its jurisdiction, or to protect or effectuate its judgments, in an action subject to a stay of discovery pursuant to this paragraph." 15 U.S.C. §§ 77z-1(b)(4), 78u-4(b)(3)(B); *see also* H.R. Rep. No. 105–640, at 17–18 (1998) (explaining that the purpose of this provision is "to prevent plaintiffs from circumventing the stay of discovery under the [PSLRA] by using State court discovery, which may not be subject to those limitations, in an action filed in State court"). Federal courts have relied on this provision to stay discovery in federal and state courts where there is a "risk of federal plaintiff obtaining the state plaintiff's discovery," (*Salameh v. Tarsadia Hotels*, 2012 WL 12941995 at *2 (S.D. Cal. July 2, 2012)) or where there is "substantial factual and legal overlap between" the federal and state actions. *In re Dot Hill Sys. Corp. Sec. Litig.*, 594 F. Supp. 2d 1150, 1166 (S.D. Cal. 2008). Such rulings reflect "Congress' intent for a liberal application of SLUSA's discovery stay provision" in order to prevent "federal plaintiff[s from acquiring] access to discovery obtained via [] state-court action[s and] impermissibly burden[ing] defendants, who need not participate in discovery regarding securities fraud claims until the federal plaintiffs survive the motion to dismiss." *Id.*; *see also Salameh*, 2012 WL 12941995 at *2 (S.D. Cal. July 2, 2012) (citing *SG Cowen* and staying discovery in state court proceedings because "there is little doubt that federal Plaintiffs would obtain the state plaintiff's discovery [. . . which is a risk and expense that] Congress intended to prevent with the discovery stay provisions of the PSLRA."

Here, MacDonald should not be permitted to obtain discovery for the same reasons. MacDonald's counsel acknowledged that there is "no meaningful difference," and thus substantial factual and legal overlap between the state and federal claims. (Tr. at 20.) In addition, if the MacDonald action is consolidated or coordinated, there is a substantial risk that MacDonald's

6

discovery could end up in the hands of his co-plaintiffs, who are otherwise subject to the PSLRA discovery stay.  See *Dot Hill Sys. Corp. Sec. Litig.*, 594 F. Supp. 2d at 1167 ("the Court recognizes the 'very real possibility' that the factual overlap will force Dot Hill 'to provide discovery to [other] plaintiffs on matters relating directly to the claims of the plaintiffs in this case while the PSLRA discovery stay is still in effect.")

      2.       **MacDonald Fails To Show That The Proposed Discovery Is "Particularized" And "Necessary" To Preserve Evidence Or To Prevent Undue Prejudice.**

      Under the PSLRA, the automatic stay of discovery can be lifted if "the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. §§ 77z–1(b)(1) & 78u–4(b)(3)(B).  Congress did not intend this to be an easy test to meet.  The courts have described the plaintiff's burden as a "heavy one," as exemplified by the fact that the sole example proffered in the congressional reports as justifying a lifting of the stay is the terminal illness of an important witness whose testimony may become unavailable if not taken prior to a ruling on the motion to dismiss.  *In re Fannie Mae Sec. Litig.*, 362 F. Supp. 2d 37, 38 (D.D.C. 2005); *Faulkner v. Verizon Communications Inc.*, 156 F. Supp. 2d 384, 402 (S.D.N.Y. 2001) (quoting S. Rep. No. 104-98, at 14 (1995), reprinted in 1995 U.S.C.C.A.N. 679).  Additionally, "'[p]articularized discovery' has been interpreted as requiring parties to identify with specificity the documents requested."  *In re Am. Funds Sec. Litig.*, 493 F. Supp. 2d at 1107.

      MacDonald does not argue and cannot prove that his sought-after discovery is "particularized" and "necessary to preserve evidence or to prevent undue prejudice" as required under the PSLRA.  He does not identify any concerns relating to the availability of witnesses or other issues relevant to the preservation of evidence.  Nor are the proposed discovery requests particularized.  To the contrary, every single one of the 25 document requests seek "any" or "all" documents or communications on a wide range of subjects.  (*See* ECF No. 57-1 (Ex. A).)  For example, Request No. 25 seeks "all communications between the Breitmans and/or DLS and the foundation since the ICO."  (*Id.*)  Likewise, the 10 proposed deposition topics cover a wide range of sensitive topics, including "[t]he formation and governance of DLS," "[t]he capital structure of

1  DLS" and "[a]ny documents relating to the results of any audits of Defendant DLS."  (ECF No. 57-

2  2 (Ex. B).)[5]  No explanation is offered as to why these discovery requests are necessary to preserve

3  evidence or prevent undue prejudice.

