Ronald Rus (SBN 67369)
Leo J. Presiado (SBN 166721)
BROWN RUDNICK LLP
2211 Michelson Drive, 7th Floor
Irvine, CA 92612
Tel: (949) 752-7100
Fax: (949) 252-1514
E-mail: rrus@brownrudnick.com
          lpresiado@brownrudnick.com

-and-

Sigmund S. Wissner-Gross (*pro hac vice to be submitted*)
Jessica N. Meyers (*pro hac vice pending*)
BROWN RUDNICK LLP
7 Times Square
New York, NY 10036
Tel: (212) 209-4800
Fax: (212) 209-4801
E-mail: swissnergross@brownrudnick.com
          jmeyers@brownrudnick.com

*Attorneys for Defendants Bitcoin Suisse AG and Niklas Nikolajsen*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BRUCE MACDONALD, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> DYNAMIC LEDGER SOLUTIONS, INC., a Delaware corporation, TEZOS STIFTUNG, a Swiss Foundation, KATHLEEN BREITMAN, an Individual, ARTHUR BREITMAN, an Individual, TIMOTHY COOK DRAPER, an individual, DRAPER ASSOCIATES, JOHANN GEVERS, DIEGO PONZ, GUIDO SCHMITZ-KRUMMACHER, BITCOIN SUISSE AG, NIKLAS NIKOLAJSEN and DOES 1-100, INCLUSIVE, <br><br> Defendants. | Case No. 3:17-cv-07095-RS <br><br> **DEFENDANTS BITCOIN SUISSE AG'S AND NIKLAS NIKOLASJEN'S OPPOSITION TO PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY** <br><br> DATE:      February 15, 2018 <br> TIME:      1:30 p.m. <br> CTRM:      3 <br> JUDGE:    Hon. Richard Seeborg |

## MEMORANDUM OF POINTS AND AUTHORITIES

Bitcoin Suisse AG ("BTCS") and Niklas Nikolajsen ("Mr. Nikolajsen," and with BTCS, the "BTCS Defendants") submit this opposition to Plaintiffs' Motion for Expedited Discovery [Dkt. No. 57] (the "Motion"), and hereby join in and adopt the points and authorities in Defendant Tezos Stiftung's Opposition to Plaintiff's Motion for Expedited Discovery.

## I.      INTRODUCTION

At the end of 2017, four suits, including the present action (the "Tezos Actions"), were initiated against, *inter alia*, Dynamic Ledger Solutions, Inc. ("Dynamic"), Tezos Stiftung (the "Foundation"), and Kathleen and Arthur Breitman (the "Breitmans," and, with Dynamic and the Foundation, "Tezos") in connection with Tezos' alleged coin offering.[1]  On December 4, 2017, the Tezos Actions were deemed related by this Court for coordinated adjudication.[2]  The BTCS Defendants, however, are named as defendants only in the present action.   As the BTCS Defendants have informed Plaintiff's counsel, they are both based in Switzerland and lack any contacts with this jurisdiction to warrant *in personam* jurisdiction over them.  Accordingly, the BTCS Defendants plan to file a motion to dismiss for lack of personal jurisdiction, which if successful will terminate their involvement as parties in this action.

The Plaintiff now, in advance of the Rule 26(f) conference and defendants' deadline to respond to the Complaint, prematurely seeks broad expedited discovery on a number of topics including, *inter alia*, "the facts relevant to the Swiss Defendants'[3] personal jurisdiction defenses,"

---

[1] *See GGCC, LLC v. Dynamic Ledger Solutions, Inc., et al.*, Case No. 3:17-cv-06779 (N.D. Cal. Nov. 26, 2017) (the "GGCC Action"); *Okusko v. Dynamic Ledger Solutions, Inc., et al.*, Case No. 3:17-cv-06829 (N.D. Cal. Nov. 28, 2017) (the "Okusko Action"); *Baker v. Dynamic Ledger Solutions, Inc., et al.*, Case No. 3:17-cv-06850 (N.D. Cal. Nov. 29, 2017) (the "Baker Action"); *MacDonald v. Dynamic Ledger Solutions, Inc., et al.*, Case No. 3:17-cv-07095 (N.D. Cal. Dec. 13, 2017) (the "MacDonald Action").   The Baker Action was initially filed in California State Court on October 25, 2017, but was subsequently removed to the Northern District of California on November 29, 2017.

