UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE MACDONALD,<br><br>    Plaintiff,<br><br>    v.<br><br>DYNAMIC LEDGER SOLUTIONS, INC., et al.,<br><br>    Defendants. | Case No. 17-cv-07095-RS<br><br>**ORDER DENYING MOTION FOR EXPEDITED DISCOVERY** |

Plaintiff Bruce MacDonald moves for permission to take expedited discovery from Defendants Dynamic Ledger Solutions, Tezos Stiftung, and Bitcoin Suisse AG in advance of the parties Rule 26(f) conference. That conference is currently scheduled to take place no later than February 22, 2018. MacDonald contends expedited discovery is necessary to: a) investigate issues raised in his previously denied application for a temporary restraining order—and, in so doing, to determine if he should move for a preliminary injunction; b) monitor the safety of the ICO proceeds; and c) uncover facts relevant to whether the Court has personal jurisdiction over the Swiss defendants.

Rule 26(d) of the Federal Rules of Civil Procedure generally prohibits a party from seeking discovery prior to the parties meeting and conferring as required by Rule 26(f).[1] District courts may grant requests for expedited discovery in advance of a Rule 26(f) conference, however, on a

---

[1] Rule 26(d) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."

showing of "good cause." *Rovio Entm't Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1099 (N.D. Cal. 2012). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* (citing *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002)). The party seeking discovery bears the burden of showing that good cause exists. *Id.*

Here, consideration of MacDonald's motion and supporting memorandum, as well as defendants' responses, reveals good cause does not exist to justify expedited discovery. MacDonald has not met his burden of showing that departing from normal discovery procedure would serve the interests of justice in ways that outweigh the prejudice suffered by defendants—especially when the Swiss defendants have not yet had the chance to contest whether they are subject to the Court's jurisdiction.[2] Moreover, as noted at the hearing on MacDonald's TRO application, this case is one of four currently pending cases addressing the Tezos ICO. Rather than granting a request that will further complicate efforts to consolidate and streamline the litigation of these cases, the better course is to encourage Plaintiff MacDonald, and all of the parties, to work together in developing a litigation plan that is both logical and efficient.

MacDonald's motion for expedited discovery is denied.[3]

**IT IS SO ORDERED**.

Dated: January 24, 2018

_____
RICHARD SEEBORG
United States District Judge

---

[2] On January 5, 2018, the Court approved a stipulation entered into by the parties under which the Swiss defendants agreed to waive service of the summons and complaint while preserving their right to challenge the Court's exercise of personal jurisdiction. The stipulation provided that defendants would have until March 6, 2018 to answer, move to dismiss, or otherwise respond to the complaint. (Dkt. No. 49).

[3] This decision does not foreclose MacDonald from renewing his request for jurisdictional discovery, if necessary, in response to a motion to dismiss.