**LTL ATTORNEYS LLP**
Enoch H. Liang (SBN 212324)
enoch.liang@ltlattorneys.com
601 Gateway Boulevard, Suite 1010
South San Francisco, California 94080
Tel:   650-422-2130
Fax:  213-612-3773

**LTL ATTORNEYS LLP**
James M. Lee (SBN 192301)
james.lee@ltlattorneys.com
Caleb H. Liang (Bar No. 261920)
caleb.liang@ltlattorneys.com
300 S. Grand Ave., 14th Floor
Los Angeles, California 90071
Tel:  213-612-8900
Fax:  213-612-3773

**HUNG G. TA, ESQ. PLLC**
Hung G. Ta
hta@hgtlaw.com
JooYun Kim
jooyun@hgtlaw.com
Natalia D. Williams
natalia@hgtlaw.com
250 Park Avenue, 7th Floor
New York, New York 10177
Tel: 646-453-7290
Fax: 646-453-7289

*Proposed Co-Lead Counsel for Movant Arman Anvari and the Class*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE MACDONALD, Individually and on Behalf of All Others Similarly Situated, | Case No. 3:17-cv-07095-RS |
| Plaintiff, | **NOTICE OF MOTION AND MOTION OF ARMAN ANVARI FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| v. | |
| DYNAMIC LEDGER SOLUTIONS, INC., a Delaware corporation, TEZOS STIFTUNG, a Swiss Foundation, KATHLEEN BREITMAN, an Individual, ARTHUR BREITMAN, an Individual, TIMOTHY COOK DRAPER, an individual, DRAPER ASSOCIATES, JOHANN | **CLASS ACTION** |
| | Judge:      Hon. Richard Seeborg |

1  GEVERS, DIEGO PONZ, GUIDO SCHMITZ-        Courtroom:   3, 17TH Floor
   KRUMMACHER, BITCOIN SUISSE AG,
2  NIKLAS NIKOLAJSEN, and DOES 1-100,
   INCLUSIVE,
3
4                    Defendants.
5
6

**NOTICE OF MOTION AND MOTION**

**TO THE CLERK OF THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that Arman Anvari ("Movant") by and through his undersigned counsel will, and hereby does, move this Court, before the Honorable Richard Seeborg, in Courtroom 3, 17th Floor, located at the San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order (1) appointing Movant as Lead Plaintiff on behalf of all persons who purchased Tezos tokens in connection with Tezos's Initial Coin Offering ("ICO") in July 2017, pursuant to Section 21D(a)(3) of the Exchange Act, 15 U.S.C. § 78u-4(a)(3), as amended by the PSLRA; (2) approving Lead Plaintiff's selection of LTL Attorneys LLP and Hung G. Ta, Esq. PLLC as Co-Lead Counsel for the Class; and (3) granting such other and further relief as the Court may deem just and proper.

In support of this motion, Movant submits the attached Memorandum of Points and Authorities, the Declaration of James M. Lee ("Lee Decl.") and exhibits attached thereto, pleadings and other filings herein, as well as such further argument as the Court may allow at the hearing on this motion.

This motion is made on the grounds that Movant is the most adequate plaintiff, as defined by the PSLRA, based on his losses of over $250,000, which were suffered as a result of the defendants' wrongful conduct as alleged in the above-referenced action.  Further, Movant satisfies the requirements of Rule 23(a) of the Federal Rules of Civil Procedure, as his claims are typical of other Class members' claims, and he will fairly and adequately represent the interests of the Class.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    STATEMENT OF ISSUES TO BE DECIDED**

Pursuant to the PSLRA, the Court is to appoint as lead plaintiff the member of the Class (defined below) that the Court determines to be "most capable of adequately representing the interests of class members."  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Movant believes that he is the "most

1

NOTICE OF MOTION AND MOTION OF ARMAN ANVARI FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES
3:17-CV-07095-RS

adequate" plaintiff as defined by the PSLRA and should be appointed Lead Plaintiff for the Class. Movant believes he has the largest financial interest in this action due to the financial losses he suffered as a result of the defendants' misconduct.  Movant also satisfies the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure.  In addition, Movant's selection of LTL Attorneys LLP and Hung G. Ta, Esq. PLLC to serve as Co-Lead Counsel should be approved because the firms possess extensive experience in the prosecution of securities class actions and will adequately represent the interests of all class members.

