Reed R. Kathrein (SBN 139304)
Peter E. Borkon (SBN 212596)
Danielle Smith (SBN 291237)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
peterb@hbsslaw.com
daniellec@hbsslaw.com

*Attorneys for Bruce MacDonald*

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE MACDONALD, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DYNAMIC LEDGER SOLUTIONS, INC., a Delaware corporation, TEZOS STIFTUNG, a Swiss Foundation, KATHLEEN BREITMAN, an Individual, ARTHUR BREITMAN, an Individual, TIMOTHY COOK DRAPER, an Individual, DRAPER ASSOCIATES, JOHANN GEVERS, DIEGO PONZ, GUIDO SCHMITZ-KRUMMACHER, BITCOIN SUISSE AG, NIKLAS NIKOLAJSEN, and DOES 1-100, INCLUSIVE<br><br>Defendants. | Case No. 3:17-cv-07095-RS<br><br>**BRUCE MACDONALD'S RESPONSE REGARDING MOTIONS TO CONSOLIDATE THE *MACDONALD* ACTION AND OPPOSITION TO ARMAN ANVARI'S MOTION SEEKING TO LEAD THE *MACDONALD* ACTION**<br><br>Date:        April 26, 2018<br>Time:       10:00 a.m.<br>Courtroom: 3<br>Judge:      Hon. Richard Seeborg |

010721-11 1014775 V1

| | |
|---|---|
| GGCC, LLC, an Illinois Limited Liability Company, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DYNAMIC LEDGER SOLUTIONS, INC., a Delaware Corporation, TEZOS STIFTUNG, a Swiss Foundation, KATHLEEN BREITMAN, an Individual, and ARTHUR BREITMAN, an Individual,<br><br>Defendants. | Case No. 3:17-cv-06779-RS |
| ANDREW OKUSKO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DYNAMIC LEDGER SOLUTIONS, INC., THE TEZOS FOUNDATION, KATHLEEN BREITMAN, ARTHUR BREITMAN, and TIMOTHY DRAPER,<br><br>Defendants. | Case No. 3:17-cv-06829-RS |

010721-11 1014775 V1

|   |   |
|---|---|
| ANDREW BAKER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DYNAMIC LEDGER SOLUTIONS, INC., a Delaware Corporation, THE TEZOS FOUNDATION, a Swiss foundation, KATHLEEN BREITMAN, an individual, ARTHUR BREITMAN, an individual, JOHANN GEVERS, an individual, STRANGE BREW STRATEGIES, LLC, a California limited liability company, and DOES 1 through 100 inclusive,<br><br>Defendants. | Case No. 3:17-cv-06850-RS<br><br>*Removed from San Francisco County Superior Court (Case No. CGC-17-562144)* |

010721-11 1014775 V1

## I. INTRODUCTION

Counsel for MacDonald recognize this Court's desire to "put [these cases] together in some form or another." Counsel are also ready and willing to work with the appointed lead plaintiff and counsel in the other cases (collectively, the "PSLRA Cases") once their leadership is established. However, the *MacDonald* Action, unlike the PSLRA Cases, does not assert any claims under the federal securities laws related to the Tezos Initial Coin Offering ("ICO"). Instead, MacDonald alleges only state-law claims against Defendants and, thus, the *MacDonald* Action is not governed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). Consequently, for reasons set forth below, coordination at this time provides the Court with the most flexibility to move this case forward in an efficient and timely manner. *See* [Proposed] Order Consolidating and Coordinating Cases filed herewith (directing counsel in the coordinated actions to meet and agree on coordinated briefing and discovery).

Procedurally, two lead-plaintiff movants in the PSLRA Cases sought consolidation of all Tezos-related cases (including *MacDonald*); two other movants, recognizing that *MacDonald* was not brought under the federal securities laws, did not seek its consolidation into the PSLRA Cases. Because the PSLRA's automatic stay of discovery as well as lead plaintiff and counsel provisions do not apply to the *MacDonald* Action, consolidation of the *MacDonald* Action with the PSLRA Cases is inappropriate and will slow down progress. The *MacDonald* Action has made substantial headway in serving Defendants and getting counsel to appear, as well as presenting the court with argument and issues that the PSLRA Cases have not even broached because of the automatic stay and lead plaintiff and counsel issues.

