**LTL ATTORNEYS LLP**
Enoch H. Liang (SBN 212324)
enoch.liang@ltlattorneys.com
601 Gateway Boulevard, Suite 1010
South San Francisco, California 94080
Tel:  650-422-2130
Fax:  213-612-3773

**LTL ATTORNEYS LLP**
James M. Lee (SBN 192301)
james.lee@ltlattorneys.com
Caleb H. Liang (Bar No. 261920)
caleb.liang@ltlattorneys.com
300 S. Grand Ave., 14th Floor
Los Angeles, California 90071
Tel:  213-612-8900
Fax:  213-612-3773

**HUNG G. TA, ESQ. PLLC**
Hung G. Ta
hta@hgtlaw.com
JooYun Kim
jooyun@hgtlaw.com
Natalia D. Williams
natalia@hgtlaw.com
250 Park Avenue, 7th Floor
New York, New York 10177
Tel: 646-453-7290
Fax: 646-453-7289

*Proposed Co-Lead Counsel for Movant Arman Anvari and the Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE MACDONALD, Individually and on Behalf of All Others Similarly Situated,<br><br>         Plaintiff,<br><br>   v.<br><br>DYNAMIC LEDGER SOLUTIONS, INC., a Delaware corporation, TEZOS STIFTUNG, a Swiss Foundation, KATHLEEN BREITMAN, an Individual, ARTHUR BREITMAN, an Individual, TIMOTHY COOK DRAPER, an Individual, DRAPER ASSOCATES, JOHANN | Case No. 3:17-cv-07095-RS<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES OF ARMAN ANVARI IN OPPOSITION TO COMPETING MOTIONS FOR LEAD PLAINTIFF AND APPROVAL OF COUNSEL**<br><br><u>**CLASS ACTION**</u> |

| | | |
|---|---|---|
| 1<br>2<br>3 | GEVERS, DIEGO PONZ, GUIDO SCHMITZKRUMMACHER, BITCOIN SUISSE AG, NIKLAS NIKOLAJSEN, and DOES1-100, INCLUSIVE, | Judge:      Hon. Richard Seeborg<br>Courtroom: 3, 17TH Floor |
| 4 | Defendants. | |
| 5<br>6<br>7 | GGCC, LLC, an Illinois Limited Liability Company, Individually and on Behalf of All Others Similarly Situated, | Case No. 3:17-cv-06779-RS |
| 8 | Plaintiff,<br>v. | |
| 9<br>10<br>11 | DYNAMIC LEDGER SOLUTIONS, INC., a Delaware corporation, TEZOS STIFTUNG, a Swiss Foundation, KATHLEEN BREITMAN, an Individual, ARTHUR BREITMAN, | |
| 12 | Defendants. | |
| 13<br>14 | ANDREW OKUSKO, individually and on behalf of all others similarly situated, | Case No: 3:17-cv-06829-RS |
| 15 | Plaintiff,<br>v. | |
| 16<br>17<br>18 | DYNAMIC LEDGER SOLUTIONS, INC., THE TEZOS FOUNDATION, KATHLEEN BREITMAN, ARTHUR BREITMAN, and TIMOTHY DRAPER, | |
| 19 | Defendants. | |
| 20<br>21 | ANDREW BAKER, individually and on behalf of all others similarly situated, | Case No. 3:17-cv-06850-RS |
| 22 | Plaintiff,<br>v. | |
| 23<br>24<br>25<br>26<br>27 | DYNAMIC LEDGER SOLUTIONS, INC., a Delaware corporation, TEZOS STIFTUNG, a Swiss Foundation, KATHLEEN BREITMAN, an Individual, ARTHUR BREITMAN, an Individual, JOHANN GEVERS, an individual, STRANGE BREW STRATEGIES, LLC, a California limited liability company, and DOES 1 through 100 inclusive, | |
| 28 | Defendant. | |

MEMORANDUM OF POINTS AND AUTHORITIES OF ARMAN ANVARI IN OPPOSITION TO COMPETING MOTIONS FOR LEAD PLAINTIFF AND APPROVAL OF COUNSEL
3:17-CV-07095-RS

# MEMORANDUM OF POINTS AND AUTHORITIES

Arman Anvari ("Mr. Anvari") respectfully submits this memorandum of points and authorities in opposition to the competing motions for appointment of Lead Plaintiff and Lead Counsel.

