REES F. MORGAN (State Bar No. 229899)
DAVID C. BEACH (State Bar No. 226972)
COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000
San Francisco, California 94104-5500
Telephone: 415.391.4800
Facsimile: 415.989.1663
Email:   ef-rfm@cpdb.com
         ef-dcb@cpdb.com

Attorneys for Defendant
Guido Schmitz-Krummacher

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| BRUCE MACDONALD, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DYNAMIC LEDGER SOLUTIONS, INC., a Delaware corporation, TEZOS STIFTUNG, a Swiss foundation, KATHLEEN BREITMAN, an individual, ARTHUR BREITMAN, an individual, TIMOTHY COOK DRAPER, an individual, DRAPER ASSOCIATES, JOHANN GEVERS, DIEGO PONZ, GUIDO SCHMITZ-KRUMMACHER, BITCOIN SUISSE AG, NIKLAS NIKOLAJSEN and DOES 1-100, INCLUSIVE,<br><br>Defendants. | Case No. 3:17-cv-07095-RS<br><br>**STIPULATION AND [PROPOSED] ORDER EXTENDING TIME FOR DEFENDANT GUIDO SCHMITZ-KRUMMACHER TO RESPOND TO THE COMPLAINT** |

17343.001 4832-3037-0143.1                    1                        3:17-cv-07095-RS

**STIPULATION AND [PROPOSED] ORDER EXTENDING TIME FOR DEFENDANT GUIDO SCHMITZ-KRUMMACHER TO RESPOND TO THE COMPLAINT**

Pursuant to Local Rules 6-2 and 7-12, Plaintiff and Defendant Guido Schmitz-Krummacher ("Schmitz-Krummacher"), through their counsel, submit the following Stipulation and [Proposed] Order Extending Time For Defendant Guido Schmitz-Krummacher to Respond to the Complaint:

WHEREAS, Plaintiff commenced the above-captioned action (the "Instant Action") on December 13, 2017;

WHEREAS, on December 14, 2017, the Instant Action was deemed related to the action entitled *GGCC, LLC v. Dynamic Ledger Solutions, Inc*., 3:17-cv-06779 [ECF No. 6], which itself had been deemed related to *Okusko v. Dynamic Ledger Solutions, Inc*., 17-cv-06829 [*GGCC*, ECF No. 11] (together, the "Related Actions") and motions are pending to consolidate the Instant Action with the Related Actions;

WHEREAS on December 14, 2017, Plaintiff filed an ex parte application asking the Court to approve electronic service of defendants Tezos Stiftung, Johann Gevers, Diego Fernandez, Mr. Schmitz-Krummacher, Bitcoin Suisse AG, and Niklas Nikolajsen and the Court thereafter entered an Order approving that request (the "Order") (ECF Nos. 11, 12);

WHEREAS Plaintiff and Mr. Schmitz-Krummacher have met and conferred regarding the topic of service and the deadline for Mr. Schmitz-Krummacher to answer, move to dismiss, or otherwise respond to the Complaint;

WHEREAS to avoid motion practice with respect to the Order or the issue of service more generally, Mr. Schmitz-Krummacher has agreed to waive service of the Summons and Complaint and has agreed not to contest the validity of such service;

WHEREAS in exchange for Mr. Schmitz-Krummacher's agreement to waive service of the Summons and Complaint, Plaintiff has agreed to join Mr. Schmitz-Krummacher in requesting that the Court vacate that portion of the Order that allowed for him to be served electronically;

Whereas on February 15, 2018, Plaintiff and Defendants Dynamic Ledger Solutions, Inc. , Tezos Stiftung , Kathleen Breitman, Arthur Breitman , Timothy Draper, Draper Associates V Crypto LLC, Johann Gevers, Diego Olivier Fernandez Pons, Bitcoin Suisse AG, and Niklas Nikolajsen, through their counsel, stipulated and the Court ordered that the deadline for those