4     Additionally, because the time has not yet passed for the plaintiffs in the related actions

5  pending before this Court to file a consolidated complaint, there is a substantial risk of prejudice to

6  defendants if the PSLRA discovery stay is lifted at this time.  *See SG Cowen,* 189 F.3d at 912

7  ("Congress clearly intended that complaints in these securities actions should stand or fall based on

8  the actual knowledge of the plaintiffs rather than information produced by the defendants after the

9  action has been filed.") (quoting *Medhekar v. United States District Court,* 99 F.3d 325, 328 (9th

10  Cir. 1996)).  If MacDonald is allowed to take discovery before the Court has sustained the legal

11  sufficiency of a consolidated complaint, plaintiffs in the related actions might attempt to use the

12  information obtained in discovery "in addressing a motion to dismiss or amending their claims in

13  direct contravention of one of the purposes of the PSLRA."  *In re Am. Funds Sec. Litig.*, 493 F.

14  Supp. 2d at 1106–07.

15    **B.**  **MacDonald Has Not Established Good Cause For Expedited Discovery.**

16     In the alternative, if this Court declines to apply the PSLRA discovery stay, MacDonald still

17  has not upheld his substantial burden of showing good cause for expedited discovery before the

18  Rule 26(f) conference has taken place.  As discussed in the Foundation's opposition, MacDonald

19  has not even come close to establishing good cause.  This is especially true with respect to the

20  proposed discovery requests for DLS.  MacDonald simply has not presented evidence that shows a

21  need for expedited discovery that outweighs the prejudice to DLS, and his own case law

22  demonstrates that MacDonald has not upheld his burden of proof.

23  _____

24  [5] The definition of "document" in MacDonad's document requests spans nearly twenty (20) lines of
text and includes, "but is not limited to, correspondence, memoranda, notes, records, letters,

25  envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts,
analytical records, reports and/or summary of investigations, trade letters, press releases,

26  comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures,
pamphlets, circulars, bulletins, notices, diagrams, instructions [and] notes or minutes of meetings or

27  other communications of other type" and the list goes on.  (ECF No. 57-1 at 2.)  This is not
particularized, and in any event, likely also includes material protected against disclosure by the

28  attorney-client and/or attorney work product privilege(s).

1. **MacDonald Has Not Demonstrated A Need for Expedited Discovery That Outweighs The Severe Prejudice DLS Would Suffer from MacDonald's Broad and Unduly Burdensome Discovery Requests.**

As the Foundation correctly observes, good cause requires a demonstration that a plaintiff's "need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Rovio Entm't Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1099 (N.D. Cal. 2012). The analysis of prejudice to the defendants involves consideration of multiple factors, including whether a motion for preliminary injunction is pending; the breadth of the discovery requests; the purpose for requesting the expedited discovery; the burden on the defendants of complying with the requests; and how far in advance of full discovery the requests were made. *See id.* Each of these factors weigh in favor of finding no good cause to justify expedited discovery on DLS.

First, as he must, MacDonald acknowledges there is no pending motion for a preliminary injunction.[6] Nor is it clear that he ever will file such a motion. Where, as here, a preliminary injunction motion has not been filed, courts are particularly skeptical of motions for expedited discovery. *See, e.g., Facebook, Inc. v. Various, Inc.*, 2011 WL 2437433 (N.D. Cal. 2011) (no good cause for expedited discovery where no preliminary injunction pending but instead merely plaintiff's intention to file one); *Gucci America, Inc. v. Daffy's, Inc.*, 2000 WL 1770738, *5 (D.N.J. 2000) (denying expedited discovery request where no pending motion for preliminary injunction).

Second, as applied to DLS, the only purpose offered for expedited discovery relates to MacDonald's desire to "investigate" corporate infighting, the firing of an auditor, and the development status of the Tezos project in order to "determine whether to move for a preliminary injunction on a more complete record[.]" (Mot. at 3.) At the December 19, 2017 hearing on the application for a temporary restraining order, this Court asked MacDonald to present evidence of the alleged looting: "Is there any evidence that that's taking place? The funds are there. The funds appear not to be even able to be moved even if someone wanted to move them. Where is the

---

[6] After this Court denied MacDonald's application for a temporary restraining order, on December 26, 2017, the named plaintiff in *Okusko* voluntarily withdrew his preliminary injunction motion. (*Okusko* ECF No. 23.)

DLS' OPPOSITION TO MOTION FOR EXPEDITED DISCOVERY 3:17-cv-07095-RS

looting?"  (Tr. at 26.)  MacDonald's counsel was unable to identify any such evidence, except concerns over a seven-figure bonus for the Foundation's President that was never paid.  (*Id*. at 26-30.)  He still has not offered any such evidence.  Further, MacDonald makes no effort to explain how the proposed discovery is needed to identify specific evidence of imminent harm.  In short, MacDonald has not made an evidentiary showing that there is "good cause to provide immediate access to the requested discovery rather than postponing its ultimate production during the normal course of discovery."  *See Magellan Grp. Inv., LLC v. First Indigenous Depository Co., LLC*, No. C 05-01994 JSW, 2005 WL 1629940, at *2 (N.D. Cal. July 8, 2005).  To the contrary, the discovery requests are akin to a fishing expedition searching for fodder to support MacDonald's entire case.  *See Cheng v. AIM Sports, Inc.*, CV103814PSGPLAX, 2011 WL 13196557, at *6 (C.D. Cal. Mar. 30, 2011) (denying discovery request for "all documents," and noting "it was defendants' obligation to narrowly tailor their discovery requests; the Court will not allow defendants to engage in a fishing expedition").

        Third, the proposed discovery requests are extraordinarily broad and unduly burdensome. MacDonald seeks to serve 26 document requests and a Rule 30(b)(6) deposition consisting of 10 topics on DLS that seeks documents and testimony on a wide range of topics, ranging from DLS's "capital structure" to its "formation" and "communications between" the parties and multiple other broadly framed topics.  (ECF No. 57-1, 57-2.)  Making matters worse, each and every document request begins with "any document" or "all documents and communications."  (ECF No. 57-1.) The deposition notice to DLS is even more broadly constructed, and seeks every manner of information on the "ICO Proceeds," as well as information on "any documents" from internal audits, and "any agreements between DLS and the Foundation."  (*See* ECF No. 57-2 (Ex. B) at 6.) Such 30(b)(6) depositions generally are not taken at the inception of discovery.  *See Semitool*, 208 F.R.D. at 276;."  *Lilith Games (Shanghai) Co. Ltd. v. uCool, Inc.*, 15-CV-01267-SC, 2015 WL 3523405, at *3 (N.D. Cal. June 4, 2015).  Granting Plaintiff's expedited discovery request would force Defendants "to interview several employees and review a significant number of documents and communications in a short period of time.  The requested discovery is extremely broad and the antithesis to narrowly-tailored.  The requested discovery is extremely broad and the antithesis to

narrowly-tailored.  They are not designed to "preserve the status quo" but seek to conduct discovery over the entire case and timeline of the parties' relationship.  *See Am. LegalNet, Inc. v. Davis*, 673 F.Supp.2d 1063, 1068 (C.D. Cal. 2009) ("the Court notes plaintiff has not limited its discovery requests to information 'to preserve the status quo,' as it must.")

> ### 2. MacDonald's Own Distinguishable Cases Demonstrate Expedited Discovery Is Not Warranted In This Case.

The Rule 26(f) conference is not scheduled to take place until February 22, 2018, and MacDonald already moved *ex parte* for a temporary restraining order, which was denied.  (*See* ECF No. 35 at 6-7.)  At bottom, MacDonald seeks another bite at the injunction apple, but his cited cases, besides being factually inapposite, actually undercut his argument and demonstrate that the requested discovery is neither narrowly tailored nor appropriate at this stage of the litigation.

None of MacDonald's cited cases support the instant motion.  For example, *Palermo v. Underground Sols., Inc.*, No. 12CV1223-WQH BLM, 2012 WL 2106228 (S.D. Cal. June 11, 2012) pertains to claims over supposedly improper website postings and a *pending* preliminary injunction. There, the court actually denied the plaintiff's request for expedited discovery, finding that the plaintiff already possessed the information that he was seeking to uncover through broad discovery requests.  *Id.* at *2-3.  Like *Palermo*, MacDonald's complaint and temporary restraining order pleadings are replete with specific facts and information concerning the Tezos fundraiser, the relationship between the parties, and the proceeds from the Tezos fundraiser, including their limitation on movement.  (*See* ECF Nos. 1, 8-1 at 1-6 22 at 1-3, 22-1, 23 at 1-9, and 24 (including exhibits).)  Moreover, as in *Palermo*, MacDonald "does not articulate any specific missing evidence, [thus he] has not established 'good cause' for expedited discovery in relation to the pending motion for preliminary injunction."  2012 WL 2106228, at *2.  Importantly, MacDonald wants to conduct the entirety of his discovery before the Rule 26(f) conference, and this is not appropriate grounds for expedited discovery due to the burdens on DLS.  *Id.* at *3 ("Instead, Palermo's request appears to be a vehicle to conduct the entirety of his discovery prior to the Rule 26(f) conference, and would present an undue burden on Defendant at this stage in the proceedings.")

1    MacDonald fares no better under *Arista Records LLC v. Does 1-43*, 2007 WL 4538697

2    (S.D. Cal. Dec. 20, 2007).  That matter dealt with claims of copyright infringement and identifying

3    "Doe" defendants via third party subpoenas who allegedly participated in infringement activities.

4    Identifying certain defendants is what that court referred to as "advancing the litigation," not

5    conducting general discovery.  *See Arista Records*, 2007 4538697, at *1.  In contrast, MacDonald

6    knows the identity and relationships of all defendants and the discovery sought is not directed at

7    third parties but covers multiple defendants and causes of action with broad requests for production

8    and Rule 30(b)(6) depositions.

9        The prejudice to Defendants from MacDonald's expedited discovery requests is exemplified

10   by *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273 (N.D. Cal. 2002), a patent

11   infringement case.  The court there only granted expedited discovery to abide local patent rules and

12   aid the plaintiff in determining whether to allege other patents were infringed by the subject device.

13   *Id.* at 277.  That court also permitted discovery and inspection of the allegedly infringing device

14   because it was not "otherwise accessible."  *Id.*  More importantly, the *Semitool* court noted that the

15   discovery requests were narrowly tailored because they did not entail "a free ranging deposition for

16   which a representative of Defendants may not have had sufficient time or information with which

17   to prepare."  *Id.*  Here, MacDonald has done just that – he seeks at least one wide ranging 30(b)(6)

18   deposition for the persons most knowledgeable at DLS.  The prejudice is palpable because any such

19   corporate representatives do not have sufficient time or information to prepare for a 30(b)(6)

20   deposition *mere weeks* after the complaint was filed.

21       In sum, MacDonald's cited cases confirm that extreme prejudice would result from

22   expedited discovery.  There are no unidentified defendants, information or witnesses that will be

23   otherwise inaccessible at a later point, or even a "pending" preliminary injunction request.  Nor has

24   MacDonald identified additional grounds for a preliminary injunction beyond what he already

25   alleged, which was found to be, at best, "speculative" and insufficient.  (ECF No. 35 at 6-7.)

26   MacDonald earlier acknowledged that "there are procedures in place to make the rapid movement

27   of . . . assets difficult," and it is disingenuous now to claim otherwise and seek Court involvement

28   in an ongoing project.  (*Compare* ECF No. 35 at 6 *with* ECF No. 57 at 5-6.)  He seeks to flog a

12

1  dead horse, and in the process harass DLS and drive up litigation costs, while failing to identify

2  above conjecture how he or any putative class member will be irreparably harmed.  The Court

3  should deny this transparent attempt to rehash MacDonald's application for a temporary restraining

4  order via expedited discovery.

5  **III.  CONCLUSION**

6      For the foregoing reasons, this Court should deny the Motion in its entirety.

7

8  Dated:  January 17, 2018            Respectfully Submitted,

9                    BAKER MARQUART LLP

10

11                   By:  /s/ Scott M. Malzahn

12                      Brian E. Klein
                     Scott M. Malzahn

13                      Carter L. George
                     BAKER MARQUART LLP

14

15                      Patrick Gibbs
                     Jeffrey Kaban

16                      Daniel Sachs
                     COOLEY LLP

17

18                      Attorneys for Defendant
                     DYNAMIC LEDGER SOLUTIONS, INC., a
                     Delaware corporation

19

20

21

22

23

24

25

26

27

28

13