[2] Related Case Order, *MacDonald v. Dynamic Ledger Solutions, Inc., et al.*, Case No. 3:17-cv-07095 (N.D. Cal. Dec. 14, 2017) [Dkt. No. 6]; *see also* TRO Hr'g Tr. (Dec. 19, 2017).

[3] The Swiss Defendants are defined by the Plaintiff for purposes of his Motion as the BTCS Defendants, the Foundation, Johann Gevers, Diego Ponz, and Guido Schmitz-Krummacher.

1

1  despite the fact that the "Swiss Defendants" have yet to file a motion to dismiss for lack of personal

2  jurisdiction.   There is a complete absence of any good cause or authority that would permit

3  expedited discovery, under the circumstances, and any such discovery would greatly prejudice the

4  BTCS Defendants who, if successful on their anticipated motion to dismiss for lack of personal

5  jurisdiction, would no longer be a party this action.

6  **II.     RELEVANT FACTUAL BACKGROUND**

7          As the BTCS Defendants will demonstrate in their forthcoming motion to dismiss, BTCS is

8  a licensed financial intermediary incorporated in Switzerland and operating under the laws of

9  Switzerland.  Mr. Nikolajsen, BTCS's CEO, is a resident of Switzerland and has never engaged in

10 business in this jurisdiction, let alone ever visited California.  Neither BTCS nor Mr. Nikolajsen

11 holds any assets in the United States ("US"), including California, and BTCS does not pursue or

12 solicit business within the United States or California specifically.  As the BTCS Defendants will

13 demonstrate in their forthcoming motion to dismiss, BTCS's limited involvement with Tezos was

14 confined to Switzerland and was limited to assisting certain non-US contributors by handling

15 currency conversions and transferring contributions, on behalf of such clients, to the Foundation.

16 In this limited role, BTCS only handled a small portion of the overall contributions to the

17 Foundation and explicitly stated to the public that BTCS could not accept any contributions from

18 US-clients.[4] As will be set forth more fully in the BTCS Defendants' motion to dismiss, all of the

19 BTCS's Tezos-related activities occurred in Switzerland.[5]

20         Despite the BTCS Defendants' limited role and lack of ties to the US, let alone California,

21 Plaintiff has asserted two causes of action arising under California law against the BTCS

22

23

---

24      [4] *See* BTCS Registration Page, https://www.bitcoinsuisse.ch/tezos-4/.  As set forth on the
BTCS Registration Page, BTCS "merely offer[ed] an easy, convenient way of participating in a
25 wide range of currencies, and is not acting as a representative for Tezos" and advised that it could
not accept any investments from US-citizens.
26

27      [5] Notably, Plaintiff himself does not allege any contact with the BTCS Defendants and,
based on BTCS's explicit policy of not accepting contributions to the Foundation from US-clients,
28 there is no reason to believe that such contacts occurred.

2

Defendants in the present action.[6]  Plaintiff's allegations against the BTCS Defendants are limited to three paragraphs of the Complaint.  *See* Complaint ¶¶ 29, 32, 109.  While the BTCS Defendants contend that Plaintiff mischaracterizes their role, Plaintiff makes only general, conclusory allegations that BTCS "was involved in the promotion and/or offer and sale of tokens in the Tezos ICO" and, thereafter, served as a "controlling signatory" to certain funds collected.  *See id.*  In any event, Plaintiff fails to identify any alleged US-based, non-Swiss activities by the BTCS Defendants with respect to Tezos, or otherwise.  *See id.*

On December 15, 2017, Plaintiff purportedly served the BTCS Defendants via e-mail with the Summons and Complaint, in accordance with a Court order granting leave for electronic service.[7]  On January 5, 2017, to avoid motion practice with respect to the Service Order and the issue of service generally, the BTCS Defendants, the Foundation, and the other foreign defendants named in the MacDonald action (the "Stipulating Defendants") entered into a stipulation (the "Stipulation") with Plaintiff, by which the Stipulating Defendants waived service of the Summons and Complaint, while preserving their right to challenge the Court's exercise of personal jurisdiction over them.  The Stipulation provides that the Stipulating Defendants have until March 6, 2018 to respond to answer, move to dismiss, or otherwise respond to the Complaint.[8]

The BTCS Defendants have informed Plaintiff that they anticipate moving to dismiss for lack of personal jurisdiction on or before the March 6, 2018 deadline set forth in the Stipulation. Nonetheless, without waiting to see such jurisdictional motion to dismiss, and, as is the normal procedure, addressing whether Plaintiff is entitled to any jurisdiction discovery to respond to such

---

[6] *See MacDonald v. Dynamic Ledger Solutions, Inc., et al.*, Case No. 3:17-cv-07095 (N.D. Cal. Dec. 13, 2017) [Dkt. No. 1] (the "Complaint").

[7] *See* Order Granting Plaintiff's Ex Parte Application for Leave to Effect Electronic Service on Defendants Resident Outside the United States, *MacDonald v. Dynamic Ledger Solutions, Inc., et al.*, Case No. 3:17-cv-07095 (N.D. Cal. Dec. 14, 2017) [Dkt. No. 12] ("Service Order"); Declaration Regarding Service of Summons on Defendants Resident Outside the United States, *MacDonald v. Dynamic Ledger Solutions, Inc., et al.*, Case No. 3:17-cv-07095 (N.D. Cal. Dec. 15, 2017) [Dkt. No. 14].

[8] Stipulation, *MacDonald v. Dynamic Ledger Solutions, Inc., et al.*, Case No. 3:17-cv-07095 (N.D. Cal. Jan. 5, 2018) [Dkt. No. 49].

1   motion to dismiss, Plaintiff instead filed the instant Motion on January 10, 2018, well in advance of

2   both the Rule 26(f) conference and the Stipulating Defendants' deadline to respond to the

3   Complaint.

4   **III.    ARGUMENT**

5       **A.  Standard of Review**

6       Generally, a party may not conduct discovery before the parties have held a Rule 26(f)

7   conference. *In re Countrywide Fin. Corp. Derivative Litig.*, 542 F. Supp. 2d 1160, 1179 (C.D. Cal.

8   2008). A court, however, may authorize early discovery "in the interest of justice," but only where

9   the moving party demonstrates "good cause" for the early discovery that outweighs the prejudice to

10  the responding parties. FED. R. CIV. P. 26(d)(2); *Kaur v. City of Lodi*, No. 2:14-cv-0828, 2014 WL

11  2154483, at *1 (E.D. Cal. May 22, 2014) (finding that plaintiffs failed to demonstrate good cause to

12  conduct expedited discovery); *Rovio Entm't Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086,

13  1099 (N.D. Cal. 2012) ("The party seeking expedited discovery in advance of the Rule 26(f)

14  conference has the burden of showing good cause for the requested departure from usual discovery

15  procedures."). Here, Plaintiff fails to satisfy any part of this burden.

16      **B.  Plaintiff's Request for Expedited Jurisdictional Discovery is Premature**

17      As a preliminary matter, Plaintiff's request for expedited jurisdictional discovery, in

18  advance of a motion to dismiss for lack of personal jurisdiction, is premature. *See Alperin v.*

19  *Vatican Bank*, No. C 99-0491, 2006 WL 1663847, at *3 (N.D. Cal. June 15, 2006) (finding that

20  jurisdictional discovery was premature before defendant filed a motion to dismiss for lack of

21  personal jurisdiction); *see also Profil Institut Fur Stoffwechselforschung GbmH v. Profil Institute*

22  *for Clinical Research*, No. 16-cv-2762, 2016 WL 7325466, at *4 (S.D. Cal. Dec. 16, 2016)

23  (declining to order expedited discovery as premature where the court had yet to resolve defendant's

24  pending motion to dismiss by which the court may decline jurisdiction over the dispute). The

25  anticipation of a motion to dismiss for lack of personal jurisdiction, quite simply, does not

26  constitute "good cause" for expedited jurisdictional discovery. *See Alperin*, 2006 WL 1663847, at

27  *3. Indeed, in every case cited by the Plaintiff in which the court permitted expedited jurisdiction

28  discovery to resolve a jurisdictional motion to dismiss, the motion to dismiss for lack of personal

4

jurisdiction had already been filed by the defendants challenging jurisdiction. *See* Motion at 4, 7 (citing *Music v. Radionomy, Inc.*, No. 16-cv-00951, 2016 WL 3181308 (N.D. Cal. June 8, 2016) (Seeborg, J.); *CD Listening Bar, Inc. v. Caiman Holdings, Inc.*, No. SACV 08-150, 2008 WL 11336948 (C.D. Cal. June 11, 2008); *Adventure Prod., Inc. v. Weinberg*, No. 07-cv-2024, 2008 WL 11337849 (S.D. Cal. May 5, 2008)).[9]  Here, by contrast, there is no pending motion to dismiss to set guideposts for the "scope and permissibility" of Plaintiff's requested discovery. *See Profil Institut*, 2016 WL 7325466, at *4 (declining to grant plaintiff's request for expedited discovery as premature where the resolution of defendant's pending motion to dismiss would "significantly impact the scope and permissibility of any discovery").   Accordingly, Plaintiff's request for expedited jurisdictional discovery should be denied as premature. *See id.*

### C. Plaintiff Has Failed to Allege Any Basis for this Court Exercising Personal Jurisdiction Over the BTCS Defendants

Plaintiff's request for expedited jurisdictional discovery also should be denied because Plaintiff has failed to sufficiently allege any basis for this Court to exercise personal jurisdiction over the BTCS Defendants.  A plaintiff is, quite simply, not entitled to expedited discovery on a subject the plaintiff has failed to sufficiently allege his complaint.  *See Neas Ltd. v. OJSC RUSNANO*, No. 5:15-cv-01612, 2015 WL 9489896, at *2 (N.D. Cal. Dec. 30, 2015) (denying request for jurisdictional discovery over foreign defendants where plaintiff made only "broad assertions" about defendants' domestic activities); *Payoda, Inc. v. Photon Infotech, Inc.*, No. 14-cv-04103, 2015 WL 4593911, at *4 (N.D. Cal. July 30, 2015) (finding no basis for expedited discovery on defendant's motion to dismiss for a failure to adequately allege that it was an alter ego of another defendant because "Plaintiff has not even adequately *alleged* alter ego").  In fact, "in order to obtain discovery on jurisdictional facts, the plaintiff must at least make a 'colorable'

---

[9] In the only other case cited by Plaintiff in which expedited jurisdiction discovery was granted, the court ordered discovery to uncover the identity of an unknown defendant. *See* Motion at 3 (citing *Uber Techs., Inc. v. Doe*, No. C 15-00908, 2015 WL 1205167 (N.D. Cal. Mar. 16, 2015)).  Such cases are inapplicable to Plaintiff's request for expedited jurisdictional discovery from the BTCS Defendants.

OPPOSITION TO PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY
CASE NO. 3:17-CV-07095-RS

showing that the Court can exercise personal jurisdiction over the defendant," which could require the "plaintiff to come forward with 'some evidence' tending to establish personal jurisdiction." *Mitan v. Feeny*, 497 F. Supp. 2d 1113, 1119 (C.D. Cal. 2007).

Plaintiff, here, has both failed to allege or make any "colorable" showing that the BTCS Defendants are subject to the jurisdiction of any US federal court, including this Court.   Plaintiff alleges that BTCS is "based in Zug, Switzerland" and that Mr. Nikolajsen is a "resident in Zug, Switzerland."   Complaint ¶¶ 29-30.   Plaintiff makes the conclusory allegations that BTCS "was involved in the promotion and/or offer and sale of tokens in the Tezos ICO" and, thereafter, has acted as "controlling signatory" to certain funds collected by Tezos, but fails to allege any basis for this Court to exercising personal jurisdiction over these two Swiss Defendants with respect to these Swiss-based activities.   *See* Complaint ¶¶ 29, 32, 109; *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1156-57 (9th Cir. 2006) (holding the exercise of specific jurisdiction against a defendant who acted outside of California required that the defendant's action were "expressly aimed at California" through "individualized targeting").   As the BTCS Defendants will demonstrate in their forthcoming motion to dismiss, the BTCS Defendants did not conduct any business activities with Tezos within the US, let alone California, do not own any assets or property located in the US, and explicitly stated to the public that BTCS would not accept any contributions to the Tezos Foundation from US-clients.   The BTCS Defendants had a limited role converting currencies for contributions to the Foundation, which occurred exclusively in Switzerland and is subject to Swiss law governance.   In the absence of any allegations or "colorable" basis to support this Court's exercise of personal jurisdiction over the BTCS Defendants, there is no "good cause" to order expedited jurisdictional discovery.

Plaintiff argues, without basis, that the BTCS Defendants' alleged, unspecified participation in Tezos' activities is sufficient for this Court's exercise of personal jurisdiction over them.   Motion at 4.   Not so.   While Plaintiff cites several cases in which a domestic federal court found jurisdiction over a foreign defendant who participated in a public offering by a domestic issuer, in such cases (unlike here), the foreign defendants were either principals, officers, or directors of the domestic issuer and materially participated in the conduct complained of.   *See* Motion at 4-5 (citing

6

*Davis v. Metro Prods., Inc.*, 885 F.2d 515 (9th Cir. 1989) (finding personal jurisdiction over foreign principles of defendant who purposefully directed business activities at the forum state by personally meeting with plaintiff in Arizona to discuss the challenged investment); *In re LDK Solar Sec. Litig.*, No. C0705182WHA, 2008 WL 4369987 (N.D. Cal. Sept. 24, 2008) (finding personal jurisdiction over foreign officer and director of domestic issuer who signed the prospectus for the public offering and caused it to be filed with the SEC); *In re Royal Ahold N.V. Sec. & ERISA Litig.*, 351 F. Supp. 2d 334 (D. Md. 2004) (same); *In re CINAR Corp. Sec. Litig.*, 186 F. Supp. 2d 279 (E.D.N.Y. 2002) (same)). The BTCS Defendants' role in Tezos' activities is entirely distinct from that of the foreign defendants in the cases cited by the Plaintiff. As will be set forth in the BTCS Defendants' forthcoming motion to dismiss, BTCS is an entirely separate entity from Tezos and merely performed currency conversion services for a small portion of the non-US contributors to the Foundation. All of these services were performed exclusively in Switzerland. The BTCS Defendants' alleged role as a "controlling signatory" to certain funds also occurred exclusively in Switzerland. The authority cited by Plaintiff as purportedly setting forth a basis for jurisdiction over the BTCS Defendants is inapposite.

Plaintiff's motion to expedited jurisdictional discovery should be denied because Plaintiff has failed to demonstrate any "good cause" for expedited jurisdictional discovery in the absence of any pending motion to dismiss for lack of personal jurisdiction or any plausible basis believe that this Court may in fact exercise personal jurisdiction over the BTCS Defendants. *See Kaur*, 2014 WL 2154483, at *1 ("The moving party must show good cause for the early discovery."); *Rovio*, 907 F. Supp. 2d at 1099.

**D. The BTCS Defendants Would Be Prejudiced By Expedited Discovery**

Finally, Plaintiff's motion for expedited discovery must be denied because the broad discovery proposed by the Plaintiff would severely prejudice the BTCS Defendants. *See Wangson Biotechnology Grp., Inc. v. Tan Tan Trading Co.*, No. C 08-04212, 2008 WL 4239155, at *7 (N.D. Cal. Sept. 11, 2008) (finding that expedited discovery is warranted only where the plaintiff can establish that the need for discovery "outweighs the prejudice to the responding party"). Due to the lack of a pending motion to dismiss to define the permissibility and scope of expedited discovery,

7

the BTCS Defendants risk the undue burden of participating in overly broad discovery of information that may not have any bearing on the parties' jurisdictional arguments. *See Profil Institut*, 2016 WL 7325466, at *4. Moreover, in light of Plaintiff's failure to allege or set forth any "colorable" basis for jurisdiction over the BTCS Defendants, expedited discovery would burden the BTCS Defendants with participating in discovery that they may not otherwise be obligated to participate in if the Court ultimately concludes that it cannot not exercise personal jurisdiction over the BTCS Defendants. *See id.* at *3-4 (declining to grant expedited discovery where participating in such discovery would burden defendants because the court may ultimately decline jurisdiction over the dispute); *Berlin Media Art e.k. v. Does 1-654*, No. 11-03770, 2001 WL 36383080, at *4 (N.D. Cal. Oct. 18, 2011) (denying motion for expedited discovery where it would be "fundamentally unfair" to impose discovery costs on a defendant over whom the court may not have jurisdiction).

This prejudice to the BTCS Defendants is exacerbated by the breadth of the expedited discovery that Plaintiff seeks, as set forth by the Foundation. While most of the Plaintiff's discovery requests are not directed to the BTCS Defendants, the BTCS Defendants would still need to meaningfully participate in the proposed discovery by, for example, reviewing document productions and attending depositions. The BTCS Defendant's participation in broad, uncoordinated discovery, in an action that they may soon be dismissed from, would be unnecessarily onerous and prejudicial. *See Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*, 482 U.S. 522, 544 (1987) ("American courts, in supervising pretrial proceedings should exercise special vigilance to protect foreign litigants from the danger that unnecessary, or unduly burdensome, discovery place them in a disadvantageous position.").

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

8

IV.    **CONCLUSION**

For the foregoing reasons and the reasons set forth in the Foundation's responsive papers, the Court should deny Plaintiff's Motion for Expedited Discovery.

DATED: January 17, 2018

**BROWN RUDNICK LLP**

By: /s/ Leo J. Presiado
   Ronald Rus (SBN 67369)
   Leo J. Presiado (SBN 166721)
   BROWN RUDNICK LLP
   2211 Michelson Drive, 7th Floor
   Irvine, CA 92612
   Telephone: (949) 752-7100
   Facsimile: (949) 252-1514
   Email: rrus@brownrudnick.com
     lpresiado@brownrudnick.com

   -and-

   Sigmund S. Wissner-Gross (*pro hac vice to be submitted*)
   Jessica N. Meyers (*pro hac vice pending*)
   BROWN RUDNICK LLP
   Seven Times Square
   New York, NY 10036
   Tel: (212) 209-4800
   Email: swissnergross@brownrudnick.com
     jmeyers@brownrudnick.com

   *Attorneys for Bitcoin Suisse AG and Niklas Nikolajsen*

9

1

## PROOF OF SERVICE

2    **STATE OF CALIFORNIA,**

3    **COUNTY OF ORANGE**

4        At the time of service, I was over 18 years of age and **not a party to this action**.  I am
employed in the County of Orange, State of California.  My business address is Von Karman
5    Towers, Seventh Floor, 2211 Michelson Drive, Irvine, California 92612.

6        On January 17, 2018, I served true copies of the following document(s) described as
**DEFENDANTS BITCOIN SUISSE AG'S AND NIKLAS NIKOLASJEN'S OPPOSITION
7    TO PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY** on the interested parties in
this action as follows:
8
         **BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the
9    document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case
who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case
10   who are not registered CM/ECF users will be served by mail or by other means permitted by the
court rules.

11
     - **Steve W. Berman**
12       steve@hbsslaw.com,heatherw@hbsslaw.com,nicolleg@hbsslaw.com
     - **Peter E. Borkon**
13       peterb@hbsslaw.com
     - **Danielle Charles**
14       danielle@hbsslaw.com
     - **Joel Anderson Fleming**
15       joel@blockesq.com,pacer-blockleviton-9062@ecf.pacerpro.com
     - **Andrew S. Gehring**
16       andrew.gehring@davispolk.com
     - **Patrick Edward Gibbs**
17       pgibbs@cooley.com,bgiovannoni@cooley.com
     - **Ana G. Guardado**
18       aguardado@manatt.com,drunchey@manatt.com
     - **Jeffrey Michael Kaban**
19
20       kabanjm@cooley.com,eFilingNotice@cooley.com,lalmanza@cooley.com,efiling-
         notice@ecf.pacerpro.com
21    - **Reed R. Kathrein**
22       reed@hbsslaw.com,peterb@hbsslaw.com,brianm@hbsslaw.com,sf_filings@hbsslaw.com
     - **Samantha Anne Kirby**
23       skirby@cooley.com,lsantamaria@cooley.com
     - **Brian Edward Klein**
24       bklein@bakermarquart.com
     - **Jason M. Leviton**
25       jason@blockesq.com
     - **Scott Matthew Malzahn**
26       smalzahn@bakermarquart.com,file@bakermarquart.com,calendar@bakermarquart.com
     - **Edmund Polubinski , III**
27       edmund.polubinski@davispolk.com
28

- **Neal Alan Potischman**
  neal.potischman@dpw.com,ecf.ct.papers@dpw.com,lit.paralegals.mp@davispolk.com,tezos.lit@davispolk.com
- **Leo J. Presiado**
  lpresiado@brownrudnick.com
- **Daniel Louis Sachs**
  dsachs@cooley.com,asmith@cooley.com,cmalick@cooley.com
- **Serge Alexander Voronov**
  serge.voronov@davispolk.com
- **Jacob Allen Walker**
  jake@blockesq.com,4836372420@filings.docketbird.com
- **Christopher L. Wanger**
  cwanger@manatt.com,BMiller-Phillips@manatt.com,fstephenson@manatt.com

**SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 on <u>January 17, 2018</u> , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than the following  business day before noon after the document is filed.

Honorable Richard Seeborg
United States District Court
Northern District Court
U.S. Courthouse
450 Golden Gate Avenue
San Francisco, CA 94102

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on <u>January 17, 2018</u>, at Irvine, California.

TERESA LANGFORD