## II.      STATEMENT OF FACTS

This is a class action brought on behalf of all persons ("Class") who purchased Tezos tokens (aka "XTZ", "Tezzies" or "tez") by contributing fiat currency (e.g., U.S. Dollars) or other consideration (including the blockchain-based digital currencies bitcoin ("BTC") and/or Ethereum ("ETH" or "ether") to the Tezos "Initial Coin Offering" ("ICO") in July 2017.

Essentially, an ICO is a fundraising event in which an entity offers participants a unique "coin" or "token" in exchange for consideration.  After an ICO, the coins/tokens are issued on a "blockchain," which is an electronic distributed ledger or list of entries – much like a stock ledger – that is maintained by various participants in a network of computers located around the world, including in California and throughout the United States.  Blockchains use cryptography to process and verify transactions on the ledger, providing assurance to users of the blockchain that entries are secure.

From July 1, 2017 through July 14, 2017, Defendants conducted the Tezos ICO, raising approximately 65,703 BTC and 361,122 ETH, worth approximately $232 million at the time.  The primary purpose of the Tezos ICO was to raise funds to develop and establish a Tezos blockchain network and create a Tezos cryptocurrency, the Tezos token.

Commencing in or around August 2017, reports emerged that Defendants were selling, converting or otherwise dissipating the consideration collected from the Class under the Tezos ICO. In addition, reports have been published describing self-dealing by at least one of the Defendants. More recently, there have been reports that Defendants have fired their auditors.

2

NOTICE OF MOTION AND MOTION OF ARMAN ANVARI FOR APPOINTMENT AS LEAD PLAINTIFF
AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES
3:17-CV-07095-RS

Defendants attempted to skirt the federal and state securities laws by using a Swiss-based entity, Defendant Tezos Foundation, to hold the digital currencies raised from the Class through the ICO.   However, the ICO was actually an illegal offer and sale of unqualified and unregistered securities.  The ICO was a generalized solicitation made using statements posted on the Internet and distributed throughout the world, including in the United States, and the securities were offered and sold to Plaintiff and the general public

Through this action, Plaintiffs assert claims for, among others, violations of Sections 12(a)(1) and 15(a), 15 U.S.C. §§ 77l(a)(1), 77o(a), of the Securities Act of 1933.

## III.   ARGUMENT

### A.   Movant Should Be Appointed Lead Plaintiff

Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of a lead plaintiff in class actions brought under the Exchange Act.  The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by a movant or purported class members seeking appointment as lead plaintiff filed in response to any such notice.  Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

1    As set forth below, Movant satisfies all three of these criteria and, thus, is entitled to the

2    presumption that it is the most adequate plaintiff of the Class and, therefore, should be appointed

3    Lead Plaintiff for the Class.  *See In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

4                    **1.      Movant Is Willing To Serve As Class Representative**

5        On November 29, 2017, a notice ("Notice") was published over *Global Newswire* pursuant to

6    Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed

7    against Defendants and advised purchasers of Tezos tokens that they had until January 25, 2018 to

8    file a motion seeking appointment as lead plaintiff.  *See* Lee Decl. Ex. A.

9        Movant has filed the instant motion pursuant to the Notice and has attached a signed

10   certification attesting that Movant is willing to serve as class representative for the Class and provide

11   testimony at deposition and trial, if necessary.  *See* Lee Decl., Ex. B.  Accordingly, Movant satisfies

12   the first requirement to serve as Lead Plaintiff for the Class.

13                    **2.      Movant Has The "Largest Financial Interest"**

14       The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate

15   plaintiff. . . is the person or group of persons that . . . has the largest financial interest in the relief

16   sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii), *Cavanaugh*, 306 F.3d at 730; *In re Gemstar-*

17   *TV Guide Int'l. Sec. Litig.*, 209 F.R.D. 447, 450 (C.D. Cal. 2002).

18       At the time of the filing of this motion, Movant believes that he has the largest financial

19   interest of any of the lead plaintiff movants based on the four factors articulated in the seminal case

20   *Lax v. First Merchants Acceptance Corp.*, 1997 WL 461036, at *5 (N.D. Ill. 1997) (financial interest

21   may be determined by (1) the number of shares purchased during the class period; (2) the number of

22   net shares purchased during the class period; (3) the total net funds expended during the class period;

23   and (4) the approximate losses suffered) (the "Lax-Olsten" factors).[1]

24       On July 8, 2017, Movant purchased 133,608.75 XTZ, as promised by Defendants in exchange

25   for consideration in the amount of 250 ETH.  Currently, as of the date of this motion, ETH is valued

26

27   ───────────────────
[1] *See also In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998).  *Accord In re*
28   *Comverse Tech., Inc., Sec. Litig.*, 2007 U.S. Dist. LEXIS 14878, at *22-*25 (E.D.N.Y. Mar. 2,
     2007).

NOTICE OF MOTION AND MOTION OF ARMAN ANVARI FOR APPOINTMENT AS LEAD PLAINTIFF
AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES
3:17-CV-07095-RS

1   at approximately $1,077.18 per ETH.  *See* Lee Decl. Ex C.  Accordingly, Movant has suffered losses

2   of approximately $269,295.  Because Movant possesses the largest financial interest in the outcome

3   of this litigation, he may be presumed to be the "most adequate" plaintiff.  15 U.S.C. § 78u-

4   4(a)(3)(B)(iii)(I)(bb); *see also In re McKesson HBOC, Inc. Sec. Litig.*, 97 F. Supp. 993 (N.D. Cal.

5   1999); *Olsten*, 3 F. Supp. 2d at 296; *Lax*, 1997 WL 461036, at \*5.

6                  **3.        Movant Otherwise Satisfies The Requirements Of Fed. R. Civ. P. 23**

7           Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing

8   the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy

9   the requirements of Rule 23 of the Federal Rules of Civil Procedure."  *See In re Cendant Corp. Litig.*,

10  264 F.3d 201, 263 (3d Cir. 2001), *cert. denied*, 535 U.S. 929 (2002).  Rule 23(a) generally provides

11  that a class action may proceed if the following four requirements are satisfied: (1) the class is so

12  numerous that joinder of all members is impracticable; (2) there are questions of law or fact common

13  to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses

14  of the class; and (4) the representative parties will fairly and adequately protect the interests of the

15  class.

16          In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court

17  need not raise its inquiry to the level required in ruling on a motion for class certification.  Instead, it

18  is sufficient for the movant to make a *prima facie* showing that he satisfies the requirements of Rule

19  23.  *See Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1158 (N.D. Cal. 1999) (citing

20  *Wenderhold v. Cylink Corp.*, 188 F.R.D.577, 587 (N.D. Cal. 1999)).  Moreover, "typicality and

21  adequacy of representation are the only provisions relevant to a determination of lead plaintiff under

22  the PSLRA."  *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (*citing

23  Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997)); *Olsten*, 3 F. Supp. 2d at 296.

24          The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named

25  representative's claims has the "same essential characteristics as the claims of the class at large."

26  *Danis v. USN Communs., Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999).  *See In re Sterling Financial

27  Corp.*, 2007 WL 4570729, at \*4 (E.D. Pa. Dec. 21, 2007) (noting that the "typicality requirement is

28  satisfied if the plaintiff, as a result of the same course of conduct, suffered the injuries as the absent

1   class members, and their claims are based on the same legal issues").  In other words, "the named

2   plaintiffs' claims [must be] typical, in common-sense terms, of the class, thus suggesting that the

3   incentives of the plaintiffs are aligned with those of the class." *Beck v. Maximus, Inc.*, 457 F.3d 291,

4   295-96 (3d Cir. 2006) (quoting *Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994) (noting that "factual

5   differences will not render a claim atypical if the claim arises from the same event or practice or

6   course of conduct that gives rise to the claims of the class members, and if it is based on the same

7   legal theory")).

8       The claims of Movant are typical of those of the Class.  Movant, like all class members,

9   purchased Tezos coins pursuant to the Tezos ICO.  The ICO is alleged to have been an illegal offer

10  and sale of unqualified and unregistered securities in violation of the Securities Act of 1933.  These

11  shared claims, which are based on the same legal theory and arise from the same events and course

12  of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

13      The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is

14  established that a representative party "will fairly and adequately protect the interests of the class."

15  Accordingly,

16      The Ninth Circuit has held that representation is "adequate" when counsel for the class is

17  qualified and competent, the representative's interests are not antagonistic to the interests of absent

18  class members, and it is unlikely that the action is collusive. *Takeda v. Turbodyne Techs., Inc.*, 67 F.

19  Supp. 2d 1129, 1137 (C.D. Cal. 1999) (citing *In re Northern Dist. Of Cal., Dalkon Shield IUD Prod.*

20  *Liab. Litig.*, 693 F.2d 847, 855 (9th Cir. 1982)).  *Accord Lerwill v. Inflight Motion Pictures, Inc.*, 582

21  F.2d 507, 512 (9th Cir. 1978).  The class representative must also have "sufficient interest in the

22  outcome of the case to ensure vigorous advocacy." *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D.

23  Ill. 1986). *See Sterling*, 2007 WL 4570729, at *4 (highlighting that the adequacy requirement is

24  satisfied when "both the class representative and its attorneys are capable of satisfying their

25  obligations, and neither has interests conflicting with those of the other class members").

26      Movant will adequately represent the interests of the Class.  There is no antagonism between

27  the interests of Movant and those of the Class, and Movant's losses demonstrate that he has a

28  sufficient interest in the outcome of this litigation.  Moreover, Movant has retained counsel highly

experienced in vigorously and efficiently prosecuting securities class actions, such as this action, and submits his choice to the Court for approval pursuant to 15 U.S.C. § 78u 4(a)(3)(B)(v).

**4.    Movant Will Fairly And Adequately Represent The Interests Of The Class And Is Not Subject To Any Unique Defenses**

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted "only upon ***proof*** by a member of the purported plaintiff class that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of

adequately representing the class."

15 U.S.C. § 78u-4(a)(3)(b)(iii)(II) (emphasis added).

The ability and desire of Movant to fairly and adequately represent the Class have been discussed above.  Movant is not aware of any unique defenses Defendants could raise that would render him inadequate to represent the Class.   Accordingly, Movant should be appointed Lead Plaintiff for the Class.

**B.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should interfere with a lead plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Cendant*, 264 F.3d at 276 (emphasizing that the PSLRA "evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention").

Here, Movant has selected LTL Attorneys LLP and Hung G. Ta, Esq. PLLC as Co-Lead Counsel.  Both firms are highly experienced in the areas of securities litigation and class actions, and have successfully prosecuted numerous securities litigations and class actions on behalf of investors, as detailed in the firms' respective resumes.  *See* Lee Decl. Exs. D, E.  As a result of the firms' extensive experience in litigation involving issues similar to those raised in this action, counsel for Movant have the skill and knowledge which will enable them to prosecute this action effectively and

1   expeditiously.  Thus, the Court may be assured that by approving Movant's selection of counsel, the

2   members of the Class will receive the highest caliber of legal representation.

3   **IV.    CONCLUSION**

4         For the foregoing reasons, Movant respectfully requests that the Court issue an Order

5   (1) appointing Arman Anvari as Lead Plaintiff; (2) approving LTL Attorneys LLP and Hung G. Ta,

6   Esq., PLLC as Co-Lead Counsel for the Class; and (3) granting such other relief as the Court may

7   deem to be just and proper.

8   Date: January 25, 2018                     LTL ATTORNEYS LLP

9

10                             By:   *s/Enoch H. Liang*

                                      Enoch H. Liang

11                                   LTL ATTORNEYS LLP

                                  601 Gateway Boulevard, Suite 1010

12                                   South San Francisco, California 94080

                                  Tel:   650-422-2130

13                                   Fax:  213-612-3773

                                  enoch.liang@ltlattorneys.com

14

15                                   James M. Lee

                                  Caleb H. Liang

16                                   LTL ATTORNEYS LLP

                                  300 S. Grand Ave., 14th Floor

17                                   Los Angeles, California 90071

                                  Tel:  213-612-8900

18                                   Fax:  213-612-3773

                                  james.lee@ltlattorneys.com

19                                   caleb.liang@ltlattorneys.com

20                                   Hung G. Ta

                                  JooYun Kim

21                                   Natalia D. Williams

                                  HUNG G. TA, ESQ., PLLC

22                                   250 Park Avenue, 7th Floor

                                  New York, New York 10177

23                                   Tel: 646-453-7290

                                  Fax: 646-453-7289

24                                   hta@hgtlaw.com

                                  jooyun@hgtlaw.com

25                                   natalia@hgtlaw.com

26                                   *Proposed Co-Lead Counsel for Movant and the*

                                  *Class*

27

28

NOTICE OF MOTION AND MOTION OF ARMAN ANVARI FOR APPOINTMENT AS LEAD PLAINTIFF
AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES
3:17-CV-07095-RS