With coordination (rather than consolidation), MacDonald's counsel can work with the appointed lead in the PSLRA Cases to move forward on discovery and evidentiary issues, and jointly petition the Court to allow early discovery, as needed.[1] As shown below, once the

---

[1] The presumptive lead plaintiff in the PSLRA Cases is represented by co-counsel in the *MacDonald* Action, Block & Leviton. Hence, counsel in the proposed coordinated cases already have a working relationship and common strategy for protecting the class.

PSLRA Cases pass the motion-to-dismiss phase, coordination and consolidation can be revisited. (If the Court does consolidate *MacDonald* with the PSLRA Cases now, it should appoint MacDonald's counsel, the Hagens Berman firm, as interim class counsel for the state-law claims). Permitting the PSLRA Cases to join in the discovery in *MacDonald*, would provide much greater flexibility to the Court than if the cases were consolidated and each subject to the stay.

Finally, Arman Anvari moved for appointment as lead plaintiff in the *MacDonald* Action. His filing is confused, and makes reference to the PSLRA, which does not apply to *MacDonald*, and the Securities Exchange Act of 1934 (which does not apply to *MacDonald* or any of the PSLRA Cases). To the extent Anvari seeks to serve as a lead plaintiff in *MacDonald*, a state-law case against Tezos, his motion is procedurally improper and should be rejected.[2]

## II.  FACTS

On November 26, 2017, an action captioned *GGCC, LLC v. Dynamic Ledger Solutions, Inc., et al.*, No. 3:17-cv-06779-RS (the "*GGCC* Action") was filed in this Court. On November 28, 2017, *Okusko v. Dynamic Ledger Solutions, Inc., et al.*, No. 3:17-cv-06829-RS (the "*Okusko* Action") was also filed in this Court. Both cases relate to the Tezos ICO, and both assert claims under the Securities Act of 1933. A third case, *Baker v. Dynamic Ledger Solutions, Inc.*, No. 3:17-cv-06850-RS, was removed to this Court on November 29, 2017. It too asserts claims under the '33 Act.[3]

Because these three cases raise claims under the Securities Act of 1933, they are subject to the PSLRA, including its provisions relating to consolidation of related cases and selection of

---

[2] To the extent Anvari seeks to be appointed as lead plaintiff in the PSLRA Cases, he has other problems, which will be addressed by the other movants seeking that role.

[3] On February 1, 2018, the Court stayed the *Baker* action pending the Supreme Court's decision in *Cyan, Inc. v. Beaver County Employees Retirement Fund,* No. 15-1439. (*Baker* Action (ECF No. 18).)

lead plaintiffs. 15 U.S.C. § 77z-1 et seq. These three cases (*GGCC*, *Okusko*, and *Baker*) are referred to as the "PSLRA Cases."

Another case, *MacDonald v. Dynamic Ledger Solutions, et al.*, No. 3:17-cv-07095 (the "*MacDonald* Action") was filed in this Court on December 13, 2017.  That case raises only state law claims under California law.  Importantly, *MacDonald* does not include *any* federal securities law claims.

Because of the lack of restraints on *MacDonald*, and the proactiveness of counsel, substantial progress has already been made in *MacDonald* to advance the case.  Counsel for MacDonald drafted a comprehensive complaint (*MacDonald*, ECF No. 1) noted by one commentator as the "most dangerous in the bunch," "well drafted," "reads well," "painstakingly researched," and "sane."[4]  In early December, MacDonald moved to protect the assets being held by the Swiss Foundation, obtained appearance by counsel for the Defendants, and obtained concessions and court representations by Defendants concerning the safety of the funds. MacDonald later moved for expedited discovery (*MacDonald* ECF No. 57).  Counsel have also successfully negotiated service arrangements with foreign defendants. (*See, e.g., MacDonald* ECF Nos. 46, 47, 49, 54.)[5]

On January 25, 2018—the deadline for moving the Court to serve as lead plaintiff in the PSLRA Cases—four movants properly and timely filed motions in the *GGCC* Action (the lowest-numbered PSLRA case) seeking appointment as lead plaintiff: Trigon Trading Pty Ltd

---

[4] *See* Stephen D. Palley Twitter Account Tweets, https://twitter.com/stephendpalley/status/958446688615714823; https://twitter.com/stephendpalley/status/958446842597036032 (last visited Feb. 8, 2018).

[5] *See also* Stipulation And Order Regarding Service On Defendants Resident Outside the United States (ECF No. 49)( Defendants Tezos Stiftung (the "Foundation"), Johann Gevers, Diego Fernandez, Guido Schmitz-Krummacher, Bitcoin Suisse AG, and Niklas Nikolajsen waiving service and setting coordinated time for them to respond on March 6, 2018); Order Denying Motion for Expedited Discovery (ECF No. 69) (noting that parties are encouraged in pending cases "to work together in developing a litigation plan that is both logical and efficient.")

3
MACDONALD'S RESPONSE RE MOTS. TO CONSOL. THE *MACDONALD* ACTION AND
OPP. TO ANVARI'S MOT. SEEKING TO LEAD THE *MACDONALD* ACTION -
Case Nos.: 3:17-cv-06779-RS, 3:17-cv-07095-RS

("Trigon") (*GGCC* Action, ECF No. 55);[6] the Silver Miller Group (*GGCC* Action, ECF No. 38); the Tezos Investor Group (*GGCC* Action, ECF No. 49); and the GGCC Group (*GGCC* Action, ECF No. 53). All four movants sought to consolidate the PSLRA Cases; two movants (Trigon and the GGCC Group) recognized that the *MacDonald* action was unique and should not be consolidated; two other movants (the Silver Miller Group and the Tezos Investor Group) sought consolidation of *MacDonald* into the PSLRA Cases.

Also on January 25, 2018, Arman Anvari filed a motion in the *MacDonald* Action for "appointment of lead plaintiff and approval of counsel." *MacDonald* Action (ECF No. 70). Then, on January 26, 2018, after the PSLRA deadline for moving the Court had passed, Anvari filed another motion seeking appointment as lead plaintiff—this time in the *GGCC* Action. (*GGCC* Action ECF No. 61.) Neither of Anvari's motions sought consolidation of any of the various related actions.

On January 26, 2018, Reuters reported a conversation with the former Board member of the Foundation, Defendant Schmitz-Krummacher, suggesting that Tezos coins may never be issued because of the conflicts between the Foundation and Defendants Arthur and Kathleen Breitman. Defendant Schmitz-Krummacher, also revealed that he resigned because of "threats, blackmail attempts and other 'destructive activities' that prevented the board from functioning."[7]

### III. THE *MACDONALD* ACTION SHOULD BE COORDINATED WITH, BUT NOT CONSOLIDATED INTO, THE PSLRA CASES

Plaintiff MacDonald is mindful of the Court's instruction to "work together [with all the other cases and parties] in developing a litigation plan that is both logical and efficient." (Order Denying Motion for Expedited Discovery, *MacDonald* Action (ECF No. 69 at 1-2).) To that

---

[6] Trigon, which has the largest financial interest of the four timely movants, is represented by Block & Leviton LLP, which also serves as co-counsel to MacDonald in this action.

[7] Brenna Hughes Neghaiwi, Anna Irrera, Steve Stecklow, *Exclusive: Former Tezos board member says founders have caused a 'catastrophe'*, Reuters (Jan. 26, 2018), https://www.reuters.com/article/us-bitcoin-tezos-board-exclusive/exclusive-former-tezos-board-member-says-founders-have-caused-a-catastrophe-idUSKBN1FF2R6.

end, MacDonald does not resist the coordination of his action with the PSLRA Cases; he and his counsel stand ready to coordinate with whomever is appointed to lead the PSLRA Cases. This would include coordination through common scheduling and deadlines, joint briefing schedules, coordinated briefing on common issues, and—to the extent possible—coordination of pre-trial discovery.

But MacDonald's case has one key difference from the PSLRA Cases: it is not subject to the PSLRA's automatic discovery stay. 15 U.S. §77z-1(b)(3).[8] This is because MacDonald's case contains only state-law claims and does not assert any claims under the federal securities laws. *See Hillis v. Heineman*, No. CV-09-73-PHX-DGC, 2009 WL 798872, at *3 (D. Ariz. Mar. 25, 2009) ("The PSLRA, by its terms, is limited to actions filed under the federal securities laws and does not apply outside this context. . . . Plaintiffs do not assert claims under federal securities law. Rather, they constrain their suit to state law claims brought in this Court pursuant to diversity jurisdiction. These claims fall outside the PSLRA's discovery stay.") (internal quotation omitted); *In re Trump Hotel S'holder Deriv. Litig.*, No. 96CIV.7820(DAB)(HBP), 1997 WL 442135, at *2 (S.D.N.Y. Aug. 5, 1997) ("the PSLRA has no application to actions in which only state law claims are alleged").[9]

The Court can coordinate (and indeed, even consolidate) actions without requiring a single amended complaint to be filed. *See, e.g., Northern District of California Model Stipulation*

---

[8] Given the unique circumstances present here, MacDonald would expect whomever is selected as lead plaintiff(s) in the PSLRA Cases to move the Court to lift the PSLRA discovery stay. *See, e.g., In re Metropolitan Sec. Litig.*, No. CV-04-25-FVS, 2005 WL 940898 at *3 (E.D. Wash. Mar. 31, 2005) ("Plaintiffs [in a PSLRA case] may well be unfairly disadvantaged if they do not have access to documents the governmental agencies and other civil claimants possess."). To the extent the PSLRA stay is lifted, coordination would be even easier.

[9] Defendants have made clear that they intend to argue that MacDonald's case should be consolidated into the PSLRA Cases, and should thus be part of a single consolidated complaint. (*See* DLS' Opposition to Motion for Expedited Discovery, *MacDonald* Action (ECF No. 64) at pp. 9-10.) Defendants seek to gain a major (and improper) tactical advantage by wrapping MacDonald—who intentionally avoided bringing federal securities claims—into the PSLRA Cases.

*and Proposed Consolidation Order for Securities Fraud Class Actions* (available at https://www.cand.uscourts.gov/filelibrary/701/Securities%20Fraud%20Class%20Action%20stip.pdf) ("When a pleading applies only to some, not all, of the [consolidated] actions, the document shall list immediately after the phrase "This Document Relates To:", the docket number for each individual action to which the document applies . . ."); *Horizon Asset Management Inc. v. H & R Block, Inc.*, 580 F.3d 755, 769 (8th Cir. 2009) ("A consolidated case retains its independent status, and plaintiffs in a consolidated action . . . are still entitled to a decision on the merits of their claims.") (internal quotations and citations omitted).

Requiring the *MacDonald* claims to be brought as part of a single consolidated amended complaint (*i.e.*, a complaint that also included federal securities claims) would unfairly prejudice MacDonald and the class he seeks to represent by denying them their right to discovery during the pendency of motions to dismiss. *Liberty Media Corp. v. Vivendi Universal, S.A.*, 842 F.Supp.2d 587, 592 (2nd Cir.) ("Efficiency cannot be permitted to prevail at the expense of justice, and therefore consolidation should be considered only when savings of expense and gains of efficiency can be accomplished without sacrifice of justice.") (internal quotations and citations omitted); *Zola v. TD Ameritrade, Inc.*, No. 8:14CV288, 2015 WL 847450, at *3-4 (D. Neb. Feb. 26, 2015) ("consolidation is considered inappropriate if it leads to inefficiency, inconvenience, or unfair prejudice to a party. . . . As suggested by the defendants, the court need not resolve the technical SLUSA issues at this time, ***however the plaintiffs present a sufficient showing their separate interests in case management and presentation may suffer if the cases are consolidated prior to resolution of the defendants' forthcoming motions to dismiss.***") (internal citations and quotations omitted) (emphasis added); *cf. In re Toyota Motor Corp. Unintended Acceleration Marketing Sales Practices and Products Liab. Litig.*, 785 F.Supp.2d 925, 931 ("Neither the general authorization of the coordination and consolidation under the MDL statute nor the more specific use of consolidated complaints, as the Court has required here, is intended to alter the substantive rights of the parties.").

For these reasons, the Court should order the coordination of the *MacDonald* Action with the consolidated PSLRA Cases, but should *not* require the cases to be consolidated and litigated under a single operative complaint that would trigger the PSLRA's automatic discovery stay, at least not until after the motions to dismiss are decided.

### IV. IN THE ALTERNATIVE, HAGENS BERMAN SHOULD BE APPOINTED AS INTERIM CLASS COUNSEL FOR THE STATE LAW CLAIMS

If the Court is inclined to consolidate the *MacDonald* Action with the PSLRA Cases, it should appoint independent interim class counsel for the state-law claims. *See In re UBS Auction Rate Sec. Litig.*, No. 08 CIV. 2967 (LMM), 2008 WL 2796592, at *5 (S.D.N.Y. July 16, 2008) ("The PSLRA, of course, does not govern the appointment of class counsel in cases brought under the Investment Advisors Act and state law. Counsel in the *Kassover* case did the initial work on those claims, and it makes sense that they should remain responsible for prosecuting those claims. Those counsel—Schoengold Sporn Laitman & Lometti—are appointed as interim class counsel for Investment Advisors Act and state law claims.").

As noted above, co-counsel in *MacDonald*, Block & Leviton, is the selected counsel for Trigon, the presumptive lead plaintiff in the PSLRA Cases. Block & Leviton and Hagens Berman have worked hard and congenially together in *MacDonald* to protect the class and obtain service. That relationship will continue.

MacDonald and his counsel have done all of the work on the state law claims and are highly qualified. If *MacDonald* is consolidated with any other actions, the Court should appoint the Hagens Berman firm as interim class counsel for the state law claims.[10] Submitted herewith is a proposed order effecting that appointment.

---

[10] The other firm representing MacDonald, Block & Leviton LLP, also represents Trigon Trading Party, which has the largest losses of any timely movant seeking to be appointed as lead plaintiff in the PSLRA Cases. Thus, Block & Leviton will very likely be appointed as lead counsel for the PSLRA Cases and will easily be able to coordinate with Hagens Berman, its co-counsel in the *MacDonald* Action.

## V. ANVARI'S MOTION TO LEAD THE *MACDONALD* ACTION WAS PROCEDURALLY IMPROPER AND SHOULD BE REJECTED

Anvari's filing in the *MacDonald* Action purports to seek his "appointment as lead plaintiff," and appointment of his selection of counsel as "lead counsel." (ECF No. 70 at 5, 9) Anvari's motion is purportedly brought under the "Securities Exchange Act of 1934," and the PSLRA, even though *MacDonald* does not raise any federal securities claims in his complaint (and *no* Tezos-related action raises claims under the Securities Exchange Act of 1934).

Anvari filed another motion one day later (*and one day late*) seeking to be appointed as lead plaintiff in the *GGCC* Action (the lowest-numbered of the PSLRA Cases). Nonetheless, he has not taken any steps to withdraw his motion in the *MacDonald* Action. So it is unclear what Anvari believes he has accomplished by filing his motion in *MacDonald* or whether he actually wants to lead that case.

In any event, Anvari's motion in *MacDonald* should be struck or summarily denied. Anvari cannot be appointed lead plaintiff in the *MacDonald* action on the basis of the PSLRA, because (as explained above) the PSLRA does not apply to the *MacDonald* Action. *UBS*, 2008 WL 2796592, at *5 ("The PSLRA, of course, does not govern the appointment of class counsel in cases brought under the Investment Advisors Act and state law.").

To the extent Anvari's motion can be seen as an attempt to intervene in *MacDonald* so that he can be appointed as a lead plaintiff, it should be rejected. Anvari has not complied with Fed. R. Civ. P. 24(c), which requires a motion to intervene to "state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Anvari has not filed such a motion, nor has he offered the pleading required by the rule.

Furthermore, even if Anvari had successfully intervened to seek appointment as lead plaintiff, he still would not qualify. A number of district courts in this Circuit have declined to appoint a lead plaintiff in non-PSLRA cases and have appointed interim lead counsel only. *See, e.g.*, *Sparano v. Lief*, No. 10CV2079 BTM BLM, 2011 WL 830109, at *2 (S.D. Cal. Mar. 3, 2011); *Lee ex rel Coherent, Inc. v. Ambroseo*, No. C 07-0955JFHRL, 2007 WL 1558565, at *2

(N.D. Cal. May 29, 2007); *Gallardo v. Bennett*, No. C-06-3864 JF PVT, 2006 WL 2884497, at *1 (N.D. Cal. Oct. 10, 2006). And to the extent Anvari's lawyers seek appointment as lead counsel, that request would also be denied.

In the PSLRA context, courts must generally defer to the lead plaintiff's choice of counsel. *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002) ("[T]his is not a beauty contest; the district court has no authority to select for the class what it considers to be the best possible lawyer or the lawyer offering the best possible fee schedule.").[11] Outside the context of the PSLRA, however, the Court has significant power to choose the interim lead counsel who will best represent the putative class. Courts in the Ninth Circuit look to four factors when considering the appointment of lead counsel: "(1) the quality of the pleadings; (2) the vigorousness of the prosecution of the lawsuits; (3) the capabilities of counsel, including their experience and prior success record, and whether counsel's charges are reasonable; and (4) whether one complaint is simply a 'copycat action' of another." *In re Oclaro, Inc. Deriv. Litig.*, No. C-11-3176-EMC, 2011 WL 4345099, at *2 (N.D. Cal. Sep. 14, 2011) (citing cases).

Here, Anvari has not filed a pleading, making it impossible for the Court to evaluate the quality of his complaint, or whether it is simply a "copycat" of another action. Meanwhile, MacDonald's complaint has been lauded by at least one independent observer-attorney who frequently comments on cryptocurrency-related litigation: "Gotta say tho[ugh], [the *MacDonald*

---

[11] Even in the PSLRA context, however, the Court may consider "whether the presumptive lead plaintiff's choice of counsel is so irrational . . . as to cast genuine and serious doubt on that plaintiff's willingness or ability to perform the functions of lead plaintiff." *Id.* at 733 ("if the presumptive lead plaintiff has selected a lawyer who just graduated from law school, or a sole practitioner who appears to lack the staff to handle a major class action lawsuit, the district court should inquire how the lawyer proposes to get the job done. If no satisfactory answer is forthcoming, the court may consider whether the plaintiff's decision to select that lawyer casts doubt on his ability to handle the responsibilities of lead plaintiff.").

complaint] is a brutal lawsuit.  Painstakingly researched.  89 footnotes.  Well drafted.  Not crazy talk.  It's the most dangerous of the bunch if you ask me."[12]

As for vigorous prosecution, Anvari and his counsel have done *nothing* to prosecute any lawsuit against Defendants—other than file two procedurally deficient motions that, among other glaring errors, mix up the Securities Act of 1933 and the Securities Exchange Act of 1934. Counsel for MacDonald, by contrast, drafted a comprehensive complaint (*MacDonald* ECF No. 1), and moved the Court for a temporary restraining order (*MacDonald* ECF No. 8), and for expedited discovery (*MacDonald* ECF No. 57).  Counsel have also successfully negotiated service arrangements with foreign defendants.  (*E.g., MacDonald* ECF Nos. 46, 47, 49, 54.)

Finally, MacDonald's co-counsel have both litigated numerous securities class actions. (*See* Exs. A and B, Declaration of Reed Kathrein (firm résumés of Hagens Berman and Block & Leviton).)  By contrast, neither of the proposed lead counsel firms representing Anvari list *any* securities class action experience on their lists of representative cases.  (*See MacDonald* Action ECF No. 70-5 at pp. 2-3 ("LTL Attorneys Resume" listing numerous IP-related cases, but no securities class actions), 70-6 p. 4 ("HGT Law Resume Representative Cases" listing numerous opt-out and tag-along derivative securities cases, but no securities class actions).)  As evidenced by the multiple serious deficiencies with Anvari's first and only filings, the securities laws are highly technical and rife with traps for the unwary.  It seems clear that his counsel would be learning on the job.

For all these reasons, Anvari has not shown any basis why he should be appointed as lead plaintiff or his counsel appointed as lead counsel in any state-law actions.  His motion in *MacDonald* should be struck or denied.

---

[12] *See* Stephen D. Palley Twitter Account Tweets (Jan. 30, 2018) (available at https://twitter.com/stephendpalley/status/958446688615714823; https://twitter.com/stephendpalley/status/958446842597036032).

## VI. CONCLUSION

The *MacDonald* action alleges only state law claims and is not subject to the PSLRA's discovery stay. Requiring the case to be consolidated into the PSLRA Cases and litigated under a single consolidated complaint would deprive MacDonald and the class he seeks to represent of their right to discovery during the pendency of the motions to dismiss. MacDonald supports coordination of all issues (including, to the extent possible, discovery) with the lead plaintiff and lead counsel selected by the Court in the PSLRA Cases but opposes any attempts to require his claims to be brought in a single consolidated complaint. To the extent that the Court does consolidate *MacDonald* with other actions, Hagens Berman should be appointed as interim class counsel for the state-law claims.

A proposed order accomplishing this streamlined and efficient structure, and appointing lead counsel in the federal claims action and interim lead counsel in the state claims action, is attached hereto. *See* [Proposed] Order Consolidating and Coordinating Cases, Appointing Lead Plaintiff and Approving Selection of Counsel for Federal Securities Claims, and Appointing Interim Class Counsel For State Law Claims.

Anvari's motion for appointment as Lead Plaintiff, filed in the *MacDonald* action, was procedurally improper, and should be denied.

February 8, 2018

**HAGENS BERMAN SOBOL SHAPIRO LLP**

By:   /s/ Reed R. Kathrein
Reed R. Kathrein (SBN 139304)
Peter E. Borkon (SBN 212596)
Danielle Smith (SBN 291237)
715 Hearst Ave., Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
peterb@hbsslaw.com
daniellec@hbsslaw.com

Joel A. Fleming (SBN 281264)
Jacob A. Walker (SBN 271217)
**BLOCK & LEVITON LLP**
155 Federal Street, Suite 400
Boston, MA 02110
(617) 398-5600  phone
(617) 507-6020  fax
jake@blockesq.com
joel@blockesq.com

*Attorneys for Bruce MacDonald*

MACDONALD'S RESPONSE RE MOTS. TO CONSOL. THE *MACDONALD* ACTION AND
OPP. TO ANVARI'S MOT. SEEKING TO LEAD THE *MACDONALD* ACTION -
Case Nos.: 3:17-cv-06779-RS, 3:17-cv-07095-RS

**CERTIFICATE OF SERVICE**

I hereby certify that on February 8, 2018, I authorized the electronic filing of the foregoing with the Clark of the Court using the CM/ECF system. I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ Danielle Smith
Danielle Smith