## I. PRELIMINARY STATEMENT

This is a class action brought on behalf of all persons ("Class") who purchased Tezos tokens (aka "XTZ", "Tezzies" or "tez") by contributing fiat currency (*e.g.*, U.S. Dollars) or other consideration (including the blockchain-based digital currencies Bitcoin ("BTC") and Ethereum ("ETH" or "ether") to the Tezos "Initial Coin Offering" ("ICO") in July 2017.

The Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 77z-1 (the "PSLRA"), governs the appointment of a Lead Plaintiff. The PSLRA states that the Court "shall adopt a presumption that the most adequate plaintiff . . . is the person" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the [adequacy and typicality] requirements of Rule 23." 15 U.S.C. § 77z-1(a)(3)(B)(iii).

Mr. Anvari invested 250 ETH and was promised 133,608.75 Tezos tokens. In dollar terms, Mr. Anvari's contribution was worth $49,915 on the last day of the contribution period, and approximately $269,295 as of the date the competing motions were filed.[1] The four other movants seeking appointment as Lead Plaintiff are: (1) the "Tezos Investor Group," consisting of three individuals; (2) the "GGCC Group," consisting of two limited liability companies and an individual; (3) a group of three individuals ("Lang/Coffey/Gaviria"); and (4) Trigon Trading Pty. Ltd. ("Trigon"). As set forth below, each were promised far fewer Tezos tokens than Mr. Anvari and invested less in the Tezos ICO, regardless of whether their investments were denominated in BTC, ETH, or dollars. As such, Mr. Anvari "has the largest financial interest in the relief sought by the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(bb).

---

[1] The closing price of ETH on July 14, 2017, the last day of the contribution period, was $199.66. The closing price of ETH on January 25, 2018, the date of filing for the motions for Lead Plaintiff, was $1,056.03. *See* https://coinmarketcap.com/currencies/ethereum/historical-data/?start=20170207&end=20180207.

1

MEMORANDUM OF POINTS AND AUTHORITIES OF ARMAN ANVARI IN OPPOSITION TO
COMPETING MOTIONS FOR LEAD PLAINTIFF AND APPROVAL OF COUNSEL
3:17-CV-07095-RS

Further, Mr. Anvari satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure as he is an adequate representative with claims typical of the other Class members.

Accordingly, as set forth in greater detail below, the Court should grant Mr. Anvari's motion in its entirety, and appoint Mr. Anvari as Lead Plaintiff and approve his selection of Lead Counsel. *See*, *e.g.*, *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002); *Richardson v. TVIA, Inc.*, No. C-06-06304 RMW, 2007 U.S. Dist. LEXIS 28406, at *13-14 (N.D. Cal. Apr. 16, 2007) (holding that largest loss is the most important factor in determining lead plaintiff).

## II.   ALL FOUR RELATED ACTIONS SHOULD BE CONSOLIDATED

The PSLRA directs that cases should be consolidated where there is "more than one action on behalf of a class asserting substantially the same claim or claims." 15 U.S.C. § 77z-1(a)(3)(B)(ii). Only thereafter may the Court "appoint the most adequate plaintiff for the consolidated actions." *Id.*

Under Rule 42(a), consolidation is appropriate where actions involve "common questions of law and fact" because such consolidation would "avoid unnecessary cost and delay." F.R.C.P. 42(a). Consolidation is particularly appropriate in securities class actions because in such cases the "interests of judicial economy are particularly strong." *City of Harper Woods Emps. Ret. Sys. v. AXT*, Inc., No. C 04-04362 MJJ, 2005 U.S. Dist. LEXIS 50345, at *7 (N.D. Cal. Feb. 7, 2005) (consolidating securities class actions "would expedite pretrial proceedings and reduce case duplication, thereby conserving judicial resources"); *Miami Police Relief & Pension Fund v. Fusion-io, Inc*., No. 13-CV-05368-LHK, 2014 U.S. Dist. LEXIS 80141, at *14-15 (N.D. Cal. June 10, 2014) ("Courts have recognized that class action shareholder suits are particularly well suited to consolidation pursuant to Rule 42(a) because unification expedites pretrial proceedings, reduces case duplication, avoids the need to contact parties and witnesses for multiple proceedings, and minimizes the expenditure of time and money for all parties involved").

The Tezos Investor Group has moved (*see* Dkt. No.[2] 49-1 at 3-4) for consolidation of the following four related actions: (1) *GGCC, LLC v. Dynamic Ledger Solutions, Inc., et al.*, No. 17-cv-06799 ("*GGCC*"); (2) *Okusko v. Dynamic Ledger Solutions, Inc., et al.*, No. 17-cv-06829 ("*Okusko*");

---

[2] "Dkt. No. [#]" refers to docket entries in *GGCC, LLC v. Dynamic Ledger Solutions, Inc., et al.*, No. 17-cv-06799, unless otherwise noted.

2

MEMORANDUM OF POINTS AND AUTHORITIES OF ARMAN ANVARI IN OPPOSITION TO
COMPETING MOTIONS FOR LEAD PLAINTIFF AND APPROVAL OF COUNSEL
3:17-CV-07095-RS

(3) *Baker v. Dynamic Ledger Solutions, Inc., et al.*, No. 17-cv-06850 ("*Baker*"); and (4) *MacDonald v. Dynamic Ledger Solutions, Inc.*, No. 17-cv-07095 ("*MacDonald*") (collectively, the "Related Actions"). Mr. Anvari joins in this motion to consolidate. The Related Actions here should be consolidated because they arise from the same facts and circumstances, and involve the same legal issues. This Court has already issued an order determining that the *GGCC*, *Okusko*, *Baker* and *MacDonald* actions are related. *See* Dkt. Nos. 11 and 15. Consolidation of the Related Actions is appropriate because the actions all involve federal and/or state law claims alleging that Defendants offered and sold unregistered securities through the Tezos ICO. Each of the Related Actions also names, as defendants, Dynamic Ledger Solutions, Inc., the Tezos Foundation, Kathleen Breitman and Arthur Breitman. Additionally, each of the Related Actions involves overlapping classes, consisting of investors who participated in the Tezos ICO. Accordingly, consolidation of the Related Actions is appropriate under Rule 42(a).

Several of the movants argue that only some, but not all, of the Related Actions should be consolidated. Specifically, movant Trigon argues that *MacDonald* should not be consolidated with the other three actions. *See* Dkt. No. 55 at 2-3. However, the attorneys for Trigon previously applied to this Court for an order relating *MacDonald* to *GGCC, Okusko* and *Baker* ("*MacDonald* Motion"). Dkt. No. 14. In that motion, counsel for Trigon stated that there was a "meaningful overlap in the parties" in the Related Actions, and that "[a]ll of the Related Actions concern the same transaction/event – the Tezos [ICO] – and are putative class actions brought by plaintiffs who purchased Tezos tokens in the Tezos ICO and allege claims, on behalf of overlapping putative classes, based on Defendants' sale and/or participation in the sale of securities through the Tezos ICO." Dkt. No. 14 at 1. Trigon's counsel should not be allowed to take a contrary position now. As stated in the *MacDonald* Motion, *MacDonald* and the other Related Actions share the same subject matter, overlapping classes and substantially the same defendants. Accordingly, *MacDonald* should be consolidated with the other Related Actions.

Movants Lang/Coffey/Gaviria argue that *Baker* should not be consolidated with the other Related Actions. Lang/Coffey/Gaviria argue that "*Baker* is not suitable for consolidation because of a pending fully-briefed motion to remand." Dkt. No. 38 at 4 n.3. They argue that the *Baker*

3

MEMORANDUM OF POINTS AND AUTHORITIES OF ARMAN ANVARI IN OPPOSITION TO
COMPETING MOTIONS FOR LEAD PLAINTIFF AND APPROVAL OF COUNSEL
3:17-CV-07095-RS

complaint, which asserts claims under the Securities Act of 1933 ("1933 Act") and was filed in state court, is not removable. *Id.* However, this Court has stayed the *Baker* action pending the U.S. Supreme Court's decision in *Cyan, Inc. v. Beaver County Employees Retirement Fund*, No. 15-1439, "a case addressing the contours of state court jurisdiction over Securities Act class actions." *Baker* Action, Dkt. No. 18 at 3. Should the U.S. Supreme Court find that 1933 Act claims filed in state court are removable, *Baker* should be consolidated with the other Related Actions.

Further, although the Related Actions vary in some respects, "[n]either Rule 42 nor the PSLRA demands that actions be identical before they are consolidated." *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1133.(C.D. Cal. 1999); *Andrade v. Am. Apparel, Inc.,* No. 10-06352, 2011 U.S. Dist. LEXIS 79795, at *11 (C.D. Cal. Mar. 15, 2011) ("the existence of slight differences in class periods, parties, or damages among the suits does not necessarily defeat consolidation where the essential claims and factual allegations are similar"). Here, the commonalities among the Related Actions are substantially greater than any differences. Thus, consolidation is warranted.

### III. MR. ANVARI HAS THE LARGEST FINANCIAL INTEREST IN THE LITIGATION

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff. . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii). While the PSLRA itself does not provide any guidance concerning the method of calculating which plaintiff has the "largest financial interest," courts "typically equate 'largest financial interest' with the amount of potential recovery." *Mohanty v. Bigband Networks, Inc.*, No. C 07-5101, 2018 U.S. Dist. LEXIS 32764, at *12 (N.D. Cal. Feb.14, 2008); *see also Zhamukhanov v. AcelRx Pharms., Inc.*, No. 14-cv-04416-LHK, 2015 U.S. Dist. LEXIS 22180, at *9 (C.D. Cal. Feb. 24, 2015) ("District courts have equated financial interest with actual economic losses suffered"); *TVIA*, 2007 U.S. Dist. LEXIS 28406, at *13-14 ("the approximate losses suffered [is] most determinative in identifying the plaintiff with the largest financial loss").

In determining who has the largest financial interest or the largest amount of potential recovery, courts typically consider the *Olsten-Lax* factors – *i.e.,* (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total

4

MEMORANDUM OF POINTS AND AUTHORITIES OF ARMAN ANVARI IN OPPOSITION TO COMPETING MOTIONS FOR LEAD PLAINTIFF AND APPROVAL OF COUNSEL
3:17-CV-07095-RS

1  net funds expended during the class period; and the (4) approximate losses suffered.  *See TVIA*, 2007
2  U.S. Dist. LEXIS 28406, at *11 (citing *In re Olsten Corp. Sec. Litig*, 3 F. Supp. 2d 286, 295 (E.D.N.Y.
3  1998) and *Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866,
4  at *17 (N.D. Ill. Aug. 6, 1997)).

Here, investors were promised Tezos tokens, purchased with either Ethereum or Bitcoin.  The chart below demonstrates that based on the Tezos tokens promised and the funds expended, Mr. Anvari has the largest financial interest in the litigation.  Mr. Anvari made the largest investment in the Tezos ICO and was promised the largest number of Tezos tokens:

| **Movant** | **Tezos tokens promised** | **ETH/BTC expended** | **Approximate USD value[3]** |
|---|---|---|---|
| **Arman Anvari** | 133,608.75 | 250 ETH | $264,007.50 |
| **GGCC Group** | 17,223.65 | 11 ETH<br>1.9406 BTC | $33,466.32 |
| GGCC LLC | 5,823.65 | 11 ETH | $11,616.33 |
| Pumaro LLC | 11,400.00 | 1.9 BTC | $21,392.86 |
| Nick Anthony | 0 | 0.0406 BTC | $457.13 |
| **Lang/Coffey/Gaviria** | 90,116.52 | 53.0799 ETH<br>9.6163174 BTC | $164,333.01 |
| David Lang | 30,718.91 | 5.1198177 BTC | $57,646.08 |
| Ryan Coffey | 26,735.00 | 4.49694997 BTC | $50,632.96 |
| Alejandro Gaviria | 32,662.61 | 53.0799 ETH | $56,053.97 |
| **Tezos Investor Group** | -- | 64.97925707 ETH<br>4BTC | $113,657.64 |
| Nicolas Andreasson | Undisclosed | 37.491 ETH | $39,591.62 |
| Paul Martin | undisclosed | 5 ETH<br>4 BTC | $5,280.15<br>$45,037.60 |
| Richard Reckenbeil | undisclosed | 22.48825707 ETH | $23,748.27 |
| **Trigon Trading Pty. Ltd.** | 109,249.42 | 18.9999 BTC | $213,927.47 |

---

[3]   As of the date of the motions for Lead Plaintiff, January 25, 2018, the closing price of Ethereum was $1,056.03 and the closing price of Bitcoin was $11,259.40.  *See* https://coinmarketcap.com/currencies/ethereum/historical-data/ and https://coinmarketcap.com/currencies/bitcoin/historical-data/

5

MEMORANDUM OF POINTS AND AUTHORITIES OF ARMAN ANVARI IN OPPOSITION TO
COMPETING MOTIONS FOR LEAD PLAINTIFF AND APPROVAL OF COUNSEL
3:17-CV-07095-RS

## IV. MR. ANVARI SATISFIES THE REQUIREMENTS OF RULE 23

As demonstrated in his opening brief, Mr. Anvari meets the typicality and adequacy requirement of Rule 23. *See* Dkt. No. 61 at 5-7. Mr. Anvari satisfies the typicality requirement because he seeks the same relief and advances the same legal theories as other Class members. *See McCracken v. Edwards Lifesciences Corp.*, No. 8:13-CV-1463-JLS (RBNx), 2014 U.S. Dist. LEXIS 2147, at *10 (C.D. Cal. Jan. 8, 2014) (finding typicality requirement met when the proposed Lead Plaintiff's "claims are based on the same legal theory and arise from the same events and course of conduct as the proposed class's claims"). Mr. Anvari likewise satisfies the adequacy requirement because his claims and interests are perfectly aligned with those of the Class. No antagonism exists between his interests and those of the absent Class members. *See Feyko v. Yuhe Int'l Inc.*, No. CV 11-05511 DDP (PJWx), 2012 U.S. Dist. LEXIS 28040, at *8 (C.D. Cal. Mar. 2, 2012) (finding adequacy element "satisfied where the lead plaintiff's . . . interests are not antagonistic to those of the class") (citation omitted).

As the movant with the largest financial losses, Mr. Anvari is the presumptive Lead Plaintiff. Having satisfied the requirements of Rule 23, Mr. Anvari's motion should be granted and the competing motions for Lead Plaintiff should be denied.

## V. TRIGON TRADING PTY LTD.

Of the remaining movants, Trigon (which appears to have the next largest loss) should not be appointed for additional reasons. Trigon is an Australian entity,[4] and appears to have made its purchase of Tezos tokens from Australia. Therefore, Trigon may face standing challenges under *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247, 250-51 (2010), in which the U.S. Supreme Court held that federal securities laws cannot be applied extraterritorially. Further, Trigon's status as a foreign entity may pose problems during class certification, because of the possibility that the Court may certify a class of only U.S. persons, in which case Trigon would not even be a member of the class. *See also* GGCC Group's Consolidated Response to Lead Plaintiff Motions at II.A.

---

[4] *See* Declaration of Hung G. Ta in Support of Opposition to Competing Motions For Lead Plaintiff and Approval of Counsel, dated February 8, 2018 ("Ta Decl."), Ex. A (Trigon Company Extract from Australian Securities & Investments Commission).

6

MEMORANDUM OF POINTS AND AUTHORITIES OF ARMAN ANVARI IN OPPOSITION TO
COMPETING MOTIONS FOR LEAD PLAINTIFF AND APPROVAL OF COUNSEL
3:17-CV-07095-RS

Moreover, Trigon and its counsel failed to fully disclose the ultimate ownership of Trigon in their Certificate of Interested Entities or Persons under Civil L. R. 3-15 (Dkt. No. 58). According to the Australian Securities & Investments Commission ("ASIC"), Trigon is wholly-owned by a parent entity called Salerno Consortium Pty Ltd, which is identified in ASIC's registry as the "Ultimate Holding Company." *See* Ta Decl., Ex. A. The directors of Trigon are Emma Salerno, Matteo Thade Salerno and James Gino Salerno. *Id.* Emma Salerno and Matteo Thade Salerno are the managing partners of Salerno Law, an Australian law firm with an office at Suite 18, Level 2, 240 Varsity Parade, Varsity Lakes, Queensland 4227, Australia[5] – the same address as the registered address for Trigon on file with ASIC. Trigon and its counsel's failure to fully disclose these relationships, potentially affecting the Court and competing movants' ability to properly assess Trigon's application to be appointed Lead Plaintiff, should disqualify Trigon and its counsel from being appointed Lead Plaintiff and Lead Counsel.

## VI. MR. ANVARI'S MOTION HAS SUPPORT FROM THE GGCC GROUP

Counsel for the GGCC Group and Mr. Anvari have conferred. Counsel for the GGCC Group has offered to support Mr. Anvari's motion and to collaborate with Mr. Anvari in the prosecution of this action as the need arises. *See* Ta Decl. at 1. Counsel has consulted with Mr. Anvari, who approves of such collaboration. *Id.* Should Mr. Anvari be appointed Lead Plaintiff, plaintiffs from the GGCC Group are ready to be included as additional named class representatives as the litigation proceeds, if the need arises. *Id.*; *see Bodri v. GoPro, Inc.*, No. 16-cv-00232-JST, 2016 U.S. Dist. LEXIS 57559, at *21 (N.D. Cal. Apr. 28, 2016) ("Being a lead plaintiff is not the same thing as being a class representative, and additional named plaintiffs may be added later to represent subclasses of plaintiffs with distinct interests or claims") (quoting *Schueneman v. Arena Pharms., Inc.*, No. 10-cv-1959, 2011 U.S. Dist. LEXIS 87373, at *17 (S.D. Cal. Aug. 8, 2011)).

## VII. LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 77z-1(a)(3)(B)(v). The Court should interfere with a lead

---

[5] *See* https://www.salernolaw.com.au/contact-us/.

7

MEMORANDUM OF POINTS AND AUTHORITIES OF ARMAN ANVARI IN OPPOSITION TO
COMPETING MOTIONS FOR LEAD PLAINTIFF AND APPROVAL OF COUNSEL
3:17-CV-07095-RS

1  plaintiff's selection only when necessary "to protect the interests of the class."  15 U.S.C. § 77z-
2  1(a)(3)(B)(iii)(II)(aa); *see also In re Cohen v. U.S. Dist. Court for the N. Dist. Of Cal.*, 586 F.3d 703,
3  709 (9th Cir. 2009); *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir.) (emphasizing that the
4  PSLRA "evidences a strong presumption in favor of approving a properly-selected lead plaintiff's
5  decisions as to counsel selection and counsel retention").

6       Here, Mr. Anvari has selected LTL Attorneys LLP and Hung G. Ta, Esq. PLLC as Co-Lead
7  Counsel.  Both firms are highly experienced in the areas of securities litigation and class actions, and
8  have successfully prosecuted numerous securities litigations and class actions on behalf of investors,
9  as detailed in the firms' respective resumes.  *See* Declaration of James M. Lee in Support of Anvari's
10 Motion for Appointment as Lead Plaintiff and Approval of Counsel (Dkt. No. 61-1), Exs. D, E (Dkt.
11 Nos. 61-5, 61-6).  As a result of the firms' extensive experience in litigation involving issues similar
12 to those raised in this action, counsel for Mr. Anvari have the skill and knowledge that will enable
13 them to prosecute this action effectively and expeditiously.  Thus, the Court may be assured that by
14 approving Mr. Anvari's selection of counsel, the members of the Class will receive the highest caliber
15 of legal representation.

16 **VIII.  CONCLUSION**

17      For the foregoing reasons and the reasons set forth in his opening memorandum of law, Mr.
18 Anvari respectfully requests that the Court issue an Order (1) appointing Arman Anvari as Lead
19 Plaintiff; (2) approving LTL Attorneys LLP and Hung G. Ta, Esq., PLLC as Co-Lead Counsel for
20 the Class; and (3) granting such other relief as the Court may deem to be just and proper.

21 Date: February 8, 2018                                    LTL ATTORNEYS LLP

23                                                          By:  *s/Enoch H. Liang*
24                                                               Enoch H. Liang
                                                                 LTL ATTORNEYS LLP
25                                                               601 Gateway Boulevard, Suite 1010
                                                                 South San Francisco, California 94080
26                                                               Tel:  650-422-2130
                                                                 Fax: 213-612-3773
27                                                               enoch.liang@ltlattorneys.com

8

MEMORANDUM OF POINTS AND AUTHORITIES OF ARMAN ANVARI IN OPPOSITION TO
COMPETING MOTIONS FOR LEAD PLAINTIFF AND APPROVAL OF COUNSEL
3:17-CV-07095-RS

| | |
|---|---|
| 1 | |
| 2 | James M. Lee |
|   | Caleb H. Liang |
| 3 | LTL ATTORNEYS LLP |
|   | 300 S. Grand Ave., 14th Floor |

James M. Lee
Caleb H. Liang
LTL ATTORNEYS LLP
300 S. Grand Ave., 14th Floor
Los Angeles, California 90071
Tel:  213-612-8900
Fax:  213-612-3773
james.lee@ltlattorneys.com
caleb.liang@ltlattorneys.com

Hung G. Ta
JooYun Kim
Natalia D. Williams
HUNG G. TA, ESQ., PLLC
250 Park Avenue, 7th Floor
New York, New York 10177
Tel: 646-453-7290
Fax: 646-453-7289
hta@hgtlaw.com
jooyun@hgtlaw.com
natalia@hgtlaw.com

*Proposed Co-Lead Counsel for Movant Arman Anvari and the Class*

9

MEMORANDUM OF POINTS AND AUTHORITIES OF ARMAN ANVARI IN OPPOSITION TO COMPETING MOTIONS FOR LEAD PLAINTIFF AND APPROVAL OF COUNSEL
3:17-CV-07095-RS