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

1  Defendants to answer, move to dismiss, or otherwise respond to the Complaint shall be 30 days
2  after the Court appoints a lead plaintiff and lead counsel in the Related Actions, and lead plaintiff
3  files and serves a consolidated complaint or a notice stating that lead plaintiff designates a
4  previously filed complaint as operative, or as otherwise ordered by the Court in the Related
5  Actions;

6  WHEREAS, the current deadline for the defendants in the Related Actions to answer,
7  move to dismiss, or otherwise respond to the complaints is similarly 30 days after the Court
8  appoints a lead plaintiff and lead counsel therein, and lead plaintiff files and serves a consolidated
9  complaint or notice stating that lead plaintiff designates a previously filed complaint as operative
10 [*GGCC*, ECF Nos. 21, 66; *Okusko*, ECF Nos. 18, 25, 38];

11  WHEREAS, lead plaintiff applications have been filed in the *GGCC* action, with various
12 parties taking differing positions on the appointment of lead plaintiff, the appointment of lead
13 plaintiffs' counsel, and consolidation of various actions;

14  WHEREAS, Mr. Schmitz-Krummacher does not consent to, and in fact contests, the
15 Court's exercise of personal jurisdiction over him as well as the propriety of venue of the Instant
16 Action;

17  WHEREAS, Mr. Schmitz-Krummacher anticipates moving to dismiss any operative
18 complaint in the Instant Action and, to the extent that he is named therein, any of the Related
19 Actions;

20  WHEREAS, the Plaintiff and Mr. Schmitz-Krummacher agree that, regardless of how the
21 Court rules on the motions regarding appointment of lead plaintiff and lead plaintiffs' counsel and
22 for consolidation, it would promote efficiency and economy to brief motions to dismiss in all
23 actions on one schedule;

24  NOW, THEREFORE, in consideration of the foregoing and in the interest of judicial
25 economy and good cause shown, Plaintiff and Mr. Schmitz-Krummacher stipulate, subject to the
26 approval of the Court, the following:

27  1.  That the Court vacate that portion of the Order that allows for Mr. Schmitz-
28      Krummacher to be served electronically.

2. The deadline for Mr. Schmitz-Krummacher to answer, move to dismiss, or otherwise respond to the Complaint shall be 30 days after the Court appoints a lead plaintiff and lead counsel in the Related Actions and lead plaintiff files and serves a consolidated complaint or a notice stating that lead plaintiff designates a previously filed complaint as operative, or as otherwise ordered by the Court in the Related Actions.

3. Nothing in this stipulation constitutes a waiver by Plaintiff of any right to seek any discovery or by Mr. Schmitz-Krummacher of his rights to object to or oppose any such application for discovery.

4. Nothing in this stipulation constitutes either a waiver by Mr. Schmitz-Krummacher of any defenses, including lack of personal jurisdiction and venue, or a general appearance.

5. Nothing in this stipulation shall prejudice the right of any party to seek further extensions of time to respond to the Complaint.

**IT IS SO STIPULATED.**

DATED: March 14, 2018        COBLENTZ PATCH DUFFY & BASS LLP

By:   /s/*David C. Beach*
      David C. Beach
      Attorneys for Defendant
      Guido Schmitz-Krummacher

DATED: March 14, 2018        HAGENS BERMAN SOBOL SHAPIRO LLP

By:   /s/*Danielle Smith*
      Danielle Smith (291237)
      Attorneys for Attorneys for Plaintiff

**FILER'S ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, David C. Beach, attest that concurrence in the filing of this JOINT STIPULATION AND [PROPOSED] ORDER EXTENDING TIME TO RESPOND TO THE COMPLAINT TO COORDINATE WITH RELATED CASES has been obtained from each of the other signatories.

Executed this March 14, 2018, at San Francisco, California.

/s/*David C. Beach*
David C. Beach

PURSUANT TO THE STIPULATION, IT IS SO ORDERED.

DATED: _____, 2018

_____
THE HONORABLE RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE